

**U.S. Department of Justice**

Antitrust Division

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/2012

Mark W. Ryan
Direct Dial: (202) 532-4753
e-mail: mark.w.ryan@usdoj.gov

950 Pennsylvania Avenue, NW
Suite 3109
Washington, DC 20530

July 11, 2012

BY ELECTRONIC MAIL

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *U.S. v. Apple, Inc., et al*, No. 12-cv-2826 (DLC)

Dear Judge Cote:

    The United States respectfully submits this response to Mr. Kohn's July 9, 2012 letter.

    To begin with, the United States fully intends to publish all of the more than 800 comments it has received relating to the proposed consent judgment pending before Your Honor. We are working expeditiously to do so. Consistent with the Court's June 11, 2012 Order, the comments will be posted on the Antitrust Division's website rather than printed in the *Federal Register*. Simultaneous with the posting of the comments, the United States will post its detailed response to the comments, provide copies of the comments and response to the Court, and publish the response in the *Federal Register* with directions to the website where the comments may be viewed. Approximately two weeks later, on or before the August 3, 2012, the United States will move the Court to enter the proposed judgment. The Court has established a briefing schedule for the defendants to respond to the motion and for the United States to file a subsequent reply memorandum.

    This timetable is consistent with the purposes of the Tunney Act and results in no conceivable harm to Mr. Kohn or any other member of the public, or to any actual party to the proceedings. Mr. Kohn's request for entry of his Proposed Order should therefore be denied.

    Mr. Kohn's suggestion that publication must occur on the last day of the comment period makes no sense and would interfere with a complete and orderly publication and consideration of all public comments. This is because it is typical for many comments to arrive at the very end or just after the expiration of the comment period. That is what happened here. As many as half of the over 800 comments sent to the United States arrived within a few days of or after the comment deadline. It would serve no purpose to require the United States to publish comments,

much less its response to comments, without affording the United States time to read and evaluate all comments. Section 16(d) of the Act itself specifically permits the United States to seek additional time to consider comments. The United States did precisely that during the April 18, 2012 conference, noting that it would need a minimum of one month following the end of the comment period to get its submission (including the comments) compiled and filed with the Court. The Court granted our request for additional time to prepare and file our submission, and we are aware of no authority that the Court could not do so. Mr. Kohn's reliance on *U.S. v. Bechtel*, 648 F.2d 660 (9th Cir. 1981), is misplaced for several reasons, including among others, that the court there observed the government had not sought court permission for an extension and that there was a delay of over a year between the expiration of the comment period and the motion for entry of the consent decree. And even then the court rejected a claim by a party to the decree that there was any prejudice from the delay. *Id.* at 664. Mr. Kohn, of course, is not a party here and his suggestion of prejudice is wholly implausible.

Nor is it even possible, as Mr. Kohn would like, for the United States immediately to publish all comments online. Rather, the United States must first render all comments into common readable electronic files and then, under the Rehabilitation Act Amendments of 1998, 29 U.S.C. § 794d, ensure that all those materials are accessible to the disabled. (For instance, under the Amendments, any graphic image, including pictures and stylized script of the type common in letterhead, must be individually described.) Only once those comments have been properly processed can the United States electronically publish them, seek *Federal Register* publication of the web address where the comments can be found, and move to enter the proposed judgment. For efficiency purposes, the United States consistently has published both the comments received and its response simultaneously. The United States is not aware of any instance in which a court has required the United States to publish the comments received in advance of the response.

Respectfully Submitted,

/s/ Mark W. Ryan

Mark W. Ryan

cc:    Provided electronically to Mr. Bob Kohn, as well as all parties in this action.

2