**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPLE, INC.,
HACHETTE BOOK GROUP, INC.,
HARPERCOLLINS PUBLISHERS, L.L.C.,
VERLAGSGRUPPE GEORG VON HOLTZBRINCK GMBH,
HOLTZBRINCK PUBLISHERS, LLC d/b/a MACMILLAN,
THE PENGUIN GROUP, A DIVISION OF PEARSON PLC,
PENGUIN GROUP (USA), INC., and
SIMON & SCHUSTER, INC.,

Defendants.

Civil Action No. 12-CV-2826 (DLC)

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiff United States of America ("United States") respectfully submits this memorandum in support of its motion for entry of Final Judgment with respect to Defendants Hachette Book Group, Inc., HarperCollins Publishers, L.L.C., and Simon & Schuster, Inc. (collectively "Settling Defendants"), pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("Tunney Act"). Simultaneously with its motion, the United States is filing a Certificate of Compliance, attached as Exhibit 1 to the Declaration of Stephanie A. Fleming. ("Decl."), certifying that the parties have complied with all applicable provisions of the Tunney Act. As detailed in the United States' Response to Public Comments (Docket No. 81), the

proposed Final Judgment (Docket No. 4), a copy of which is attached as Decl. Ex. 2, satisfies the "Public Interest" standard for review of a consent decree in an antitrust action. Further, there is no "just reason for delay" that would warrant denying entry of the decree under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 54(b).

## I. BACKGROUND AND COMPLIANCE WITH THE TUNNEY ACT

On April 11, 2012, the United States filed a civil antitrust Complaint alleging that Apple, Inc. ("Apple") and five of the six largest publishers in the United States ("Publisher Defendants") engaged in a conspiracy to fix prices in the sale of electronic books ("e-books"), in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. This conspiracy resulted in higher consumer prices for e-books than would have been possible absent collusion. Compl. (Docket No. 1) ¶ 8. On the same day the Complaint was filed, the United States filed a proposed Final Judgment with respect to Settling Defendants. (Docket No. 4). The proposed Final Judgment will end Settling Defendants' participation in the collusion alleged and begin to restore competitive conditions to the e-book marketplace.

The United States and Settling Defendants have stipulated that the proposed Final Judgment may be entered after compliance with the requirements of the Tunney Act. As set forth in its Certificate of Compliance, the United States confirms that all such requirements have been satisfied.

## II. THE PROPOSED FINAL JUDGMENT SATISFIES THE "PUBLIC INTEREST" STANDARD UNDER THE TUNNEY ACT

The United States submits that the proposed Final Judgment is an appropriate remedy to the harm alleged in the Complaint with respect to Settling Defendants and is within the reaches

of the public interest. *See* 15 U.S.C. § 16(e); *see also United States v. Microsoft Corp.*, 56 F.3d 1448, 1461 (D.C. Cir. 1995) ("Giving due respect to the Justice Department's perception of the market structure and its view of the nature of its case . . . the remedies were not so inconsonant with the allegations charged as to fall outside of the 'reaches of the public interest.'"); *United States v. Alex. Brown & Sons, Inc.*, 963 F. Supp. 235, 238 (S.D.N.Y. 1997) ("The Court's function is not to determine whether the proposed Decree results in the balance of rights and liabilities that is the one that will *best* serve society, but only to ensure that the resulting settlement is 'within the *reaches* of the public interest.'" (quoting *Microsoft*, 56 F.3d at 1460)), *aff'd sub nom., United States v. Bleznak*, 153 F.3d 16 (2d Cir. 1998). A detailed discussion of the relevant case law and facts in support of this conclusion may be found in the United States' Response to Public Comments (Docket No. 81), which is herein incorporated by reference.

## III. THERE IS NO JUST REASON FOR DELAY IN ENTERING THE PROPOSED FINAL JUDGMENT

Since the proposed Final Judgment does not apply to all defendants in this action, it may be entered only if the Court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). That determination is "left to the sound judicial discretion of the district court," considering "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen'l Elec. Co.*, 446 U.S. 1, 8 (1980); *accord O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 40-41 (2d Cir. 2003) ("The matter of whether to direct the entry of a partial final judgment in advance of the final adjudication of all of the claims in the suit must be considered in light of the goal of judicial economy as served by the 'historic federal policy against

piecemeal appeals.'" (quoting *Curtiss-Wright*, 446 U.S. at 8)). In this case, these factors weigh decisively in favor of entering the proposed Final Judgment.

The proposed Final Judgment resolves the claims against Settling Defendants and there is nothing further for the Court to adjudicate with respect to them. Moreover, there is no risk of piecemeal appeals, as none of the Settling Defendants has preserved the right to appeal from the proposed Final Judgment, which must be "unequivocally" reserved, and cannot be presumed. *New York ex. rel. Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 69 (2d Cir. 1996) ("Appeal from a consent judgment is generally unavailable on the ground that the parties are deemed to have waived any objections to matters within the scope of the judgment."); *see also LaForest v. Honeywell Int'l, Inc*., 569 F.3d 69, 73 (2d Cir. 2009) ("[F]or a party to consent to a judgment and still preserve his right to appeal, he must reserve that right unequivocally, as it will not be presumed.").

Further, prompt entry of the proposed Final Judgment will benefit consumers by ending Settling Defendants' Apple Agency Agreements and ensuring that Settling Defendants cannot impose, in contracts with e-book retailers, the same collusively established terms that produced higher e-book prices.[1] Delaying entry to accommodate a hearing under the Tunney Act, for instance, regarding a decree that resolves the dispute with respect to Settling Defendants, would

[1] While Settling Defendants have agreed to be bound by the proposed Final Judgment until it is entered by the Court, *see* Stipulation (Docket No. 4) ¶ 3, several key provisions do not take effect until entry of the decree. For instance, Section IV.A of the proposed Final Judgment requires termination of the Apple Agency Agreements "[w]ithin seven days after entry of this Final Judgment." Decl. Ex. 2.

also threaten to interfere with orderly discovery in the ongoing litigation.[2] In contrast, entry may provide certainty to Settling Defendants, retailers, and the public at large. In addition, entry likely will reduce the litigation expenses of Settling Defendants that have been acting under a stay of discovery premised on entry of this decree and other proposed settlements. In similar government antitrust actions, district courts have directed entry under Rule 54(b) of consent decrees involving fewer than all parties. *See, e.g.*, *New York v. Microsoft Corp.*, 231 F. Supp. 2d 203, 204-05 & n.1 (D.D.C. 2002); *United States v. Am. Exp. Co.*, No. 10-CV-4496, 2011 WL 2974094 at *4 (E.D.N.Y. July 20, 2011); *Alaska v. Hoffmann La Rouche, Inc.*, No. CIV. A. 01 1583, 2001 WL 1230932 at *2 (D.D.C. Aug. 3, 2001); *New York v. Am. Med. Ass'n.*, Civil Action No. 79 C 1732, 1980 WL 1869 at *1 (E.D.N.Y. June 9, 1980); *United States v. Bristol-Myers Co.*, 82 F.R.D. 655, 660-64 (D.D.C. 1979).[3]

## IV. CONCLUSION

For the reasons set forth in this Memorandum and the United States' Response to Public Comments, the United States respectfully requests that the Court enter the proposed Final Judgment without further hearing.[4]

---

[2] This issue is discussed in greater detail in the United States' Response (Docket No. 81), Section V.B.1.c, pp. 31-33 ("The Complaint Provides Sufficient Factual Support for Entry . . . and Delay Will Extend Harm.").

[3] Rule 54(b) consent judgments involving fewer than all parties also have been entered in other types of government enforcement actions. *See, e.g.*, *SEC v. Simone*, Civ. No. 07-3928, 2008 WL 3929461 at *2 (E.D.N.Y. July 30, 2008) (decree entered in a securities fraud enforcement action); *United States v. Cannons Eng'g Corp*., 720 F. Supp. 1027, 1052-53 (D. Mass. 1989) (CERCLA enforcement action).

[4] A native version of the proposed Final Judgment has been provided to the Clerk of Court.

Dated: August 3, 2012

Respectfully submitted,

/s/

Mark W. Ryan
Stephanie A. Fleming
Lawrence E. Buterman
Laura B. Collins
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 4000
Washington, DC 20530
(202) 532-4753
Mark.W.Ryan@usdoj.gov

*Attorneys for Plaintiff United States of America*

**CERTIFICATE OF SERVICE**

I, Stephanie A. Fleming, hereby certify that on August 3, 2012, I caused a copy of the United States' Memorandum in Support of the United States' Motion for Entry of Final Judgment to be served by the Electronic Case Filing System on all parties to this action. Additionally, courtesy copies were provided electronically to the following individuals:

For the State of Connecticut:
W. Joseph Nielsen
Assistant Attorney General
Antitrust Division
Office of the Attorney General
55 Elm Street
Hartford, CT 06106
(860) 808-5040
Joseph.Nielsen@ct.gov

For the State of Texas:
Gabriel R. Gervey
Assistant Attorney General
Antitrust Division
Office of the Attorney General of Texas
300 W. 15th Street
Austin, Texas 78701
(512) 463-1262
gabriel.gervey@oag.state.tx.us

For the Private Plaintiffs:
Jeff D. Friedman
Hagens Berman
715 Hearst Ave., Suite 202
Berkeley, CA 94710
(510) 725-3000
jefff@hbsslaw.com

/s/
Stephanie A. Fleming
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 4000
Washington, DC 20530
(202) 514-9228
stephanie.fleming@usdoj.gov

*Attorney for Plaintiff United States of America*