USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/2012

# Bob Kohn

140 E. 28th St.
New York, NY 10016
bob@bobkohn.com
+1-408-602-5646

September 12, 2012

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Re:    *United States, et. al. v. Apple, Inc., et. al.*, Case No. 12-CIV-2826 (DLC)

Dear Judge Cote:

Last evening, I received a copy of your honor's Order dated September 10, 2012, regarding my motions to intervene for the sole purpose of appeal and to stay the Final Judgment. I am writing to respectfully request that you promptly take one of the following actions:

(a) reconsider your denial of my motion to stay, and grant a stay that will continue until you rule upon my motion to intervene,
(b) dispense with the briefing and hearing of my motion to intervene and either
    (i)   summarily grant the motion, or
    (ii)  summarily deny it.

I am concerned that if you do not take any of the above actions <u>by this evening</u>, any appeal of the Final Judgment may effectively become moot—i.e., even if the Court of Appeals reversed the entry of the Final Judgment, consumers will have already suffered substantial, irreversible, harm from the effects of the Final Judgment.

Given that the Final Judgment has been in effect since last Thursday,[1] several operative provisions of the settlement have already gone into both legal and practical effect. For example, I learned yesterday that, presumably as a result of Section B of Section IV (Required Conduct), Amazon.com has already begun selling the e-books of HarperCollins at prices that are below Amazon's marginal cost.[2] Moreover,

---

[1] Entry of Final Judgment, 12-2826 (Docket No. 119). According to the District Court's Opinion & Order dated September 11, 2012, the Final Judgment was "entered" on September 6, 2012. Though Docket No. 118 is dated September 6, 2012, the Final Judgment did not actually appear on Pacer until September 7, 2012, and the docket with respect to No. 118 continues to read to this day, "(Entered 09/07/12)." Since the District Court believes the Final Judgment is entered and effective as of September 6, 2012, I am assuming that it was.

[2] Selling below marginal cost is an activity that the Second Circuit has held is presumed illegal under Section 2 of the Sherman Act. See *Amicus Curiae* Brief of Bob Kohn, Docket No. 110 (September 4, 2012) and proposed *Amicus Curiae* Brief of Bob Kohn, Docket No. 97 (August 13, 2012).

Honorable Denise L. Cote
September 12, 2012
Page -2-

Section IV. A. of the decree states that, "Within seven days after entry of this Final Judgment, each Settling Defendant shall terminate any agreement with Apple relating to the Sale of E-books that was executed prior to the filing of the Complaint." This means that the Settling Publishers are required under the decree to terminate their agency agreements with Apple by tomorrow evening.

I have asked my pro bono counsel to file on my behalf with the Court of Appeals for the Second Circuit an emergency motion to stay the Final Judgment. I have been advised, however, that to do so, your honor must first either grant or deny my motion to intervene. By setting a briefing schedule that does not begin until 4 days after all Settling Publishers must terminate their agreement with Apple, and with the imminent threat that Amazon will widen the scope of its exclusory conduct, any subsequent stay by the Court of Appeals may become equitably moot.

I therefore respectfully request your honor take one of the actions set forth above at your earliest opportunity today. As you can see from the attached draft emergency motion, I am ready to act promptly should you either grant or deny my motion for leave to intervene.

I am mindful of your honor's disagreement with my assertion that the entry of the Final Judgment has set in motion conduct that will inflict great harm to consumers and the public generally. Nevertheless, I greatly respect the degree of effort expended by the Court in reaching its decision.

In your Opinion & Order approving the Final Judgment, you acknowledged that

> In cases where third parties allege that they will suffer harm, at least one circuit has cautioned that a court "might well hesitate before assuming that the decree is appropriate."Microsoft, 56 F.3d at 1462. Given the sheer volume of comments opposing entry of the proposed Final Judgment and the significant harm that these comments fear may result, hesitation is clearly appropriate in this case. And there can be no denying the importance of books and authors in the quest for human knowledge and creative expression, and in supporting a free and prosperous society." (emphasis added).

Hesitation, I submit, is the hallmark of appellate review. The jurisprudential considerations in favor of giving the Second Circuit an opportunity to stay the effect of the Final Judgment are overwhelming in this case.

Your honor, I appreciate that "There is no Frigate like a book,"[3] but to quote another famous poet, John Masefield, "[A]ll I ask is a tall ship and a star to steer her by."[4] Your honor, please allow me to board that ship by denying my motion to intervene forthwith.

Respectfully submitted,

Bob Kohn

cc: Provided by email to the Plaintiff, as well as the Defendants in this action.

---

[3] Emily Dickinson, "There is no Frigate like a Book."
[4] John Masefield, "Sea-Fever."