

U.S. DEPARTMENT OF JUSTICE
Antitrust Division

MARK W. RYAN
Director of Litigation

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/2012
```

*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530-0001*
*(202) 532-4753 / (202) 514-6543 (fax)*
*E-mail: mark.w.ryan@usdoj.gov*

September 13, 2012

BY E-MAIL AND HAND DELIVERY

The Honorable Denise L. Cote
United States District Judge
Daniel P. Moynihan U.S. Courthouse
New York, NY 10007-1312

D 2 F

9/14/12

      Re:   United States v. Apple, Inc., et al., No. 12-cv-2826 (DLC)

Dear Judge Cote:

We write in response to Apple's letter of September 10. The United States objects to Apple's discovery request because it calls for the production of protected attorney work product. Specifically, Apple's Interrogatory 1 (attached as Exhibit 1) asks the United States to cull from our attorneys' notes and recollections of interviews with Amazon employees and identify the facts we now believe are "relevant" to the claims and defenses in this litigation. Apple is free to depose every one of the fourteen Amazon interviewees (all of whom we have identified for Apple), and to take additional discovery from Amazon. Apple may even ask Amazon witnesses about conversations with the government. But Apple is not entitled to invade our work product.

In *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947), and *Upjohn Co. v. U.S.*, 449 U.S. 383, 401 (1981), the Supreme Court made plain that factual information obtained in attorney interviews of potential witnesses is protected work product. As *Hickman* observed: "[n]o legitimate purpose is served" by "forcing an attorney to repeat or write out all that witnesses have told him." 329 U.S. at 512-13 ("[A]s to oral statements made by witnesses to [an attorney], whether presently in the form of his mental impressions or memoranda, we do not believe that any showing of necessity can be made under the circumstances of this case so as to justify production."); *see also Upjohn*, 449 U.S. at 401 (attorney memoranda created based on oral statements "reveal the attorneys' mental processes in evaluating the communications," and are considered protected work product consistent with *Hickman*).[1]

---

[1] The most recent cases to decide this issue held the same way. *See S.E.C. v. NIR Grp., LLC*, 2012 WL 3553416, at *6 (E.D.N.Y. Aug. 17, 2012) (protecting law enforcement agency's notes and interview memos because attorney mental impressions "cannot be adequately extricated from the facts"); *United States v. Blue Cross Blue Shield of Mich.*, No. 2:10-cv-14155-DPH-MKM, slip op. at 5 (E.D. Mich. May 30, 2012) (attached to Apple's letter).

Apple misreads *Hickman* in arguing that it "stands for the limited proposition that 'exact copies' of witness statements and the 'exact provisions' of oral statements or reports may constitute work product." Apple Letter at 2. *Upjohn* specifically held *Hickman* was not so limited. *See* 449 U.S. at 399. In any event, parties may not get around *Hickman* and *Upjohn* by asking for facts learned in interviews rather than interview notes or memoranda themselves. That maneuver is truly "a distinction without a difference." *S.E.C. v. Sentinel Mgmt. Grp., Inc.*, 2010 WL 4977220, at *7 (N.D. Ill. Dec. 2, 2010); *accord F.T.C. v. Hope Now Modifications, LLC*, 2011 WL 2634029, at *5 (D.N.J. July 5, 2011); *cf.* Order, *United States v. Visa USA, Inc.*, No. 98 Civ. 7076 (BSJ), slip op. at 1 (S.D.N.Y. Jan. 27, 1999) (denying defendant's motion to compel disclosure of "interview notes, summaries or transcripts" from investigation) (attached as Exhibit 2); *see also Norwood v. F.A.A.*, 993 F.2d 570, 576 (6th Cir. 1993) ("The work-product privilege simply does not distinguish between factual and deliberative material . . .") (citations omitted).[2]

Read correctly, *Hickman* and *Upjohn* completely bar Apple's ability to obtain the information it seeks here, regardless of any "substantial need." *See Hickman*, 329 U.S. at 513; *Upjohn*, 449 U.S. at 401. That said, Apple has no need whatsoever for a window on the thinking of Justice Department attorneys — and its conspiracy theories about Amazon's involvement in our decision-making process do not provide one. Nonetheless, throughout these proceedings, the United States has provided Apple with non-privileged information relating to Amazon's participation in the investigation. Specifically, the United States: on June 1, voluntarily identified to Apple all fourteen Amazon employees that DOJ spoke with during the investigation; on July 3, made Rule 26(a)(1)(A)(i) disclosures identifying the five people at Amazon likely have discoverable information; and on June 21 and July 27, produced to Apple DOJ's e-mail communications with Amazon during the investigation. The United States also has produced all Amazon documents and data it received during the investigation. As a result, Apple is firmly in a position to conduct targeted discovery and take a reasonable number of depositions in order to obtain all the information to which it is entitled, without piggybacking on the United States' work product. *See Blue Cross*, slip. op. at 6.

While there are a few cases where the Antitrust Division was required to produce information from witness interviews, we respectfully submit that those district courts did not correctly apply *Hickman* and *Upjohn*.[3] In any event, the limited number of Amazon interviewees at issue here (14) distinguishes this case from those. *See U.S. v. Dentsply Int'l, Inc.*, No. 99-5-MMS, slip. op. at 2, 6 (D. Del. June 11, 1999) (184 individuals), *U.S. v. AMR Corp.*, No. 99-1180-JTM, slip. op. at 2 (D. Kan. Feb. 7, 2000) (159 third-party witnesses), and *U.S. v. Dean Foods Co.*, No. 10-CV-59, slip. op. at 2, 5 (E.D. Wis. Oct. 8, 2010) (approximately 170 interviews). In those cases, deposing all of the interviewees was highly impractical. Here, Apple can readily depose all five Amazon employees we have identified as having relevant information or all fourteen Amazon employees we interviewed.

---

[2] Indeed, Apple did request production of the DOJ's interview notes repeatedly and only made the current request after its prior demands were rejected.

[3] This has been acknowledged, both implicitly and explicitly, in the recent decisions in *Blue Cross*, *Sentinel Mgmt.*, and *Hope Now*.

                                          Respectfully submitted,

                                          <u>/s/ Mark W. Ryan</u>
                                          Mark W. Ryan

cc:  All counsel of record