**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-CV-2826 (DLC) |
| v. | ) | |
| | ) | |
| APPLE, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**OPPOSITION OF THE UNITED STATES TO MOTION BY BOB KOHN**
**FOR LEAVE TO INTERVENE**

The United States opposes the motion by Bob Kohn to intervene for purposes of
appealing the Court's September 6, 2012 Order entering the Final Judgment.[1]

**INTRODUCTION**

Mr. Kohn's fundamental objection to the United States' settlement with three publisher
Defendants is plain:  he opposes lower e-book prices for consumers and wishes to preserve the
effects of what he acknowledges was a horizontal price-fixing conspiracy among all Defendants
to raise consumer e-book prices.  Mr. Kohn believes that the Final Judgment should be set aside
because lower prices are contrary to the public interest.  He has already offered these arguments
to the Court, both in a 55-page Tunney Act comment and a five page *amicus* filing (which he
submitted in cartoon form).  Setting aside whether Mr. Kohn's *amicus* filing was a frolic meant

---

[1]  Mr. Kohn also filed a motion seeking a stay, which was denied by this Court on September 10, 2012.

more for his own amusement than to assist the Court in its Tunney Act analysis, his motion to intervene fails on the merits.

Mr. Kohn does not meet the federal standard for permissive intervention in that he has neither "a claim [n]or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).[2]  His only stated interest is as a member of the public who disagrees with the United States' decision to bring this case, disapproves of any settlement, and is dismayed with the defenses offered by Apple and the non-settling publishers.  Clearly, Mr. Kohn believes he knows what is best for the industry and e-book consumers and he wants the Court and the parties to adopt his world view.  That is not a sufficient reason for granting him party status.  "Intervention is not an avenue for advancing the competing agendas of non-parties to a settlement . . . ."  *S.E.C. v. Bear, Stearns & Co.*, No. 03 Civ. 2937 WHP, 2003 WL 22000340, at *2 (S.D.N.Y. Aug. 25, 2003).  Rather, intervention "is a procedural device that attempts to accommodate two competing policies:  efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand."  *U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994).

Granting intervenor status to Mr. Kohn (who acknowledges his actual interest in the case is no different than that of millions of other e-book consumers) will only serve to complicate the litigation and risk delaying its resolution.  His motion should be denied.

---

[2]  Mr. Kohn does not argue that he is entitled to intervene as a matter of right pursuant to Rule 24(a).

I.      **MR. KOHN DOES NOT HAVE A CLAIM OR DEFENSE THAT SHARES WITH THE MAIN ACTION A COMMON QUESTION OF LAW OR FACT**

Under Rule 24(b)(1), a "court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  For purposes of permissive intervention, "an interest in the outcome of litigation is not itself a 'claim or defense.'"  *Stauffer v. Brooks Bros., Inc.*, No. 08-CV-10369 (SHS), 2009 WL 1675397, at *4 (S.D.N.Y. June 15, 2009), *rev'd on other grounds*, 619 F.3d 1321 (Fed. Cir. 2010).  Rather, "[t]he words 'claim or defense' manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit.'"  *Diamond v. Charles*, 476 U.S. 54, 76 (1986) (O'Connor, J., concurring).

Mr. Kohn does not have any claim or defense that shares with the action common questions of law or fact for purposes of Rule 24(b).[3]  Mr. Kohn, of course, is not alleged to have participated in the conspiracy or otherwise to have engaged in any activities that form bases for the claims in the Complaint.  His only interest is as a member of the public who seeks to "present the same defenses that the Defendants presented or are available to the Defendants to present."  Intervention Mem. (Docket No. 115) at 10-11.  The fact that Mr. Kohn enumerates in his papers the allegations of the Complaint that he disagrees with and the affirmative defenses that he would press as a defendant, *see* Intervention Mem. at 11-14, establishes merely that Mr. Kohn is

---

[3]  Nowhere in his motion papers does Mr. Kohn suggest that he has a claim against any defendant, which is unsurprising given that the crux of his efforts to date is to support the Defendants' price-fixing scheme.

sympathetic to the Defendants and believes that he sees winning arguments they are overlooking.[4]

Because Mr. Kohn "asserts no actual, present interest that would permit him to . . . be sued by [the parties to this case], or anyone else, in an action sharing common questions of law or fact with those at issue in this litigation," *Diamond*, 476 U.S. at 77, his intervention is not authorized under Rule 24(b), and should be denied.[5]

## II.   INTERVENTION WILL UNDULY DELAY THE ADJUDICATION OF THE RIGHTS OF THE ORIGINAL PARTIES

Under Rule 24(b)(3), in exercising its discretion whether to grant permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Here, Mr. Kohn's intervention would cause undue delay in this matter. Indeed, delay is an explicit purpose behind his motion. While Mr. Kohn states that he is seeking "leave to intervene for the sole purpose of appeal," Intervention Mem. at 1, he has also filed a motion seeking to stay the Final Judgment pending his anticipated appeal. As this Court noted in rejecting Apple's argument that entry of the Final Judgment should be delayed, "the Government alleges substantial ongoing harm as a result of Settling Defendants' illegal activity"

---

[4] Mr. Kohn's belief that he, "like millions of other consumers, has a direct pecuniary interest in whether the proposed Final Judgment takes effect," Intervention Mem. at 14, is not the same as sharing a defense for purposes of Rule 24(b)(1)(B). *See, e.g.*, *U.S. v. Carrols Dev. Corp.*, 454 F. Supp. 1215, 1221 (N.D.N.Y. 1978).

[5] Moreover, Mr. Kohn has failed to comply with Rule 24(c)'s requirement that he file a pleading setting out the claims or defenses for which intervention is sought. He confusingly states that "[t]hese claims or defenses concerning questions of law or fact in common with the main action are specifically set forth in the accompanying draft pleading submitted pursuant to Rule 24 (c)." Intervention Mem. at 14. But as later admitted on page 17 of his papers, he has filed no such pleading.

and "E-books consumers should not be forced to wait . . . to experience the significant

anticipated benefits of the decree."  Op. & Order (Docket No. 113) at 45.

## III.   <u>MR. KOHN'S INTERVENTION WILL NOT AID THE COURT</u>

Even if Mr. Kohn could meet the requirements for permissive intervention, the United

States submits that his motion should nonetheless be denied because he has failed to "establish

that [his] participation would aid the court."  *Mass. Sch. of Law v. U.S.*, 118 F.3d 776, 783 (D.C.

Cir. 1997).  In that regard, the cases he cites make clear that "[a] private party generally will not

be permitted to intervene in government antitrust litigation absent some strong showing that the

government is not vigorously and faithfully representing the public interest."  *Id.* (quoting *U.S. v.

LTV Corp.*, 746 F.2d 51, 54 n.7 (D.C. Cir. 1984)).  Here, Mr. Kohn points to nothing that might

meet that stringent standard.  In fact, he admits that his appeal will not "hinge upon [] whether

the Department of Justice has 'vigorously and faithfully' represented the interest of consumers."

Intervention Mem. at 3.  This concession alone warrants denial of his motion.

The reality is that Mr. Kohn seeks to appeal in order to challenge the "factual foundation

upon which the government used to identify the alleged 'harms.'"  *Id.*  In other words, Mr. Kohn

wishes to rehash his argument that Defendants' price-fixing conspiracy was not unlawful, and

the United States' contrary assertion calls into question whether the settlements are in the public

interest.[6]  *Id.* at 3-4.  But it is well established that members of the public "are not entitled to

intervene simply to advance their own ideas of what the public interest requires.  In federal

---

[6]  As the United States previously has noted, this simply is Mr. Kohn's way of saying that the United
States cannot settle a case until it proves its case — a position that runs afoul of the well-established
dictate that the United States "need not prove its underlying allegations in a Tunney Act proceeding."  *See
U.S. v. SBC Commc'ns, Inc.*, 489 F. Supp. 2d 1, 20 (D.D.C. 2007); *see also* U.S. Response at 6-8.  As we
have noted, Mr. Kohn's view of the world "would fatally undermine the practice of settling cases and
would violate the intent of the Tunney Act."  *SBC Commc'ns*, 489 F. Supp. 2d at 20.

antitrust litigation, it is the United States, not private parties, which 'must alone speak for the public interest.'" *U.S. v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 648 (D. Del. 1983) (quoting *Buckeye Coal & Ry. Co. v. Hocking Valley Ry. Co.*, 269 U.S. 42, 49 (1925)). "Any disagreement with the wisdom of the United States' decision concerning the adequacy of proposed relief does not indicate inadequate representation of the public interest." *Id.* For these reasons, courts have consistently denied intervention to private parties who seek to intervene to argue that the proper terms for an antitrust settlement should differ from those reached by the United States. *See, e.g.*, *U.S. v. Int'l Tel. & Tel. Corp.*, 349 F. Supp. 22 (D. Conn. 1972); *U.S. v. Auto. Mfrs. Ass'n*, 307 F. Supp. 617 (C.D. Cal. 1969); *U.S. v. Blue Chip Stamp Co.*, 272 F. Supp. 432, 438 (C.D. Cal. 1967). The United States respectfully submits that the result here should be no different.

## CONCLUSION

In the absence of a showing of bad faith or malfeasance by the United States leading to the Final Judgment (a showing Mr. Kohn has not even attempted to make), "it is inappropriate for a court through third-party intervention to force upon the United States the trial of an antitrust case it has already settled." *G. Heileman Brewing Co.*, 563 F. Supp. at 650 (citing *U.S. v. Stroh Brewery Co.*, No. 82-1059, 1982 WL 1861 (D.D.C. June 4, 1982)). Accordingly, and for all the reasons set forth in this Memorandum, the United States respectfully requests that the Court deny Mr. Kohn's motion for intervention.

Dated:  September 17, 2012

<div style="margin-left: 40%;">

Respectfully submitted,


 /s/ Lawrence E. Buterman
Mark W. Ryan
Lawrence E. Buterman
Stephen T. Fairchild
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 4000
Washington, DC 20530
(202) 532-4753
Mark.W.Ryan@usdoj.gov

*Attorneys for Plaintiff United States of America*

</div>

CERTIFICATE OF SERVICE

I, Stephen T. Fairchild, hereby certify that on September 17, 2012, I caused a copy of the Opposition of the United States to Motion by Bob Kohn for Leave to Intervene to be served by the Electronic Case Filing System on all parties to this action.

 /s/ Stephen T. Fairchild
Stephen T. Fairchild
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 4000
Washington, DC 20530
(202) 532-4925
stephen.fairchild@usdoj.gov

*Attorney for Plaintiff United States of America*

8