UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>APPLE, INC., ET AL.,<br><br>        Defendants. | Civil Action No. 12-CV-2826 (DLC) |

## SETTLING PUBLISHERS' MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION BY BOB KOHN FOR LEAVE TO INTERVENE FOR SOLE PURPOSE OF APPEAL

**Table of Contents**

INTRODUCTION ...........................................................................................................1

    I.      Mr. Kohn Does Not Have a Claim or Defense Implicated by this Action ..............1

    II.    The Final Judgment Will Not Implicate Any Claim or Defense that Mr.
          Kohn Might Advance in any Hypothetical Litigation ............................................4

    III.   Mr. Kohn's Interests Are Adequately Represented by the Parties to the
          Litigation.................................................................................................................5

    IV.   Intervention Will Unduly Delay the Adjudication of the Rights of the
          Original Parties .......................................................................................................6

CONCLUSION...............................................................................................................7

Hachette Book Group, Inc., HarperCollins Publishers L.L.C., and Simon & Schuster, Inc. ("Settling Publishers") respectfully submit this memorandum of law in opposition to the motion by Bob Kohn (Dkt #114) to intervene for the sole purpose of appealing the Court's September 6, 2012 Order entering the Final Judgment as to the Settling Publishers (Dkt # 119) ("Final Judgment").

## INTRODUCTION

Mr. Kohn's motion to intervene, solely for purposes of appeal, should be denied because it fails to satisfy the requirements of Rule 24(b). First, the motion fails to proffer any claim or defense of Mr. Kohn relating to this case as required under Federal Rule of Civil Procedure 24(b)(1)(B). Second, even if Mr. Kohn could show a claim or defense that might be implicated, his motion fails to establish that entry of the Final Judgment would have any effect on that claim or defense that would support intervention. Third, there is no reason to permit Mr. Kohn's intervention because his interests are adequately represented by the parties to the litigation, most notably Apple. Fourth, intervention will unduly delay the instant litigation, denying the Settling Publishers the benefits of settlement. For each of these reasons, the Settling Publishers respectfully request that the Court deny Mr. Kohn's motion to intervene.

## I.   Mr. Kohn Does Not Have a Claim or Defense Implicated by this Action

Mr. Kohn does not meet the standard for permissive intervention because he fails to establish that he "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). [1] Although Mr. Kohn seeks to intervene on the stated basis that he shares a defense with the Settling Publishers (Mem. at 10-11), his assertions

---

[1] Mr. Kohn does not argue that he is entitled to intervene as a matter of right pursuant to Rule 24(a).

1

establish that his interest in this case is untethered to any legal claim he might bring or need to

defend.[2]

   Mr. Kohn's motion misapprehends the difference between sharing a defense that, in the

interest of efficiency should be litigated in a single action, and simply having ideas of defenses

the Settling Publishers might have presented, had they not chosen to settle.  He acknowledges as

much when he offers to file an Answer to the Department of Justice's ("DOJ") Complaint

"setting forth potential defenses" to a complaint in which he is not named as a defendant and

could not plausibly be named as a defendant.  As he acknowledges, he is similarly situated to

millions of ebooks purchasing members of the public –  not to the Settling Publishers – the same

consumers the Final Judgment is designed to protect.

   Mr. Kohn failed to satisfy the low burden of pleading a claim or defense implicated in the

"main action" of this case, *see* Fed. R. Civ. P. 24(c).[3]  Instead of describing a claim or defense of

his own, Mr. Kohn instead argues that he "wants to present the same defenses that the

Defendants presented or are available to the Defendants to present."  Mem. at 10-11.  His

assertion that "Movant and other consumers each have quite a number of defenses in common

with the Defendants in the main action" ignores the fact that no party has made claims against

consumers or could conceivably bring claims against consumers.  Mr. Kohn's motion fails at a

fundamental level:  he is not a defendant nor a prospective defendant in any case related to the

---

[2] Mr. Kohn's memorandum does not assert any shared claim implicated by the Proposed Final Judgment; only a defense.

[3] The deficiencies in Mr. Kohn's memorandum supporting intervention are obscured by Mr. Kohn's failure to file a responsive pleading as required under Rule 24(c).  There is no reason to excuse this failure to satisfy a stated requirement of Rule 24(c) and such failure is an independent reason to deny Mr. Kohn's motion to intervene.

"main action" and cannot therefore share a defense that is also implicated by the "main action" against the Settling Publishers.

Although Mr. Kohn's brief demonstrates that he has ties to the book publishing industry and strong interests and views, these views do not make him a potential defendant to claims related to the issues in this case. Instead, Mr. Kohn's motion is only a transparent effort to disrupt settlement. "Intervention is not an avenue for advancing the competing agendas of non-parties to a settlement . . . ." *SEC v. Bear Stearns, & Co.*, No. 03 Civ. 2937, et al., 2003 WL 22000340, at *2 (S.D.N.Y. Aug. 25, 2003). Mr. Kohn seeks to intervene to have the Final Judgment set aside, with the hope that in a resulting trial, Defendants, relying on his arguments, would prevail. But, in the absence of a showing of bad faith or malfeasance by the United States tainting the process leading to the Final Judgment (a showing Mr. Kohn has not even attempted to make), "it is inappropriate for a court through third-party intervention to force upon the United States the trial of an antitrust case it has already settled." *United States v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 650 (D. Del. 1983) (citing *United States v. The Stroh Brewery Co.*, No. 82-1059, 1982 WL 1861 (D.D.C. June 4, 1982)).

It is well established that members of the public "are not entitled to intervene simply to advance their own ideas of what the public interest requires. In federal antitrust litigation, it is the United States, not private parties, which 'must alone speak for the public interest.'" *Id.* at 648 (quoting *Buckeye Coal & Ry. Co. v. Hocking Valley Ry. Co.*, 269 U.S. 42, 49 (1925)). "Any disagreement with the wisdom of the United States' decision concerning the adequacy of proposed relief does not indicate inadequate representation of the public interest." *Id.* For these reasons, courts have consistently denied intervention to private parties who seek to intervene to

3

argue that the proper terms for an antitrust settlement should differ from those reached by the United States. *See, e.g., United States v. Int'l Tel. & Tel. Corp.*, 349 F. Supp. 22, 36 (D. Conn. 1972), *aff'd sub nom. United States v. Nader*, 410 U.S. 919 (1973); *United States v. Automobile Mfrs. Ass'n.*, 307 F. Supp. 617, 619 (C.D. Cal. 1969); *United States v. Blue Chip Stamp Co.*, 272 F. Supp. 432, 438 (C.D. Cal. 1967), *aff'd sub nom. Thrifty Shoppers Scrip Co. v. United States*, 389 U.S. 580 (1968).

Mr. Kohn's attempted misappropriation of Rule 24 to step into the shoes of the Settling Publishers in derrogation of their clear wish to settle is precisely why the Rules apply limitations on who may intervene.

## II.  The Final Judgment Will Not Implicate Any Claim or Defense that Mr. Kohn Might Advance in any Hypothetical Litigation

Entry of the Final Judgment does not implicate any question of fact or law because approval of the Final Judgment under the Tunney Act has narrowly circumscribed precedential or res judicata value. Rule 24(b) seeks to protect intervenors who may be prejudiced by a judicial determination on a "common question of fact or law." Fed. R. Civ. P. 24(b)(1)(B). Neither the Final Judgment, nor the Court's order entering the Final Judgment create a risk that any defenses or claims Mr. Kohn could conceivably articulate would be prejudiced.

Mr. Kohn fails to describe how the Court's approval of a settlement in which the Settling Publishers admit nothing more than the jurisdictional facts could affect any claim or defense that he might later present.  The only additional legal or factual precedential effect beyond the Settling Publishers' admission of the jurisdictional facts is the Court's conclusion that the Final Judgment satisfies the requirements of the Tunney Act.  Although the Court gave careful consideration to the DOJ's explanation of the claims and remedy, the Court's careful

4

consideration of the allegations and proposed remedy have no precedential value other than between the Settling Defendants and the DOJ. *See, e.g.*, Mem at 18 (finding that "[t]he proposed judgment secures a remedy that is closely related to the violations alleged in the Complaint").

In the absence of an articulation of how either of those findings might prejudice a factual or legal aspect of Mr. Kohn's "claims or defenses," he has no basis for intervening.

### III.   Mr. Kohn's Interests Are Adequately Represented by the Parties to the Litigation

In an application for permissive intervention, the Court considers whether the proposed intervenors' interests already are adequately represented in the litigation. *See Gulino v. Bd. of Educ.*, No. 96-cv-08414 (KMW), 2009 WL 2972997, at *3, *4  (S.D.N.Y. Sept. 17, 2009) (denying permissive intervention because movants had the same "'ultimate objective'" in the litigation and did not show "'collusion, adversity of interest, nonfeasance, or incompetence'" on the part of the litigant (citations omitted)); *see also St. John's Univ., N.Y. v. Bolton*, No. 08-cv-5039, 2010 WL 5186823, at *4 (E.D.N.Y. Dec. 10, 2010) (denying permissive intervention where the proposed intervenor's rights were adequately represented), *aff'd*, 450 Fed. App'x. 81 (2d Cir. 2011). Here, Apple adequately represents Mr. Kohn's interests.[4]  Apple opposed the entry of final judgment in multiple submissions and indicated it would appeal the final judgment if it were granted. *See* Apple Opp. Mem. to U.S. Mot. Final Judgment, Case No. 1:12-002826, Aug. 15, 2012, at 5 (Dkt. No. 99); *Apple Inc. 's Tunney Act Public Comment: The Proposed Final Judgment Poses a Significant Threat to Future eBook Competition* (June 25, 2012), *available at* http://www.justice.gov/atr/cases/apple/comments/atc-0703.pdf. Mr. Kohn makes no showing that his interests will not be adequately represented by Apple, and any difference in

---

[4] To the extent Apple chooses not to bring an appeal, that simply represents a sophisticated litigant making a valid litigation strategy judgment and has no impact on whether Mr. Kohn's interests are not already adequately represented by Apple.

motivation is legally irrelevant. *See Gulino*, 2009 WL 2972997, at *4 (movants' "somewhat broader motives for litigating" are insufficent because an "existing party's representation is not inadequate ... 'merely because its motive to litigate is different' from that of the potential intervenor"). This is another basis to deny the motion.

## IV. Intervention Will Unduly Delay the Adjudication of the Rights of the Original Parties

The Court also should deny Mr. Kohn's motion because intervention would cause undue delay in this matter. As this Court noted in its order, "Settling Defendants have elected to settle this dispute and save themselves the expense of engaging in discovery. They are entitled to the benefits of that choice and the certainty of a final judgment." *United States v. Apple, Inc.*, No. 12 Civ. 2826, slip op. at *44-45 (S.D.N.Y. Sept. 5, 2012) (emphasis added). The Settling Publishers have real interests in the entry of the Final Judgment and will incur increased litigation costs as the litigation process is drawn out by Mr. Kohn's ongoing attempts to participate in this litigation.

## CONCLUSION

For the reasons set forth in this Memorandum, the Settling Publishers respectfully request that the Court deny Mr. Kohn's motions for intervention.

Dated:  September 17, 2012

Respectfully submitted,

/s/ Shepard Goldfein
Shepard Goldfein (shepard.goldfein@skadden.com)
Clifford H. Aronson (clifford.aronson@skadden.com)
Paul M. Eckles (paul.eckles@skadden.com)
C. Scott Lent (scott.lent@skadden.com)
**SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP**
Four Times Square
New York, New York  10036-6522
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

*Attorneys for Defendant HarperCollins Publishers
L.L.C.*

Walter B. Stuart
Samuel J. Rubin
**FRESHFIELDS BRUCKHAUS
DERINGER US LLP**
601 Lexington Avenue
New York, New York  10022
Telephone:  (212) 277-4000
Facsimile:  (212) 277-4001
walter.stuart@freshfields.com
samuel.rubin@freshfields.com

James W. Quinn
Yehudah L. Buchweitz
**WEIL, GOTSHAL, & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
james.quinn@weil.com
yehudah.buchweitz@weil.com

Richard S. Snyder
**FRESHFIELDS BRUCKHAUS
DERINGER US LLP**
701 Pennsylvania Ave, Suite 600
Washington, D.C.  20004
Telephone:  (202) 777-4500
Facsimile:  (202) 777-4555
richard.snyder@freshfields.com

Helene D. Jaffe
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036-8299
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900
hjaffe@proskauer.com

Martha E. Gifford
**LAW OFFICE OF MARTHA E. GIFFORD**

7

*Attorneys for Defendants Hachette Book*
*Group, Inc. and Hachette Digital, Inc.*

137 Montague Street #220
Brooklyn, New York 11201
Telephone:  (718) 858-7571
giffordlaw@mac.com

*Attorneys for Defendants Simon & Schuster, Inc. and*
*Simon & Schuster Digital Sales, Inc.*