IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APPLE, INC., )<br>HACHETTE BOOK GROUP, INC., )<br>HARPERCOLLINS PUBLISHERS, L.L.C. )<br>VERLAGSGRUPPE GEORG VON )<br>HOLTZBRINK PUBLISHERS, LLC )<br>    d/b/a MACMILLAN, )<br>THE PENGUIN GROUP, )<br>    A DIVISION OF PEARSON PLC, )<br>PENGUIN GROUP (USA), INC. and )<br>SIMON & SCHUSTER, INC., )<br>)<br>Defendants. )<br>) | Civil Action No.12-CV-2826 (DLC) |

**MEMORANDUM OF LAW IN REPLY TO OPPOSITION OF THE UNITED STATES
TO MOTION BY BOB KOHN FOR LEAVE TO INTERVENE
FOR THE SOLE PURPOSE OF APPEAL**

i

## INTRODUCTION

Bob Kohn, on his own behalf and through his pro bono attorneys, respectfully submits this memorandum in reply to the opposition of the United States to his motion for leave to intervene for the sole purpose of appeal.

Movant submitted a reply brief at Docket No. 130 and was asked to re-file the document due, apparently, to some technical difficulties with the form of the brief. Movant is having trouble precisely pinpointing some of those deficiencies[1], but at the Court's request, Movant re-files this Reply memorandum, which sets forth the key points reflected in Movant's earlier attempted Reply.

---

[1] Movant's pro bono counsel earlier today received the following notice from the court's electronic docketing system: "NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Steven Brower to RE-FILE Document 130 Reply Memorandum of Law in Support of Motion. ERROR(S): Rejected for non-conformance with Local Civil Rules 7.1(a)(2) and 11.1(b). (db) (Entered: 09/21/2012)" Movant wishes to inform the Court that, prior to preparing his brief at Docket No. 130, he checked carefully the local rules. Local Civil Rule 7.1(a)(2) states that the motion must "bear the docket number and the initials of the District Judge…before whom the action or proceeding is pending" The Reply brief at Docket 130, in Movant's view, conformed to this rule. The caption of the brief includes the following: "Civil Action No. 12-CV-2826 (DLC)." Movant is therefore unclear about the technical deficiency raised in this regard. In addition, Rule 11.1(b) states, "(b) The typeface, margins, and spacing of all documents presented for filing must meet the following requirements:  (1) all text must be 12-point type or larger, except for text in footnotes which may be 10-point type; (2) all documents must have at least one-inch margins on all sides; (3) all text must be double-spaced, except for headings, text in footnotes, or block quotations, which may be single-spaced." Movant also believes the Reply brief at Docket 130 materially conforms to Rule 11.1(b). First, most of the words in Movant's custom typeface exceed 12-points, though Movant admits some trouble accurately measuring whether some of the words in the Reply brief truly measure up to 12-points. Movant understands such a requirement appears to be aimed at preventing briefs from otherwise circumventing the Court's page limit, but since the Reply brief at Docket No. 130 was a full three pages shorter than the 10-page limit, Movant did not believe the fact that a few words being under 12-point would constitute a material deficiency. Second, the document contains one-inch margins. Third, Movant grants that he construed, perhaps too liberally, that all of the "dialogue" contained in the Reply as "block quotations" and therefore would comply with single-space requirement. In this regard, Movant notes that Rule 11 applies to "all documents" filed with the court. Thus, Rule 11 also governed his amicus curiae brief at Docket No. 110. That brief was not rejected on the grounds of non-conformance with Rule 11.1(b), and Movant fails to see why the Reply brief would be deemed deficient on the same grounds. Finally, the Committee Note associated with Rule 11 indicates that the Local Civil Rule 11.(b) "is intended to set simple and easily followed minimum standards for legibility of documents filed with the Court." Upon reflection, Movant agrees that some of the words in the brief are difficult to read and he apologizes to the Court for that. Movant appreciates the fact that the Court put this motion on a fast track and perhaps legibility would have benefited from a few additional days of editing and reflection. Be that as it may, Movant re-files the current Reply memorandum and knows no reason why it would be considered in non-conformance with the above local rules.

**REPLY**

I. **MOVANT HAS A CLAIM OR DEFENSE THAT SHARES WITH THE MAIN ACTION A COMMON QUESTION OF LAW OR FACT**

The DOJ cites not one Tunney Act case to support its contention that Movant has no claim or defense that shares with the main action a common question of law or fact. In *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1234-36, n 19 (D.C. Cir. 2004), two trade associations were permitted to intervene for the sole purpose of appeal. Neither of them were "alleged to have…engaged in and activities that form bases for claims" in the Complaint in that case; by the same token, neither trade association could have asserted any valid antitrust claims against Microsoft. Yet both associations were permitted to intervene for the sole purposes of appeal. This was consistent with Judge Wald's view that one seeking to intervene for purposes of appellate review to "correct a district court's 'public interest' determination when the record indicates the determination is contrary to the dictates of the Tunney Act" may be <u>any "non-party well-situated to demonstrate that this is so</u>." *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 785 (D.C. Cir. 1997) (Judge Wald, concurring) ("*MSL*"). See also, *Flying J Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009) ("This requirement is satisfied because the association wants to present the same defense that the defendants presented").

II. **INTERVENTION WILL NOT UNDULY DELAY THE ADJUDICATION OF THE RIGHTS OF THE ORIGINAL PARTIES**

An appeal, while a Final Judgment remains effective pending any reversal or modification, is not a delay of an adjudication. The DOJ should be reminded that the Court denied Movant's motion to stay the execution of the Final Judgment. Order dated September 10, 2012 (Docket No. 111). As the D.C. Circuit stated in *Microsoft*,

> We think it sufficient the consent decree was already in place in the settling states' case when CCIA and SIIA sought intervention in December 2002: Allowing them to appeal from the Tunney Act proceeding will not delay "adjudicat[ing] ... the rights of the original parties," FED. R. CIV. P. 24(b), because the settling states' decree requires Microsoft to conduct itself in the same manner as it must under the decree it entered into with the Government. See *New York v. Microsoft Corp.*, 231 F.Supp.2d 203, 205-06

*Massachusetts v. Microsoft Corp.*, 373 F.3d at 1236 (D.C. Cir. 2004), (D.D.C.2002).

The court continued:

> Nor will the parties be otherwise prejudiced by the intervenors' appeal. CCIA and SIIA had already participated extensively in the proceedings before the district court by submitting public comments in response to the proposed consent decree, see Comments of CCIA (Jan. 28, 2002), 2 J.A. (I) at 455-598; Comments of SIIA (Jan. 28, 2002), 3 J.A. (I) at 990-1057, and appearing as amici in the hearing on the proposed decree, see 3/6/02 pm Tr. at 156-65, 3 J.A. (I) at 1536-45. Because the district court already confronted CCIA's and SIIA's arguments in rendering its decision, there is no reason to fear "issue proliferation," "confusion," "extra cost," or "an increased risk of error," see MSL, 118 F.3d at 782, if the associations are allowed to appeal the district court's public-interest determination. Thus do the unusual procedural and substantive circumstances in this case converge to obviate any undue "delay or prejudice" that might otherwise have attended CCIA's and SIIA's appeal. Accordingly, we reverse the order of the district court denying intervention and permit CCIA and SIIA to intervene for the purpose of appealing the district court's public-interest determination.

Id. As to whether a pleading need be filed under Rule 24, Movant has already addressed this question in his memorandum supporting the motion. Suffice it to add here footnote 19 from *Microsoft* in its entirety:

> [19] The Government and Microsoft claim CCIA and SIIA may not intervene because they did not include with their motion to intervene "a pleading setting forth the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). Neither the Government nor Microsoft explains what type of pleading the would-be intervenors could have filed in a case such as this, where a judgment had already been rendered. In any event, "procedural defects in connection with intervention motions should generally be excused by a court." *McCarthy v. Kleindienst*, 741 F.2d 1406, 1416 (D.C.Cir.1984). The Government acknowledged as much at oral argument, stating, "this Court and other courts have not be[en] hypertechnical, actually, in making sure that ... potential intervenors do file a pleading." The Government and Microsoft make no claim they had inadequate notice of the intervenors' appeal, and we find no reason to bar intervention based solely upon this technical defect, if defect it be.

3

## III.   THE COURT HAS ALREADY FOUND THAT MOVANT WILL AID THE COURT IN ITS PUBLIC INTEREST DETERMINATION

When the Court granted Movant's motion for leave to participate as amicus curiae, the Court, at least implicitly, found that Movant would aid the Court in its public interest determination. Order dated August 28, 2012 (Docket No. 108). Movant is mindful of the Court's disagreement with his contention that the entry of the Final Judgment is not in the public interest, but this does not mean that a contrary point of view does not aid the court in its public interest determination.

The DOJ acknowledged in its Opposition Memorandum (at 5) that Movant is seeking to challenge whether the "factual foundation of the government's decisions are such that government's conclusions regarding the proposed settlement are reasonable." *United States v. Keyspan Corp.*, 783 F. Supp.2d 633 (S.D.N.Y. 2011). This is the standard the government itself put forth as the standard the Court should use in making its public interest determination. The DOJ seems to view Movant's challenge of the government's conclusions as the equivalent of Movant seeking to require the government to "prove its case." This assertion, which the government has used repeatedly in reference to Movant's contentions, is frivolous. If Movant hears it one more time, he may be tempted to write another comic brief (though he promises not to file it with this Court).

Finally, the DOJ contends that Movant is trying to "force upon the United States the trial of an antitrust case it has already settled." Opp at 6. Movant is trying to force an <u>appeal</u> upon the United States, not a trial. Only a Court can force a trial, or a reconsideration of the terms of the Final Judgment, upon the parties in its review of the public interest determination. If the DOJ is contending that the Final Judgment is simply not subject to an appeal, it has not cited any case to that effect.

4

## **CONCLUSION**

Movant is mindful that the Court denied his motion to stay the effect of the Final Judgment. Movant contends that he and the public will suffer serious and irreversible harm if he is unable to promptly initiate an appeal of the entry of Final Judgment during the next few days or weeks, as compliance with the terms of the Final Judgment, in Movant's view, is beginning to have long-term anti-competitive effects in the market for trade e-books. For all these reasons, the Court should grant Movant's motion and permit him to intervene in this case for the sole purpose of promptly appealing the Court's Order and entry of Final Judgment.

Dated: September 21, 2012                         Respectfully submitted,

_____
BOB KOHN
California Bar No. 100793
140 E. 28th St.
New York, NY 10016
Tel. +1.408.602.5646; Fax. +1.831.309.7222
eMail: bob@bobkohn.com


                /s/ Steven Brower
By: _____
    STEVEN BROWER [PRO HAC]
California Bar No. 93568
**BUCHALTER NEMER**
18400 Von Karman Ave., Suite 800
Irvine, California 92612-0514
Tel: +1.714.549.5150
Fax: +1.949.224.6410
Email: sbrower@buchalter.com

*Pro Bono Counsel* to Bob Kohn