USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/12

MEMO ENDORSED

RECEIVED
SEP 21 2012
CHAMBERS OF
DENISE COTE

U.S. DEPARTMENT OF JUSTICE
Antitrust Division

MARK W. RYAN
Director of Litigation

950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
(202) 532-4753 / (202) 514-6543 (fax)
E-mail: mark.w.ryan@usdoj.gov

September 21, 2012

BY E-MAIL

The Honorable Denise L. Cote
United States District Judge
Daniel P. Moynihan U.S. Courthouse
New York, NY 10007-1312

Re: United States v. Apple, Inc., et al., No. 12-cv-2826 (DLC)

Dear Judge Cote:

We write to bring to the Court's attention Apple's failure to date to produce any documents in response to the United States' production demands,[1] and to respectfully request that Apple be ordered to complete its production without further delay.

The United States served its First Set of Requests for Production on Apple on May 21, 2012. Apple has yet to produce a single document in response to the United States' requests. During a September 20, 2012 call, Apple estimated that while it would begin its document production next week with a "sample production," and hoped to complete the process by the end of October, it might not actually be completed until sometime in mid-November. We had anticipated beginning depositions by now, but we believe that it might put us at a serious disadvantage if we were to do so without document discovery.

During these past four months, Apple has delayed production by consistently taking unreasonable positions with respect to discovery issues, dragging out negotiations, and relenting only at the eleventh hour when faced with the imminent prospect of a motion to compel. By way of example, for several weeks, Apple refused to designate Steve Jobs, its former CEO whose statements and e-mails are cited in the Complaint, as a custodian in this litigation.[2] Apple also

---

[1] The only "production" Apple has made since the onset of litigation was its reproduction of the materials it produced during the underlying investigations — and that was pursuant to initial disclosure obligations. Apple also has yet to produce any data — something that other defendants and even third parties have already done.

[2] Just this morning, Apple reneged on a prior commitment (reached after extensive negotiations), and indicated that it would run only limited searches on the full collection of Mr. Jobs's documents.

took a similar position with respect to its current CEO, Tim Cook.

Additionally, Apple has ignored several discovery deadlines. Under Section 6(a)(3) of the Revised Joint Electronic Discovery Submission No. 1 and Proposed Order ("ESI Order") — which Apple executed on July 6 — Apple agreed that by July 31, 2012, it would, *inter alia*: (1) complete its collection of ESI from the custodians identified in its Custodian List and from any additional locations of potential responsive ESI (including shared drives and shared resources); (2) provide a report on its collection, including a tally list of all terms that appear in the collection and the frequency with which the terms appear (both the total number of appearances and the number of documents in which each word appears); and (3) provide a full list of proposed search terms. Apple failed on all three accounts. With respect to its ESI collection, as of July 31, Apple had completed its collection from only three custodians and, as of today (nearly two months after the deadline), to our knowledge has not completed the process. With respect to its obligation to provide a tally list, Apple never provided one and instead indicated, well after it executed the ESI Order, that it was refusing to do so.[3] With respect to its proposed use of search terms, Apple did not provide any such list until August 11.

Most recently, Apple has injected further uncertainty into the production process by backing away from ESI specifications that <u>every other party</u> has agreed to comply with — and that Apple has been aware of for over three months. After staying silent since receiving the specifications in May, on August 17, Apple provided the United States with a "redline" that essentially neutered the document by making the production specifications suggested practices rather than mandatory obligations. At the same time, Apple now refuses to comply with several of the simplest production specifications, including a requirement that it produce its documents using a format for date and time agreed to by all parties, despite the acknowledgment by Apple's technology representative that it is capable of doing so. And, in a case involving contract negotiations, Apple has even indicated it will not produce the hidden text of electronic word processing documents (*e.g.*, Microsoft Word documents), the result of which may be that edits and comments Apple made on certain documents, including the relevant agreements, will be shielded from discovery. All this requires time-consuming and unnecessary negotiations with Apple and, evidently, causes Apple to believe it can delay any document production whatsoever.

As best as we can determine, Apple believes that reasonable and timely compliance with discovery obligations is less important here than in other cases because of pre-complaint investigations by the Department of Justice, the States and European authorities. This, notwithstanding the Court's admonition that Apple was not entitled to a schedule leading to trial that "essentially was premised on gutting the plaintiff's opportunity to take discovery." (6/22/12 Tr. at 24.) While it is uncertain whether Apple's delays have already compromised our ability to conduct full discovery within the allotted time, further Apple footdragging definitely will do so. Accordingly, the United States respectfully requests that the Court order Apple to begin document production immediately and complete production by no later than October 19, 2012.

---

[3] Apple indicated that the proprietary software it had chosen to use for collection purposes was incapable of generating the required tally list and that it would not load all its collected documents into any widely-available system that would allow it to generate such a list.

                                  Respectfully submitted,

                                  /s/ Mark W. Ryan
                                  Mark W. Ryan

cc: All counsel of record

*[Handwritten note:]* The parties shall discuss any remaining objections that Apple has to the requested document production and the date by which Apple's document production shall be substantially complete. If any disputes remain unresolved after those discussions, a telephone conference will be held on October 4 at 10:00 am.

*[Signed]* Denise Cote
Sept. 25, 2012