

**U.S. Department of Justice**

Antitrust Division

---

*Lawrence E. Buterman*
*Direct Dial: (202) 532-4575*
*Fax: (202) 616-8544*
*e-mail: lawrence.buterman@usdoj.gov*

*Liberty Square Building*
*450 5th Street, NW*
*Suite 4000*
*Washington, DC 20530*



October 15, 2012

BY E-MAIL

The Honorable Denise L. Cote
United States District Judge
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re: United States v. Apple, Inc., et al., No. 12-cv-2826 (DLC)

Dear Judge Cote:

  On the October 9, 2012 conference call with the Court, counsel for Penguin and Macmillan suggested that before they could disavow an *Illinois Brick* defense to the putative class claims, they required the United States to provide an answer to an agency-related request for admission that Apple had served on the United States. The request asked the United States to "[a]dmit that Apple is a genuine agent under the Agency Agreements." As the United States explained in its objections and responses to Apple's first requests for admission, Apple's failure to define the term "genuine agent" and to specify which state's (or states') law regarding agency should apply to the request left the United States unable to admit or deny the request. These are not simply technical objections. The term "genuine agent" is not, to our knowledge, an accepted term of art, and state agency laws vary. The United States notes that its objection to that request was served two months ago and no defendant ever raised an issue with the response until the October 9 conference call; nor has any defendant ever sought to remedy the problems with the original request.

  It is frankly unclear to the United States what relevance the "genuine agency" question has to Penguin's and Macmillan's ability to disavow an *Illinois Brick* indirect purchaser defense. Nonetheless, to satisfy Defendants' stated concerns, the United States notes that while it believes that Penguin's and Macmillan's respective January 25, 2010 agreements with Apple are not legitimate, that illegitimacy results from the fact that the agreements, as alleged in the

1

Complaint, were entered into as part of a larger price-fixing conspiracy among Apple and the Publishers. The United States is not asserting a challenge to the validity of those contracts based on specific characteristics of the distribution relationship between Apple and Penguin or Apple and Macmillan.[1]

                                                       Respectfully submitted,

                                                       */s/ L. Buterman*

                                                       Lawrence E. Buterman

---

[1] The United States' position should in no way be viewed as an indication or evidence that these agreements were, in any way, procompetitive.