IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,    Plaintiff,  v.  APPLE, INC., HACHETTE BOOK GROUP, INC., HARPERCOLLINS PUBLISHERS, L.L.C. VERLAGSGRUPPE GEORG VON HOLTZBRINK PUBLISHERS, LLC   d/b/a MACMILLAN, THE PENGUIN GROUP,   A DIVISION OF PEARSON PLC, PENGUIN GROUP (USA), INC. and SIMON & SCHUSTER, INC.,    Defendants. | Civil Action No.12-CV-2826 (DLC) |

**MEMORANDOM IN SUPPORT OF MOTION OF *AMICUS CURIAE* BOB KOHN
TO SUBMIT A 5-PAGE BRIEF *AMICUS CURIAE*
SOLELY TO REPLY TO GOVERNMENT'S RESPONSE TO PUBLIC COMMENTS
ON THE PROPOSED FINAL JUDGMENT WITH THE PENGUIN DEFENDANTS**

## INTRODUCTION

By Order dated August 28, 2012 (12-CV-2826 ECF 108), this Court, pursuant to 15 U.S.C. §16(f)(3), granted leave to Bob Kohn to participate as amicus curiae in this action and to submit a 5-page amicus curiae response to the DOJ's Tunney Act filings. In addition, by Order dated January 7, 2013, this Court granted leave file an amicus curiae brief regarding the Government's proposed schedule for Tunney Act review of the Government's proposed Final Judgment with the Penguin defendants ("Penguin Settlement").

On February 28, 2013, Kohn submitted comments to the Government regarding the Penguin Settlement and such comments were filed with the Court on April 5, 2013 ("Kohn Comments" at http://www.justice.gov/atr/cases/apple/comments1/atc-1000.pdf), together with the Government's response to such comments ("Government Response" at ECF #201). Kohn now requests leave to file an *amicus curiae* brief for the sole purpose of **replying** to the Government Response. Kohn's proposed 5-page *amicus curiae* brief is attached to the accompanying motion. Kohn respectfully submits that the brief *amicus curiae* would be helpful to the Court in evaluating the proposed Penguin Settlement, because it replies to important new statements made by the Government in its response and certain findings by this Court in its Opinion & Order dated September 5, 2012 (ECF #113).

### I. THE TUNNEY ACT SPECIFICALLY EMPOWERS A DISTRICT COURT TO AUTHORIZE THE APPEARANCE OF *AMICUS CURIAE*

Section 16(f)(3) of the Tunney Act specifically empowers the Court, in connection with its public interest determination under Section 16(e), to "authorize full or limited participation in proceedings before the court by interested persons or agencies, including amicus curiae." See, Order, 12-cv-02826-DLC, ECF 108 at 3.

## II. *AMICUS CURIAE* SHOULD BE ALLOWED TO REPLY TO THE GOVERNMENT'S RESPONSE TO PUBLIC COMMENTS

Participation by *amicus curiae* should be allowed if participation is not used merely to repeat arguments and assertions in public comments filed pursuant to 15 U.S.C. §16(b), but rather to *reply* to the memoranda filed by the United States in response to the public comments. *United States v. Microsoft Corp.*, 2002 WL 319366 at 6 (D.C.C. Feb. 28, 2002). In *Microsoft*, Judge Colleen Kollar-Kotelly permitted *amicus curiae* to submit a 25-page memorandum to raise arguments responsive to the government's response to the public comments in that case. The *amicus* in that case had previously submitted to the DOJ a 93-page comment letter, accompanied by a separate economic analysis of the proposed judgment in that case. *Microsoft* at 2.

The district court also permitted the *amicus curiae* memorandum "to raise new issues and arguments which were not raised in [its] comments" submitted with the Justice Department. Id. at 6. In addition, the court permitted *amicus curiae* to address the court in oral argument during its Tunney Act hearing, in which *amicus curiae* was allowed to "use this time to address issues not previously raised in its comments and/or to emphasize the most significant issues raised in its comments." Id.

## III. PROPOSED BRIEF *AMICUS CURIAE* CORRECTS MISLEADING STATEMENTS OF LAW AND CONTENDS THAT CERTAIN STATEMENTS IN THE GOVERNMENT'S RESPONSE FURTHER DEMONSTRATES THE SETTLEMENT IS NOT IN THE PUBLIC INTEREST

The accompanying proposed *amicus curiae* brief does not repeat the arguments detailed in Kohn's Comments. Rather the brief is entirely focused on *replying* to the Department of Justice's response to such comments. Such reply is necessary (a) to correct misleading statements of law contained in the Government's response and (b) to show how a new admission

in the Government's Response actually helps demonstrate that the proposed Penguin Settlement is not in the public interest.

## CONCLUSION

To assist the Court in its determination of whether the proposed Penguin Settlement satisfies the public interest requirements of the Tunney Act, Kohn respectfully requests leave of Court to file the accompanying *amicus curiae* brief. Kohn also request permission to present oral argument at such time and in such manner as the Court may allow.

Dated: April 29, 2013	Respectfully submitted,

_____
BOB KOHN
California Bar No. 100793
140 E. 28th St.
New York, NY 10016
Tel. +1.408.602.5646
Fax. +1.831.309.7222
eMail: bob@bobkohn.com


　　　　　/s/ Steven Brower
By: _____
　　STEVEN BROWER [PRO HAC]
California Bar No. 93568
**BUCHALTER NEMER**
18400 Von Karman Ave., Suite 800
Irvine, California 92612-0514
Tel: +1.714.549.5150
Fax: +1.949.224.6410
Email: sbrower@buchalter.com

*Pro Bono Counsel* to Bob Kohn

3