# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-cv-2826 (DLC) |
| | ) | |
| APPLE INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| THE STATE OF TEXAS; | ) | |
| THE STATE OF CONNECTICUT; et al | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-cv-03394 (DLC) |
| | ) | |
| PENGUIN GROUP (USA) INC. et al, | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] JOINT PRETRIAL ORDER

Pursuant to this Court's June 25, 2012 scheduling order, section IV(C) of the Standing Order for the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York ("Pilot Project Standing Order"), and all other applicable rules and laws, all parties in the above-referenced actions submit this Joint Pretrial Order for the Court's approval.

1

1. **DEFINITIONS**

Throughout this Joint Pretrial Order, the following terms will be used:

(a)    "Actions" refers collectively to both of the above-captioned actions;

(b)    "U.S. Action" refers to United States v. Apple Inc. et al., Civil Action No. 12-cv-2826 (DLC) and "United States" refers to the United States Department of Justice;

(c)    "State Action" refers to Texas et al v. Penguin Group (USA) Inc., et al., Civil Action No. 12-cv-03394 (DLC) and "States" refers to the State Action Plaintiffs;

(d)    "Plaintiffs" refers collectively to all Plaintiff parties in the Actions as of the date of this Joint Pretrial Order and "Plaintiff" refers to any individual member of that group;

(e)    "Defendants" refers collectively to all Defendant parties in the Actions as of the date of this Joint Pretrial Order, and "Defendant" refers to any individual member of that group;

(f)    "Apple" refers to Apple Inc.;

(g)    "Penguin" refers to Penguin Group (USA), Inc.;

(h)    "Settling Publishers" refers to those publishers who were defendants in the U.S. Action and/or the State Action and all claims against whom in both Actions (as applicable) have been settled:  Hachette Book Group, Inc.; HarperCollins Publishers, LLC; Holtzbrinck Publishers, LLC (d/b/a Macmillan); Simon & Schuster, Inc.; Simon & Schuster Digital Sales, Inc.; and Verlagsgruppe Georg

von Holtzbrinck GmbH ("VGvH"); and "<u>Settling Publisher</u>" refers to any individual member of that group;[1]

(i)    "<u>Third parties</u>" refers collectively to persons or entities who were never parties in either of the actions, and "<u>third party</u>" refers to any individual member of that group; and

(j)    For the purposes of this Joint Pretrial Order, the States collectively are a single "party" and a single "Plaintiff."

## 2.    PARTIES & COUNSEL

Lead trial counsel for each party is marked with an asterisk (*).

### U.S. Action

**Plaintiff:  United States of America**

Represented by:  United States Department of Justice, Antitrust Division, 450 Fifth Street NW, Washington, D.C.  20001; at trial, contact at 26 Federal Plaza, Room 3630, New York, NY 10278; fax (212) 335-8021

    *Mark W. Ryan, mark.w.ryan@usdoj.gov, (202) 532-4753
    Lawrence E. Buterman, lawrence.buterman@usdoj.gov, (202) 532-4575
    Carrie A. Syme, carrie.syme@usdoj.gov, (212) 335-8036
    Daniel McCuaig, daniel.mccuaig@usdoj.gov, (202) 307-0520

**Defendant:  Apple, Inc.**

Represented by:  Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY, 10166-0193; telephone (212) 351-4000; fax (212) 351-4035; and O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY, telephone (212) 326-2000; fax (212) 326-2061.

---

[1] The United States recognizes that its claims in the U.S. Action against Penguin and The Penguin Group, a division of Pearson plc, have also settled, and approval of that settlement remains pending as of the date of this Joint Pretrial Order.  To avoid any confusion in this Joint Pretrial Order, Penguin (a non-settling Defendant in the State Action) will be referred to separately from the Settling Publishers.

The parties also recognize that, as of the date of this Joint Pretrial Order, approval of the settlements agreed to by Macmillan and VGvH (its indirect parent company) with the United States and the States remain pending.  If, for any reason, any of those settlements is not approved, the parties will seek to amend this Joint Pretrial Order as necessary.

*Orin Snyder, osnyder@gibsondunn.com, (212) 351-2400
Daniel Floyd, dfloyd@gibsondunn.com, (213) 229-7148
Daniel G. Swanson, dswanson@gibsondunn.com, (213) 229-7430
Cynthia Richman, crichman@gibsondunn.com, (202) 955-8234
Lisa H. Rubin, lrubin@gibsondunn.com, (212) 351-2390
Howard E. Heiss, hheiss@omm.com, (212) 326-2116

## State Action

**Plaintiffs:** The States of Alabama, Alaska, Arizona, Arkansas, Colorado, Connecticut, Delaware, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Michigan, Missouri, Nebraska, New Mexico, New York, North Dakota, Ohio, South Dakota, Tennessee, Texas, Utah, Vermont, West Virginia, and  Wisconsin; the District of Columbia; and the Commonwealths of Massachusetts, Pennsylvania, Puerto Rico, and Virginia.

Represented by:  Office of the Attorney General of the State of Texas, P.O. Box 12548, Austin, TX 78711; fax (512) 320-0975

*Gabriel Gervey, gabriel.gervey@texasattorneygeneral.gov, (512) 463-1262
John Scott, john.scott@texasattorneygeneral.gov, (512) 475-0131
Kim Van Winkle, kim.vanwinkle@texasattorneygeneral.gov, (512) 463-1266
Eric Lipman, eric.lipman@texasattorneygeneral.gov, (512) 463-1579
David Ashton, david.ashton@texasattorneygeneral.gov, 512-936-1781

Represented by:  Office of the Attorney General of the State of Connecticut, 55 Elm Street, Hartford, CT 06106; fax 860-808-5033

Joseph Nielsen, joseph.nielsen@ct.gov, (860) 808-5040
Gary Becker, gary.becker@ct.gov, (860) 808-5040

Represented by: Office of the Attorney General of the State of Ohio, 150 E. Gay Street, 23rd Floor, Columbus, OH 43215; fax (866) 721-2112

Edward J. Olszewski, edward.olszewski@ohioattorneygeneral.gov, (614) 466-4328

Represented by: Office of the Attorney General of the Commonwealth of Virginia, 900 E. Main Street, Richmond, VA 23219; fax (804) 786-0122

Sarah Oxenham Allen, SOAllen@oag.state.va.us, (804) 786-6557

**Defendant:  Apple Inc.** (same as for the U.S. Action)

**Defendant:  Penguin Group (USA) Inc.**

Represented by:  Akin Gump Strauss Hauer & Feld LLP, 1333 New Hampshire Avenue, N.W., Washington, D.C. 20036-1564; phone (202) 887-4000; fax (202) 887-4288

*Daniel F. McInnis, dmcinnis@akingump.com, (202) 887-4000
Larry E. Tanenbaum, ltanenbaum@akingump.com, (202) 887-4000
David A. Donohoe, ddonohoe@akingump.com, (202) 887-4000
Allison Sheedy, asheedy@akingump.com, (202) 887-4000
Carolyn Perez, cperez@akingump.com, (202) 887-4000
Gregory Granitto, ggranitto@akingump.com, (202) 887-4000
Mollie McGowan Lemberg, mmcgowanlemberg@akingump.com, (202) 887-4000

## 3.   JURISDICTION

This Court has subject matter jurisdiction over the U.S. Action under Section 4 of the

Sherman Act, 15 U.S.C. § 4, to obtain equitable relief and other relief to prevent and restrain

violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

This Court has subject matter jurisdiction over the State Action under Section 4 of the

Sherman Act, 15 U.S.C. § 4, to obtain equitable relief and other relief to prevent and restrain

violations of Section 1 of the Sherman Act, 15 U.S.C. § 1; Sections 4c and 16 of the Clayton Act,

15 U.S.C. §§ 15c and 26; and under 28 U.S.C. §§ 1331, 1337, and 1367(a).

No party disputes this Court's subject matter jurisdiction.

## 4.   CLAIMS & DEFENSES; GOVERNING LAW

Claims – U.S. Action

In its Complaint (filed April 11, 2012) the United States asserted one claim against Apple

and that claim remains to be tried.  The United States asserts that Apple and its co-conspirators,

Penguin and the Settling Publishers, engaged in an illegal conspiracy and agreement in

unreasonable restraint of interstate trade and commerce.  The conspiracy and agreement consists

of an understanding and concert of action among Apple and its co-conspirators to raise, fix, and

5

stabilize retail e-book prices, to end price competition among e-book retailers, and to limit retail price competition among the Settling Publishers, ultimately effectuated by collectively adopting and adhering to functionally identical methods of selling e-books and price schedules. The United States asserts that this constitutes a per se violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. In addition, because Apple's conspiracy and agreement has resulted in obvious and demonstrable anticompetitive effects on consumers in the trade e-books market by depriving consumers of the benefits of competition among e-book retailers as to both retail prices and retail innovations, it also constitutes an unreasonable restraint on trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

Defenses – U.S. Action

Apple denies that it has violated Section 1 of the Sherman Act, 15 U.S.C. § 1. Apple asserts that the government has failed to meet its burden of proof under controlling Supreme Court and Second Circuit law—including, for example, *Monsanto Co. v. Spray-Rite Servs. Corp.*, 465 U.S. 752, 764 (1984). Apple did not engage in any conspiracy or agreement of any sort with Penguin and the Settling Publishers to raise retail e-book prices or to limit competition among e-book retailers. Apple made an independent and legitimate business decision to enter the e-book market and to do so using a lawful business model. Apple conducted individual negotiations with Penguin and each of the Settling Publishers to come to an agreement by which Apple would act as a publisher's agent, and the publisher, as the principal, would set the price for each e-book, capped at a maximum price based on the list price of the physical counterpart to the e-book. Apple's agreements with Penguin and each of the Settling Publishers were the result of hard-fought negotiations, reached through compromise and discussion, as is standard in any

business negotiation.  Apple acted at all times in its unilateral, legitimate business interests.
Specifically, Apple denies that competition has been hampered by its entry into the e-book
business; rather, competition on price, selection, and content quality has flourished, along with
technological and retail innovation.

Apple sets forth its current defenses.  Apple reserves the right to supplement its defenses
at any time prior to the deadline by which this Joint Pretrial Order must be submitted to the
Court.

Claims – State Action

In their Second Amended Complaint, filed on May 11, 2012, the Plaintiff States asserted
three Counts that are scheduled go to trial, as to liability and injunctive relief, on June 3, 2013.

Counts I and IV assert that Penguin, along with the Settling Publishers, engaged in an
illegal conspiracy and agreement in restraint of interstate trade and commerce, in violation of
Section 1 of the Sherman Act, 15 U.S.C. § 1, and state law.  The conspiracy and agreement
consisted of an understanding and concert of action by Penguin and the Settling Publishers to
force Amazon and other e-book distributors to raise the price consumers paid for trade e-books.
Plaintiff States assert that this conspiracy and agreement constitutes a per se violation of federal
and state law.  In addition, Plaintiff States assert that, under a rule of reason analysis, because
Penguin and the Settling Publishers' conspiracy and agreement resulted in demonstrable
anticompetitive effects on consumers in the trade e-books market by raising the prices consumers
pay for trade e-books and reducing the output of trade e-books, it constitutes an unreasonable
restraint on trade in violation of federal and state law.

Counts III and IV assert that Apple and Penguin, along with the Settling Publishers, engaged in an illegal conspiracy and agreement in restraint of interstate trade and commerce, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and state law. The conspiracy and agreement consisted of an understanding and concert of action among Apple, Penguin and their co-conspirators to raise, fix, or stabilize retail trade e-book prices, to end price competition among trade e-book retailers, and to limit retail price competition among Penguin and the Settling Publishers, ultimately effectuated by collectively adopting and adhering to functionally identical methods of selling trade e-books and price schedules. Plaintiff States assert that this conspiracy and agreement constitutes a per se violation of federal and state law. In addition, Plaintiff States assert that, under a rule of reason analysis, because Penguin, Apple and the Settling Publishers' conspiracy and agreement resulted in demonstrable anticompetitive effects on consumers in the trade e-books market by raising the prices consumers pay for trade e-books and reducing the output of trade e-books, it constitutes an unreasonable restraint of trade in violation of federal and state law.

Count II of the States' Second Amended Complaint was not asserted against Penguin or Apple and thus need not be tried.

The Plaintiff States respectfully disagree that, prior to the day the parties submitted this Proposed Order, Defendants lacked notice that the Plaintiff States would pursue their state law claims at trial. At no time did the States indicate that they would not pursue these claims at trial. Nonetheless, the States are amenable to a reasonable supplemental briefing schedule for state law claims, should it become necessary, but request that it remain limited in scope and that the Plaintiff States have an opportunity to respond to any defenses raised.

If Plaintiff States are successful in establishing liability as to Penguin and Apple during the June 3 trial, the Court will set a trial date to resolve issues related to monetary relief on Plaintiff States' claims.

<u>Defenses – State Action</u>

<u>Apple's Defenses</u>

Apple denies that it has violated Section 1 of the Sherman Act, 15 U.S.C. § 1, or any state law invoked by the Plaintiff States. Apple asserts that the government has failed to meet its burden of proof under controlling Supreme Court and Second Circuit law—including, for example, *Monsanto*, 465 U.S. at 764. Apple did not engage in any conspiracy or agreement of any sort with Penguin and the Settling Publishers to raise or alter retail e-book prices or to limit competition among e-book retailers. Apple made an independent and legitimate business decision to enter the e-book market and to do so using a lawful business model. Apple conducted individual negotiations with Penguin and each of the Settling Publishers to come to an agreement by which Apple would act as a publisher's agent and the publisher, as the principal, would set the price for each e-book, capped at a maximum price based on the list price of the physical counterpart to the e-book. Apple's agreements with Penguin and each of the Settling Publishers were the result of hard-fought negotiations, reached through compromise and discussion, as is standard in any business negotiation. Apple acted at all times in its unilateral, legitimate business interests. Apple denies that competition has been hampered by its entry into the e-book business; rather, competition on price, selection, and content quality has flourished, along with technological and retail innovation.

Until the day the parties submitted this Proposed Order, Apple was operating under the understanding that the Plaintiff States intended to try their federal claims alone. Contrary to Apple's understanding, the Plaintiff States have now clarified their intent to try the state law claims for injunctive relief under Count IV of their Complaint. In light of this development, the parties agree that Apple may further address the substance of the state law claims, if necessary, through its opposition to the Plaintiff States' pretrial memorandum of law, or through supplemental pre-trial filings, to the extent necessary, to address any unique defenses to those claims.

Apple sets forth its current defenses. Apple reserves the right to supplement its defenses at any time prior to the deadline by which this Joint Pretrial Order must be submitted to the Court.

<u>Penguin's Defenses</u>

Penguin contends that it did not violate the Sherman Act as alleged in either Count I (which as noted below fails even to state a claim) or Count III. Specifically, Penguin did not conspire to fix the prices of eBooks with other publishers or with Apple. Penguin, at the invitation of Apple, independently negotiated and ultimately entered into a vertical distribution agreement with Apple. Penguin did so because Apple wanted to open an online bookstore and it needed access to eBooks in order to do so—and not just Penguin's eBook titles, but enough breadth and variety of titles from different publishers in order to have a bookstore where consumers would want to shop. From Penguin's perspective, Apple's technology platform, marketing expertise and its millions of customers presented an opportunity to expand Penguin's distribution and sell more eBooks, and develop and sell new types of enhanced eBooks

compatible with Apple's advanced technology.  Apple, as the evidence will show, wanted to have a profitable business if it was to open an iBookstore—otherwise there would have been no iBookstore.

The form of the vertical relationship—agency—made independent business sense to Penguin.  The agency distribution model has existed for far longer than the federal antitrust laws and has specifically been found by the U.S. Supreme Court to be a legitimate way to do business. The agency distribution model—like vertical distribution agreements generally—has incontrovertible pro-competitive aspects.  It also cannot be discounted that Apple's entry and the adoption of the agency model demolished what was widely recognized in the book industry as a "barrier to entry"—Amazon's business practice of selling certain new release eBooks below-cost for certain periods of time—and prevented Amazon from cementing itself as a monopolist that would continue to dominate the sale of eBooks and eReaders.

A vertical distribution agreement is presumptively pro-competitive.  New entry is presumptively pro-competitive.  Broader distribution is presumptively pro-competitive.  Lower barriers to entry are presumptively pro-competitive.  Penguin contends the evidence will concretely and definitively support the pro-competitive nature of its move to the agency model and support of Apple's entry.   Under the Rule of Reason—the only appropriate standard that may be applied in this case—Plaintiff cannot demonstrate substantial anticompetitive effects that outweigh the positive effects that occurred in promoting enterprise and productivity.

In Penguin's Answer to the Plaintiff States' Second Amended Complaint, filed on June 22, 2012, Penguin further asserted eleven defenses, nine of which remain to be tried. Specifically, Penguin continues to assert the following defenses:

FIRST DEFENSE: The Complaint fails to state a claim against Penguin upon which relief can be granted.  More specifically, Count I fails to state a claim as it alleges no "common scheme" or "collective action."  Moreover, Counts I & III fail to allege a "naked restraint" that may be automatically condemned.

SECOND DEFENSE: States' claims against Penguin are barred because Penguin was not part of any contract, combination, or conspiracy in restraint of trade.

THIRD DEFENSE: States' claims against Penguin are barred because Penguin's alleged actions did not result in any harm to competition.

FOURTH DEFENSE: States' claims against Penguin fail under the rule of reason because the procompetitive justifications for Penguin's alleged actions outweigh any alleged resulting harm to competition.

SEVENTH DEFENSE: States' claims against Penguin are barred because the principal/agent relationship is not an "agreement" as defined by Section 1 of the Sherman Act.

EIGHTH DEFENSE: States' have failed to join all parties necessary for a just and appropriate adjudication of its claims.

NINTH DEFENSE: Penguin's actions were undertaken in good faith to promote legitimate business purposes and in order to and did have the effect of promoting competition.

TENTH DEFENSE: States' claims are barred to the extent they are subject to compulsory arbitration.

ELEVENTH DEFENSE: Penguin reserves the right to amend this Answer, and to assert additional defenses, crossclaims, and third party claims in this action when and if they become appropriate.

Penguin also asserted the following defense to the States' Second Amended Complaint, which are no longer applicable:

FIFTH DEFENSE: States' claims against Penguin are barred by the doctrine of unclean hands.

SIXTH DEFENSE: States' claims against Penguin are barred by the doctrine of laches.

Until the day the parties submitted this Proposed Order, Penguin was operating under the understanding that the Plaintiff States intended to try their federal claims alone.  Contrary to Penguin's understanding, the Plaintiff States have now clarified their intent to try the state law claims for injunctive relief under Count IV of their Complaint.  In light of this development, the parties agree that Penguin may further address the substance of the state law claims, if necessary, through its opposition to the Plaintiff States' pretrial memorandum of law, or through supplemental pre-trial filings, to the extent necessary, to address any unique defenses to those claims.

5.    **TRIAL LENGTH & PROCEDURES**

    (a)    The parties expect that the trial of the Actions (with respect to liability only) will last 3-4 weeks (12-16 trial days).

    (b)    This case is to be tried without a jury.[2]

    (c)    The parties do not consent to trial by a magistrate judge.

    (d)    Opening Statements.  The parties have not reached agreement on the length and division of opening statements.

---

[2] Penguin has objected, and continues to object, to the State Action being tried without a jury.  Penguin filed a Motion for a Jury Trial on the States' Claims on March 15, 2013.  On April 24, 2013, Judge Cote issued an Opinion and Order denying Penguin's motion for a jury trial.

    i.  Plaintiffs' Proposal:  Plaintiffs (collectively) and Defendants (collectively) each may present an oral opening statement of no more than 75 minutes, with the time to be divided between each side by agreement.

    ii.  Defendants' Proposal:  Each Plaintiff may present an oral opening statement of no more than 75 minutes, and each Defendant may present an oral opening statement of no more than 75 minutes.

(e)    Closing Statements.  The parties have not reached agreement on the length and division of closing statements.

    i.  Plaintiffs' Proposal:  Plaintiffs (collectively) and Defendants (collectively) each may present an oral closing statement of no more than 90 minutes, with the time to be divided between each side by agreement.

    ii.  Defendants' Proposal:  Each Plaintiff may present an oral closing statement of no more than 75 minutes, and each Defendant may present an oral closing statement of no more than 75 minutes.

**6.   WITNESSES**

(a)    The parties' respective witness lists, along with brief summaries of each witness's testimony, will be served separately on the same date as this (proposed) Joint Pretrial Order.

(b)    The parties have not reached agreement regarding when to exchange an estimated order of witnesses for their cases-in-chief.

7.   **STIPULATIONS**

(a)   On April 25, 2013, the States, Apple, and Penguin reached a stipulation regarding the sale of e-books to consumers in each of the States, attached hereto as Exhibit A.

(b)   On February 25, 2013, all parties reached a stipulation regarding certain statements that appear in the biography *Steve Jobs*, by Walter Isaacson. The stipulation is attached hereto as Exhibit B.

(c)   All parties stipulate that Plaintiffs' Trial Exhibit PX-0615 is a true, correct, and authentic copy of a video recording of Walter Mossberg interviewing Steve Jobs immediately after the January 27, 2010 launch of the iPad.

(d)   All parties stipulate that any party intending to display or use excerpts from documents or testimony (including for demonstrative use only) during an opening or closing statement must disclose the documents or testimony to all other parties by 6:00 p.m. two days prior. Documents pre-marked as trial exhibits may simply be referred to by trial exhibit number. Any party objecting to the use of the document or testimony must do so promptly and, if the matter cannot be resolved by the parties through meet-and-confer, must promptly raise the matter with the Court.

(e)   The parties continue to discuss additional potential stipulations of fact regarding the authenticity of telephone records and the identity of certain individuals and their corporate affiliations. If those stipulations are finalized before trial, the parties will submit them to the Court.

15

8.    **SETTLEMENT/MEDIATION**

Pursuant to section IV(C)(10) of the Pilot Project Standing Order, the Plaintiffs and

Penguin report that they have participated in mediation conferences with the Honorable Kimba

Wood, as well as private settlement discussions.  As a result, the United States reached

settlements with Penguin and The Penguin Group, a division of Pearson plc.  In addition, the

United States and Apple discussed potential settlement, unsuccessfully, in November 2012.  The

outcome of those settlement discussions does not impact the claims or the defenses asserted in

either of the Actions, as stated above in section 4.

9.    **DEPOSITION DESIGNATIONS**

Pursuant to the Court's request, the parties have attached charts showing the page and

line number of their designations and counterdesignations of deposition testimony in the Actions

(Exhibit C).  The parties will separately submit to the Court copies of the designated testimony.

10.    **TRIAL EXHIBITS**

The parties will separately submit to the Court their trial exhibit lists and copies of trial

exhibits, which also indicate objections made to certain exhibits by the other parties.  Section

IV(c)(3) of the Pilot Project Standing Order is applicable to this case (Docket No. 2), and directs

the parties to state specific grounds for any objections to an opposing party's exhibits, "other

than on grounds of relevancy."  The parties have already met and conferred over these objections

and have expressed an interest in continuing to work to limit or narrow their objections,

including by, potentially, agreeing to stipulate that certain documents constitute business records.

Exhibit A:  Stipulation Regarding Penguin's Sales of E-Books
Exhibit B:  Stipulation Regarding Statements in Walter Isaacson's Biography of Steve Jobs
Exhibit C:  Parties' Charts of Deposition Designations and Counterdesignations

**SO ORDERED:**

_____

Denise M. Cote
United States District Judge


**STIPULATED AND AGREED TO:**

Dated: April 26, 2013           By:   _Carrie A. Syme_

                                        Mark W. Ryan
                                        Lawrence E. Buterman
                                        Carrie A. Syme
                                        Daniel McCuaig
                                        U.S. Department of Justice
                                        Antitrust Division
                                        450 Fifth Street, NW, Suite 4000
                                        Washington, DC 20530
                                        (202) 532-4753
                                        mark.w.ryan@usdoj.gov

                                        *On behalf of the United States*

By: _____

Eric Lipman (EL6300)
Gabriel Gervey
David Ashton
Assistant Attorneys General
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711
(512) 463-1579
eric.lipman@texasattorneygeneral.gov

*On Behalf of the Plaintiff States*

By:

W. Joseph Nielsen
Gary M. Becker (GB8259)
Assistant Attorneys General
Office of the Attorney General of Connecticut
55 Elm Street
Hartford, CT 06106
(860) 808-5040
Joseph.Nielsen@ct.gov

*On Behalf of the Plaintiff States*

By: _____
Daniel Ferrel McInnis
Larry E. Tanenbaum
David A. Donohoe
Allison Sheedy
Carolyn Perez
Gregory Granitto
Mollie McGowan Lemberg
Akin Gump Strauss Hauer & Feld, LP
1333 New Hampshire Ave., NW
Washington, DC 20036
(202) 887-4000
dmcinnis@akingump.com

*On behalf of Defendant Penguin Group (USA), Inc.*

By: _____

Orin Snyder
Lisa H. Rubin
Gibson, Dunn & Crutcher, LLP
200 Park Avenue, 47th Floor
New York, NY  10166
(212) 351-4000
osnyder@gibsondunn.com
lrubin@gibsondunn.com

Daniel S. Floyd (*Pro Hac Vice*)
Daniel G. Swanson (*Pro Hac Vice*)
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
dfloyd@gibsondunn.com

Cynthia Richman
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
crichman@gibsondunn.com

Howard E. Heiss
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY  10036
(212) 326-2000
hheiss@omm.com

*On behalf of Defendant Apple Inc.*