

D 24
5/16/13

| | | |
|---|---|---|
| BEIJING | Times Square Tower | SAN FRANCISCO |
| BRUSSELS | 7 Times Square | SEOUL |
| CENTURY CITY | New York, New York 10036-6524 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| JAKARTA† | TELEPHONE (212) 326-2000 | SINGAPORE |
| LONDON | FACSIMILE (212) 326-2061 | TOKYO |
| LOS ANGELES | www.omm.com | WASHINGTON, D.C. |
| NEWPORT BEACH | | |

ONICAL

May 15, 2013

OUR FILE NUMBER
0027559.00230

5/16/13

The Honorable Denise L. Cote
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

WRITER'S DIRECT DIAL
(212) 326-2116

WRITER'S E-MAIL ADDRESS
hheiss@omm.com

RE:   *United States v. Apple Inc. 12 Civ. 2826 (DLC), Texas v. Penguin Group (USA) Inc.,*
      *12 Civ. 3394 (DLC)*

Dear Judge Cote:

Amazon seeks to shield from public disclosure evidence that undermines Plaintiffs' case and Amazon's three supporting declarations. But Amazon does not come close to meeting the legal standards for sealing at trial. Apple respectfully submits that the Court should grant public access to this information by denying Amazon's extensive and disruptive redaction requests.

Amazon identifies broad categories of purportedly confidential information (*e.g.*, profitability, pricing, contract terms), but fails to demonstrate with the requisite specificity that disclosure would harm its "competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). Instead, it simply asserts that because information in these categories has not been disclosed before, disclosure now would harm Amazon's interests. But how a litigant treats its own information is not the standard, and Amazon has fallen far short of making the "specific showing" of how disclosure of specific facts or data would harm it competitively, which is required to overcome the "fairly strong presumption that [its information should be] part of the public record." Transcript of May 8 Hearing, at 10:7-10. Moreover, Amazon seeks to keep from the public stale information that is not commercially sensitive. The discovery cutoff in this case was April 2012, and many of Amazon's proposed redactions relate to documents (and therefore prices, etc.) created years even before that. *See, e.g., Koch v. Greenberg*, No. 07 Civ. 9600 BSJ DF, 2012 WL 1449186, at *8 (S.D.N.Y. Apr. 13, 2012) (declining to find documents confidential where the pricing information they contained was several years old, and noting that "prices paid years ago may well constitute stale information"); *see also* Amazon's proposed redactions to Apple Proposed Findings of Fact ¶ 43 (proposing redaction to Amazon's wholesale cost of one particular book in August 2009).

Although not confidential, the portions of Apple's pre-trial papers that Amazon wishes to redact do undermine Plaintiffs' case and/or are potentially embarrassing to Amazon. For

O'MELVENY & MYERS LLP

May 15, 2013 - Page 2

example, Amazon cites an October 2009 communication from a publisher informing Amazon that because the e-book market was still trying to find its footing, changes in contract pricing were likely. *See* Amazon's proposed redactions to Apple Proposed Findings of Fact ¶ 50. While the publisher did not redact it, Amazon did—perhaps because it undermines the chronological fiction at the heart of Amazon's testimony that several publishers descended on Amazon all at once in late January 2010 and "forced" it to adopt a new business model. Amazon also seeks to redact documents showing its embrace of the agency model in other publishing contexts before the alleged conspiracy. *See* Amazon's proposed redactions to Apple Proposed Findings of Fact ¶ 202.

Similarly, disclosure at a high level of Amazon's general practices for conducting negotiations with publishers in 2010 (*see* Amazon's proposed redactions to Apple Proposed Findings of Fact ¶ 217) could not harm Amazon's competitive position today. But that evidence does contradict Plaintiffs' claims in this case, because Plaintiffs allege that Apple facilitated a conspiracy by using nearly identical negotiation practices to those employed by Amazon. Another example is Amazon's effort to shield from public view its internal discussions about the inferiority of its e-book platform (Kindle) as compared to Apple's. *See* Amazon's proposed redactions to Apple Proposed Findings of Fact ¶ 263. Amazon's effort to redact that discussion is unsupported by the law. This evidence, too, undermines Plaintiffs' case because it corroborates Apple's unrebutted testimony that its e-reader device and software benefitted consumers.

Amazon argues in its letter that its redactions should be held to a lesser standard because its documents supposedly are not material to the case, in part, because they were produced in the DOJ's investigation, not the litigation. This argument is wrong[1] and ignores Amazon's principal role in this case. Amazon is no disinterested third party. Amazon was instrumental in launching this case. And it will account for three of the four fact witnesses for Plaintiffs at trial. Apple's pre-trial papers relied heavily on Amazon's contemporaneous business documents because they sharply contradict key elements of Plaintiffs' theory, as well as Amazon's testimony. These contradictions should not be shielded from the public. Amazon's unreasonable approach to confidentiality—as reflected in its extensive redactions to Apple's pre-trial papers and 48 Amazon exhibits thus far—would also undermine the smooth functioning of the trial by requiring the courtroom to be sealed.

No other party or non-party has sought to keep from the public the type of stale information that Amazon wants to suppress, and there is no basis for doing so. Its broad-brush approach to redaction fails to meet its heavy burden of showing that disclosure would harm Amazon competitively. The Court should reject Amazon's redaction requests and permit Apple to file publicly all of its pre-trial papers.

---

[1] The significance of the documents obviously does not turn on how and why Amazon produced them. In fact, Amazon argued the opposite when it sought to avoid producing documents in this litigation—*i.e.*, that additional production should be limited because Amazon already had produced the relevant documents to the DOJ. Indeed, Mr. Kipling represented to the Court in the Western District of Washington that "much of the key data and the significant documents covered by [Defendants'] subpoena . . . had already been produced to DOJ and ultimately to the Defendants." *United States v. Apple Inc.*, 12-mc-00186 MJP, Dkt. No. 1 (Declaration of Michael E. Kipling in Support of Motion to Quash or Modify Subpoena Duces Tecum, ¶ 10) (W.D. Wash. 2012).

O'Melveny & Myers llp

May 15, 2013 - Page 3

Respectfully submitted,

Howard E. Heiss
O'MELVENY & MYERS LLP

cc:  Michael Kipling, Esq.