UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 12-CV-2826 (DLC) |
| ) | |
| v. ) | |
| ) | ECF Case |
| APPLE, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE BY PLAINTIFF UNITED STATES TO PUBLIC COMMENTS
ON THE PROPOSED FINAL JUDGMENT AS TO THE MACMILLAN DEFENDANTS**

Pursuant to the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA" or "Tunney Act"), the United States hereby responds to the single public comment received regarding the proposed Final Judgment as to Defendants Verlagsgruppe Georg von Holtzbrinck GmbH and Holtzbrinck Publishers, LLC d/b/a Macmillan (collectively, "Macmillan"). After careful consideration of the comment submitted, the United States continues to believe that the proposed Final Judgment as to Macmillan ("proposed Macmillan Final Judgment") will provide an effective and appropriate remedy for the antitrust violations alleged in the Complaint.

The comment submitted to the United States, along with a copy of this Response to Comments, are posted publicly at http://www.justice.gov/atr/cases/apple/index-2.html, in accordance with 15 U.S.C. § 16(d) and the Court's May 22, 2013 Order (Docket No. 260). The United States will publish this Internet location and this Response to Comments in the Federal Register, *see* 15 U.S.C. § 16(d), and will then, pursuant to the Court's February 19, 2013 Order

(Docket No. 180), move for entry of the proposed Macmillan Final Judgment by no later than June 13, 2013.

## I.     PROCEDURAL HISTORY

On April 11, 2012, the United States filed a civil antitrust Complaint alleging that Apple, Inc. ("Apple") and five of the six largest publishers in the United States ("Publisher Defendants") conspired to raise prices of electronic books ("e-books") in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.  On the same day, the United States filed a proposed Final Judgment ("Original Final Judgment") as to three of the Publisher Defendants:  Hachette Book Group, Inc., HarperCollins Publishers L.L.C., and Simon & Schuster, Inc. (collectively, "Original Settling Defendants").  During the Tunney Act process concerning the Original Final Judgment, the United States received and responded to 868 public comments (Docket No. 81) ("Original Response to Comments"), and this Court entered the Original Final Judgment on September 6, 2012 (Docket No. 119).

On December 18, 2012, the United States filed a proposed Final Judgment as to Penguin. The United States responded on April 5, 2013 to the three public comments it received concerning the proposed Penguin Final Judgment ("Penguin Response to Comments") (Docket No. 201), moved for entry of the proposed Penguin Final Judgment on April 18, 2013 (Docket No.  211), and this Court granted the United States' motion on May 17, 2013 (Docket No. 257).

The United States reached a settlement with Macmillan and, on February 8, 2013, filed a proposed Final Judgment and a Stipulation signed by the United States and Macmillan consenting to the entry of the proposed Macmillan Final Judgment after compliance with the requirements of the Tunney Act, 15 U.S.C. § 16 (Docket No. 174).  Pursuant to those requirements, the United States filed its Competitive Impact Statement ("CIS") with the Court on

2

February 8, 2013 (Docket No. 175); the proposed Final Judgment and CIS were published in the Federal Register on February 25, 2013, *see United States v. Apple, Inc., et al.*, 78 Fed. Reg. 12874; and summaries of the terms of the proposed Final Judgment and CIS, together with directions for the submission of written comments relating to the proposed Final Judgment, were published in the *Washington Post* and the *New York Post* for seven consecutive days beginning on February 21, 2013 and ending on February 27, 2013.  The sixty-day period for public comment ended on April 28, 2013.  The United States received only one comment, which is described below and attached hereto.[1]

## II.   THE PROPOSED MACMILLAN FINAL JUDGMENT

The language and relief contained in the proposed Macmillan Final Judgment is largely identical to the terms included in the Original Final Judgment and the Penguin Final Judgment. As explained in more detail in the CIS, the requirements and prohibitions included in the proposed Macmillan Final Judgment will eliminate Macmillan's illegal conduct, prevent recurrence of the same or similar conduct, and establish a robust antitrust compliance program.

The proposed Macmillan Final Judgment requires that Macmillan immediately cease enforcing any terms in its contracts with e-book retailers that restrict retailer discounting, *see* proposed Macmillan Final Judgment, §§ IV.A & V.A, and forbids Macmillan until December 18, 2014 from entering new contracts that restrict retailers from discounting its e-books.  *See id.*

---

[1] The United States has described the allegations in the Complaint and summarized the standard of review applicable to Tunney Act proceedings in several previous submissions.  *See, e.g.*, Original Response to Comments (Docket No. 81; 77 Fed. Reg. 44271); Penguin Response to Comments (Docket No. 201; 78 Fed. Reg. 22298).  This Court also articulated the standard of review in its Opinion and Order finding that the Original Final Judgment satisfied the requirements of the Tunney Act.  *See United States v. Apple, Inc.*, 889 F. Supp. 2d 623, 630-32 (S.D.N.Y. 2012).  Bob Kohn, the lone commenter on the proposed Macmillan Final Judgment, asserts that *United States v. American Cyanamid Co.*, 719 F.2d 558 (2d Cir. 1983), and *United States v. International Business Machines Corporation*, 163 F.3d 737 (2d Cir. 1998) require the Court to apply a more stringent standard of review than the one the Court applied in its evaluation of the Original Final Judgment.  Those cases, however, involved petitions by the parties to terminate consent decrees.  *See American Cyanamid*, 719 F.2d at 559; *IBM*, 163 F.3d at 738.  Neither evaluated whether a proposed final judgment met the Tunney Act's requirements.

§ V.B.  These provisions will help ensure that new contracts will not be set under the same collusive conditions that produced the unlawful Apple agency agreements.  The proposed Macmillan Final Judgment permits Macmillan, however, in new agreements with e-book retailers, to agree to terms that prevent the retailer from selling Macmillan's entire catalog of e-books at a sustained loss.  *See id*. § VI.B.

To prevent a recurrence of the alleged conspiracy, the proposed Macmillan Final Judgment prohibits Macmillan from entering into new agreements with other publishers under which prices are fixed or coordinated, *see id*. § V.E, and also forbids communications between Macmillan and other publishers about competitively sensitive subjects.  *See id*. § V.F.  Banning such communications is critical here, where communications among publishing competitors were a common practice and led directly to the collusive agreement alleged in the Complaint.

As outlined in Section VII, Macmillan also must designate an Antitrust Compliance Officer, who is required to distribute copies of the Macmillan Final Judgment; ensure training related to the Macmillan Final Judgment and the antitrust laws; certify compliance with the Macmillan Final Judgment; maintain a log of all communications between Macmillan and employees of other Publisher Defendants; and conduct an annual antitrust compliance audit.  This compliance program is necessary considering the extensive communication among competitors' CEOs that led to the Publisher Defendants' conspiracy with Apple.

### III. SUMMARY OF THE PUBLIC COMMENT AND THE RESPONSE OF THE UNITED STATES

The United States received only a single comment concerning the proposed Macmillan Final Judgment.  The comment was submitted by Bob Kohn, who also provided similar comments on the Original Final Judgment and the Penguin Final Judgment, as well as in a

4

number of submissions to the Court in this case.[2]  Mr. Kohn's comments again suggest no basis on which this Court should find that entry of the proposed Macmillan Final Judgment would not be in the public interest.

Mr. Kohn once again asserts that the proposed relief as to Macmillan cannot be in the public interest because it allows e-book retailers to discount Macmillan's e-books.  Mr. Kohn believes that Macmillan's agency contracts with Amazon and other retailers, which blocked such discounting, served the procompetitive purpose of addressing predatory pricing or monopolization by Amazon.   Kohn Comment at 6-7, 13-15.  Again, as the United States stated in its Original Response to Comments and in its Penguin Response to Comments, and as this Court observed in finding that the Original Final Judgment satisfied the requirements of the Tunney Act, even if evidence existed to support Mr. Kohn's claims concerning Amazon's predatory pricing or monopolization, "this is no excuse for unlawful price-fixing.  Congress 'has not permitted the age-old cry of ruinous competition and competitive evils to be a defense to price-fixing conspiracies.' . . . The familiar mantra regarding 'two wrongs' would seem to offer guidance in these circumstances." *United States v. Apple, Inc.*, 889 F. Supp. 2d 623, 642 (S.D.N.Y. 2012) (quoting *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 221 (1940)).

Mr. Kohn, however, argues that his allegations concerning Amazon's predatory pricing now deserve a fresh look because he believes the United States, in its Penguin Response to Comments, "has now finally conceded that Amazon's e-book prices as a whole were below

---

[2]  *See* Mem. in Supp. of Mot. of Bob Kohn for Leave to Participate as *Amicus Curiae* (Aug. 13, 2012) (Docket No. 97); Br. of Bob Kohn as *Amicus Curiae* (Sept. 4, 2012) (Docket No. 110); Mem. in Supp. of Bob Kohn's Mot. to Stay Final J. Pending Appeal (Sept. 7, 2012) (Docket No. 117); Mem. . . . In Supp. of Mot. by Bob Kohn for Leave to Intervene for the Sole Purpose of Appeal (Sept. 7, 2012) (Docket No. 115); Mem. of Law in Reply to Opp'n of the United States to Mot. by Bob Kohn for Leave to Intervene for the Sole Purpose of Appeal (September 20, 2012) (Docket No. 130); Mem. in Supp. of Mot. of *Amicus Curiae* Bob Kohn to Submit a 5-Page Br. *Amicus Curiae* Solely to Reply to Government's Resp. to Public Comments on the Proposed Final J. with the Penguin Defs. (Apr. 29, 2013) (Docket No. 214-1).  On March 26, 2013, the Second Circuit affirmed this Court's denial of Mr. Kohn's motion to intervene for purposes of appealing the Court's entry of the Original Final Judgment.  *See Bob Kohn v. United States*, No. 12-4017 (2d Cir. Mar. 26, 2013).

5

marginal cost." Kohn Comment at 11. Mr. Kohn, however, misunderstood the United States' statements in its Penguin Response to Comments. The United States explained there that the Penguin Final Judgment, like the proposed Macmillan Final Judgment, allows the publisher to enter a contract with a retailer under which aggregate discounting of the publisher's e-books by the retailer is limited to the retailer's commissions under the contract. Penguin Response to Comments at 12-13. This provision will allow the publisher to ensure that the retailer does not sell its entire catalog of e-books at a sustained loss – while still allowing the retailer to compete on the price at which it sells the publisher's e-books. Contrary to Mr. Kohn's suggestion that this provision would permit "Amazon to resume selling e-books at below marginal costs," this provision allows the publisher to ensure that Amazon remains margin positive on the sale of its catalog of e-books. Under such a contract, the retailer's e-book prices overall would be above its marginal costs, as Mr. Kohn desires, but also closer to the retailer's marginal costs (and thus more "efficient," as Mr. Kohn also desires) than would be the case under the contracts publishers imposed after establishing their price-fixing conspiracy with Apple, which guaranteed a 30 percent commission to the retailer.

      Finally, Mr. Kohn once again asserts that, under the "determinative" materials requirement of 15 U.S.C. § 16(b), the United States must disclose materials concerning the profitability of Amazon's e-book business. Kohn Comment at 21-23. However, information concerning Amazon's pricing practices is not only, as discussed above, irrelevant to the question of whether Apple and the Publisher Defendants can be held liable for conspiring to raise retail prices of and eliminate retail price competition for e-books, it also has no bearing on whether the proposed Macmillan Final Judgment adequately addresses the harms to competition alleged by the United States in the Complaint. As this Court previously determined with respect to the

Original Final Judgment, the United States has provided "ample factual foundation for [its] decisions regarding the proposed Final Judgment." *Apple, Inc.*, 889 F. Supp. 2d at 638-39.

## IV.     CONCLUSION

The United States continues to believe that the proposed Macmillan Final Judgment, as drafted, provides an effective and appropriate remedy for the antitrust violations alleged in the Complaint and that it is therefore in the public interest.

Pursuant to the Court's February 19, 2013 Order (Docket No. 180), the United States will move for entry of the proposed Macmillan Final Judgment after this Response to Comments is published in the Federal Register (along with the Internet location where Mr. Kohn's comment is posted) and by no later than June 13, 2013.

Dated:  May 24, 2013

                                      Respectfully submitted,

                                         s/ Mark W. Ryan
                                      Mark W. Ryan
                                      Lawrence E. Buterman
                                      Stephen T. Fairchild
                                      Attorneys for the United States
                                      United States Department of Justice
                                      Antitrust Division
                                      450 Fifth Street, NW, Suite 4000
                                      Washington, DC 20530
                                      (202) 532-4753
                                      Mark.W.Ryan@usdoj.gov

CERTIFICATE OF SERVICE

      I, Stephen T. Fairchild, hereby certify that on May 24, 2013, I caused a copy of the Response of Plaintiff United States to Public Comments on the Proposed Final Judgment as to the Macmillan Defendants to be served by the Electronic Case Filing System, which included the individuals listed below.

For Apple:
Daniel S. Floyd
Gibson, Dunn & Crutcher LLP
333 S. Grand Avenue, Suite 4600
Los Angeles, CA 90070
(213) 229-7148
dfloyd@gibsondunn.com

For Macmillan and Verlagsgruppe Georg Von Holtzbrinck GMBH:
Joel M. Mitnick
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
jmitnick@sidley.com

For Penguin U.S.A. and the Penguin Group:
Daniel F. McInnis
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Avenue NW
Washington, DC 20036
(202) 887-4000
dmcinnis@akingump.com

For Hachette:
Walter B. Stuart, IV
Freshfields Bruckhaus Deringer LLP
601 Lexington Avenue
New York, NY 10022
(212) 277-4000
walter.stuart@freshfields.com

For HarperCollins:
Paul Madison Eckles
Skadden, Arps, Slate, Meagher & Flom
Four Times Square, 42nd Floor
New York, NY 10036
(212) 735-2578
pmeckles@skadden.com

For Simon & Schuster:
Yehudah Lev Buchweitz
Weil, Gotshal & Manges LLP (NYC)
767 Fifth Avenue, 25th Fl.
New York, NY 10153
(212) 310-8000 x8256
yehudah.buchweitz@weil.com

Additionally, courtesy copies of this Response to Comments have been provided to the following:

For the State of Connecticut:
W. Joseph Nielsen
Assistant Attorney General
Antitrust Division
Office of the Attorney General
55 Elm Street
Hartford, CT 06106
(860) 808-5040
Joseph.Nielsen@ct.gov

For the State of Texas:
Gabriel R. Gervey
Assistant Attorney General
Antitrust Division
Office of the Attorney General of Texas
300 W. 15th Street
Austin, Texas 78701
(512) 463-1262
gabriel.gervey@oag.state.tx.us

For the Private Plaintiffs:
Jeff D. Friedman
Hagens Berman
715 Hearst Ave., Suite 202
Berkeley, CA 94710
(510) 725-3000
jefff@hbsslaw.com

   s/ Stephen T. Fairchild
Stephen T. Fairchild
Attorney for the United States
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
(202) 532-4925
stephen.fairchild@usdoj.gov