UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
         Plaintiff,                )
                                   )
              v.                   )   Civil Action No. 12-cv-2826 (DLC)
                                   )
APPLE, INC., et al.,               )
                                   )
         Defendants.               )
_____)


_____
                                   )
THE STATE OF TEXAS;                )
THE STATE OF CONNECTICUT; et al.,  )
                                   )
         Plaintiffs,               )
                                   )
              v.                   )   Civil Action No. 12-cv-03394 (DLC)
                                   )
PENGUIN GROUP (USA) INC. et al.,   )
                                   )
         Defendants.               )
_____)


**PLAINTIFFS' OPPOSITION TO APPLE'S MOTION FOR
RECONSIDERATION OF THE COURT'S RULINGS EXCLUDING
PORTIONS OF DR. MURPHY'S AND DR. BURTIS'S EXPERT TESTIMONY**

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). That is precisely what Apple is attempting to do here with respect to the Court's rulings on Plaintiffs' motions *in limine* to exclude portions of the testimony of Dr. Murphy and Dr. Burtis.[1] With respect to Dr. Murphy, Apple does nothing more than offer more of the same arguments concerning its interpretation of *Monsanto Co. v. Spray-Rite Service Corp.*, 465 U.S. 752 (1984), that it has offered in great detail in multiple prior filings. Apple continues to assert, wrongly in Plaintiffs' view, that it may avoid antitrust liability in this case by asserting that its conduct was "driven by its independent business interests." Mot. at 3. As in its earlier arguments, Apple fails to come to grips with *United States v. General Motors Corp.*, 384 U.S. 127, 144-45 (1966), or with recent Second Circuit authority holding that, where there is direct evidence of a conspiracy, the requirement that a plaintiff must "tend to exclude" independent action "do[es] not apply at all." *In re Publ'n Paper Antitrust Litig.*, 690 F.3d 51, 63 (2d Cir. 2012). Apple and Dr. Murphy's proposed test for whether a defendant participated in a conspiracy—whether the conspiracy served its unilateral self interest—misapplies the relevant legal standard, is contrary to common sense, and would have exonerated defendants in analogous cases such as *Toys "R" Us, Inc. v. FTC*, 221 F.3d 928 (7th Cir. 2000), and *Interstate Circuit, Inc. v. United States*, 306 U.S. 208 (1939).

As to Dr. Burtis's opinions, Apple does not even pretend to offer new controlling authority or overlooked evidence. It relies entirely on new articulations of prior arguments. Apple thus fails to meet the "exacting standard" applicable to motions for reconsideration and its

---

[1] Apple does not take issue with the portions of the Court's ruling excluding portions of Dr. Murphy's testimony for usurping the proper role of the factfinder. May 23, 2013 Tr. at 35:7-24.

1

motion should be denied.  *See Callistro v. N.Y.C. Parks Dep't*, No. 11 Civ. 2897 (DLC), 2013 WL 655083, at *1 (S.D.N.Y. Feb. 22, 2013).

### APPLE FAILS TO MEET THE STRICT STANDARD FOR MOTIONS FOR RECONSIDERATION

"Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Apple's motion, which merely recasts arguments previously made in its pretrial papers, does not come close to meeting this standard.  Apple points to no overlooked controlling authority, no intervening new authority, and no new or overlooked facts or data that might conceivably support a motion for reconsideration.  It is just more of the same.  Apple cannot suggest that its latest extended discussion of the nature of the evidence necessary to establish its participation in a conspiracy under *Monsanto* likewise was not the subject of prior briefing. Apple simply disagrees with the Court's ruling that Dr. Murphy's opinions (in part) are based on a fundamentally misguided view of the law and therefore are not helpful to a resolution of the issues to be determined at trial.  Finally, Apple's brief discussion of the Court's decision excluding portions of Dr. Burtis's testimony presents no evidence, arguments, or decisions that the Court overlooked.[2]

---

[2] Apple claims that excluding portions of the expert testimony of Drs. Murphy and Burtis would deprive Apple of its due process right to present a defense.  "The fundamental requisite of due process of law is the opportunity to be heard."  *Grannis v. Ordean*, 234 U.S. 385, 394 (1914).  Here, Apple was afforded opportunities to be heard on the

### A. Apple's *Monsanto* Arguments Were Fully Briefed and Considered by the Court.

As this Court observed at the Final Pretrial Conference, *Monsanto* was "all over [the parties'] motions in limine . . . and the trial briefs." May 23, 2013 Tr. at 44:15-17. Apple articulated at length its arguments concerning *Monsanto* in its Memorandum of Law, *see* Apple Mem. at 22-35; in its Opposition to Plaintiffs' Memorandum of Law, *see* Apple Opp. at 7-10; and in its Opposition to Plaintiffs' Motion in Limine to Exclude Portions of Dr. Murphy's Testimony, *see* Apple Opp. to Murphy Mot. In Limine at 1-3. Counsel for Apple also addressed *Monsanto* orally at the Final Pretrial Conference. In short, Apple offers nothing new here. Apple's motion for reconsideration is simply an attempt to relitigate these issues and should be rejected on that basis alone. But Plaintiffs must also point out that Apple mistakenly continues to focus individually on "each piece of evidence" and asks whether that piece of evidence is consistent with Apple's independent economic interest. Mot. at 4. The law is to the contrary. "The character and effect of a conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole." *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) (citation omitted).

### B. Apple's Arguments Concerning Direct Evidence Were Fully Briefed and Are Irrelevant to the Subject of Apple's Motion.

As with its arguments concerning the proper interpretation of *Monsanto*, Apple also has fully briefed its positions concerning the role of direct evidence in this case. *See* Apple Mem. at 22-23; Apple Opp. at 5-7. Apple's only new argument—that at the trial stage, a factfinder is not required to accept direct evidence as sufficient to demonstrate the existence of a conspiracy

---

issues raised in its motion for reconsideration in its multiple pretrial memoranda and during the Court's hearing on the motions *in limine* during the Final Pretrial Conference on May 23rd.

(Mot. at 10)—relies wholly on its inexplicable misreading of an unpublished, out-of-circuit decision, *Toledo Mack Sales & Service, Inc. v. Mack Trucks*, *Inc.*, 386 F. App'x 214, 223 (3d Cir. 2010).  That court merely held that a district court did not err by failing to instruct the jury that the evidence the plaintiff had adduced *was* direct evidence of a conspiracy.  *Id*. at 222-23.  Indeed, in the very same opinion, the court reiterated the Second Circuit's rule that "in direct evidence cases, the plaintiff need not adduce circumstantial evidence that tends to exclude the possibility that the alleged conspirators acted independently."  *Id*. at 222 (citations omitted).  *See also Publ'n Paper Antitrust Litig.*, 690 F.3d at 63-64; Plaintiffs' Opp. to Apple Mem. at 2-9.  Apple's arguments are, accordingly, irrelevant to the Court's decision to exclude portions of Dr. Murphy's testimony and provide no basis for the Court to reconsider that decision.

### C. Apple Offers No Basis for the Court to Reconsider its Exclusion of Portions of Dr. Burtis's Testimony.

Apple's argument in favor of the Court's reconsideration of its exclusion of portions of Dr. Burtis's testimony consists of nothing more than an explanation of why Apple believes Dr. Burtis's conclusions are relevant to this case.  It offers no controlling decision or data overlooked by the Court as the basis for its motion and thus nothing that satisfies the exacting standard on motions for reconsideration.  Apple's motion should be denied.

Dated:  June 1, 2013

                                             Respectfully submitted,

                                                  s/Mark W. Ryan
                                            Mark W. Ryan
                                            Lawrence E. Buterman
                                            David Z. Gringer
                                            Stephen T. Fairchild
                                            Attorneys for the United States
                                            United States Department of Justice
                                            Antitrust Division
                                            450 Fifth Street, NW, Suite 4000
                                            Washington, DC 20530
                                            (202) 532-4753
                                            Mark.W.Ryan@usdoj.gov