

U.S. DEPARTMENT OF JUSTICE
Antitrust Division

MARK W. RYAN
Director of Litigation

*Main Justice Building*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC  20530-0001*
*(202) 532-4753  /  (202) 514-6543 (fax)*
*E-mail  mark.w.ryan@usdoj.gov*

BY E-MAIL

DrF
6/4/13

June 1, 2013

The Honorable Denise L. Cote
United States District Judge, S.D.N.Y.
Daniel P. Moynihan U.S. Courthouse
New York, NY 10007-1312

      Re:    United States v. Apple, Inc., et al., No. 12-cv-2826 (DLC)
                States of Texas v. Penguin Group (USA), Inc., No. 12-cv-3394 (DLC)

Dear Judge Cote:

      We write to bring to the Court's attention two issues in advance of trial opening on Monday: (1) the admission into evidence of documents to which no party has objected; and (2) Apple's continuing Fed. R. Evid. 901 objections to a significant number of documents.

**UNCONTESTED EXHIBITS**

      Consistent with the Court's direction at the May 23 final pretrial conference (Tr. 7-8), Plaintiffs have attempted to discuss with Apple the most efficient method for placing documents into evidence. As the Court is aware, there are hundreds of PX and DX exhibits (some of which overlap) to which no party has objected. Plaintiffs have proposed that the parties stipulate that these documents be admitted into evidence at the start of trial. Apple, however, has refused to agree, instead taking the position that even uncontested documents must be introduced through "sponsoring witnesses." Apple also proposes delaying until the end of trial any determination regarding whether documents that are not associated with a sponsoring witness may be received in evidence.

      It has always been our understanding that exhibits to which no party objected in pretrial proceedings would be placed into evidence at trial by way of a stipulation or an unopposed motion. As is clear, in light of the Order making the Pilot Project applicable to this case (Docket No. 2), objections not made to exhibits by April 26 were waived. That waiver means very little

The Honorable Denise L. Cote
June 1, 2013
Page 2

if, as Apple apparently believes, only documents that are "sponsored" by a witness at trial may be admitted into evidence.

Apple's position of requiring sponsoring witnesses for unobjected-to documents would consume needless time at trial, risk keeping out of the record highly relevant material to which Apple has no objection, and impose wholly unnecessary burdens on third parties and the Court. Absent a change of heart on Apple's part, Plaintiffs intend to file motions with the Court to admit into evidence those PX exhibits to which Apple did not object.

**APPLE'S FED. R. EVID. 901 OBJECTIONS**

Apple initially objected to a large number of documents under Fed. R. Evid. 901. At the pretrial conference, the Court observed that it would be surprising in this case if there were documents that are forgeries or otherwise not what the documents appear to be. Apple now says it is withdrawing all of its Fed. R. Evid. 901 "authenticity" objections, except as to handwritten notes. (This leaves at least one Apple authenticity objection to a set of notes that is on both Apple's and Plaintiffs' Exhibit lists.) However, Apple is asserting that all of the hundreds of documents it made Fed. R. Evid. 901 objections on are still not admissible under that rule due to an unspecified "lack of foundation." So, in reality, Apple is maintaining all of its Fed. R. Evid. 901 objections, and is not relenting on its efforts to keep those documents from coming into evidence. Despite our repeated requests that Apple explain in writing the basis for its Fed. R. Evid. 901 "foundation" objection—which is opaque to Plaintiffs—Apple has not done so. Plaintiffs respectfully request that the Court order Apple to either withdraw its "foundation" objection or explain it in writing so that Plaintiffs can evaluate it and move the Court if necessary.

                                                Respectfully submitted,

                                                /s/ Mark W. Ryan
                                                Mark W. Ryan