# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

June 2, 2013

VIA ELECTRONIC MAIL

DrF
6/4/13

The Honorable Denise L. Cote
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007-1312

Re:   *United States v. Apple Inc.*, 12 Civ. 2826 (DLC), *Texas v. Penguin Group (USA) Inc.*, 12 Civ. 3394 (DLC)

Dear Judge Cote:

We respectfully submit this letter in response to the letter from the Plaintiffs dated June 1, 2013 relating to the admission of documentary evidence.

The Plaintiffs listed 834 exhibits, even after Penguin's settlement, for a 58 hour trial. Many of these documents (if relevant at all) are being offered for points of debatable significance buried in snippets found among voluminous or multifaceted materials. Many are cumulative of other record evidence. In the meet and confer process before the pre-trial conference, Apple raised concerns about a wholesale "document dump" of such exhibits untethered to any knowledgeable witness or connecting testimony, allowing speculation about the meaning of ambiguous documents without foundation. There was extensive deposition discovery in this case, and ample opportunity to establish basic foundation on exhibits (beyond merely establishing that a document is what it appears to be). Nevertheless, despite the opportunity, many documents on the exhibit list were never raised with authoring (or receiving) witnesses at their depositions. Additionally, many of those witnesses are not being called to testify at trial. This allows the admission of evidence insulated from cross-examination. Apple thus lodged foundation objections, under Rule 901, not to question a document's basic authenticity, but to preserve the objection that fairness and due process require some foundation for its relevance through a sponsoring witness. The Plaintiffs were aware of this rationale.

The principle that documentary evidence should be received in an orderly way that allows its significance to be established and tested is not exotic or unusual. *See, e.g., Degelman Industries, Ltd. v. Pro-Tech Welding and Fabrication, Inc.*, 2011 WL 6754040, at *19 (W.D.N.Y. 2011) (evidence that was "submitted without a sponsoring witness" was not admissible). It is an application of the Court's broad discretion under Rule 611 of the

# GIBSON DUNN

The Honorable Denise L. Cote
June 2, 2013
Page 2

Federal Rules of Evidence Rule to control the timing and mode of presentation of evidence for the purpose of effective and efficient truth-finding, with due regard to preserving a party's right to cross examination. *See* Rothstein, Practice Comments to Rule 611(a), Fed. Rules of Evidence Rule 607 (3d ed.) ("The trial judge is to exercise this discretion [under Rule 611(a) with the three goals listed in the rule in mind. ... [T]he judge will have to be careful of infringing the right to cross-examination and impeachment.") Apple's right to confront the evidence against it at trial would be seriously impaired by a wholesale "document dump" of the sort the Plaintiffs are advocating. Without a sponsoring witness, the Court will be left to speculate about the context of reams of both party and non-party documents. Such a result is a burden on this Court's time and resources, and is fundamentally inconsistent with Apple's right to a fair trial. Plaintiffs' stated concern about the length of trial is circular – it presupposes that it would be reasonable for hundreds of documents to be placed in the record in a vacuum, isolated from any testimonial evidence.

We acknowledge there will likely be a subset of documents entered into evidence without a sponsoring witness. But this is difficult to determine in the abstract, especially at the outset of a three week trial. The Court and the parties will be in a better position to evaluate such documents as the trial evolves and as factual issues emerge or evaporate. Therefore, Apple respectfully requests that this Court exercise its discretion under Rule 611 to institute the following process for the presentation of evidence:

1. Subject to ¶4 below, all exhibits shall be offered during the testimony of a sponsoring witness.
2. If the only objection to an exhibit is under Rule 901, the exhibit shall be admitted when offered through a sponsoring witness.
3. No party is required to provide advance notice of which exhibits they intend to use.
4. Before the Plaintiffs rest their case-in-chief (and again before Apple rests), the parties will meet and confer to determine which, if any, of the remaining exhibits not admitted during live testimony should be admitted into evidence without a sponsoring witness; with any disputes presented to the Court at one time.

This approach strikes a fair balance between the parties' positions. It avoids the wholesale admission of hundreds of exhibits untethered to any testimony or cross-examination, requiring the Court to determine the purpose and relevance of the documents, while at the same time permitting the admission of a reasonable set of documents without sponsoring witnesses for the Court's consideration.

# GIBSON DUNN

The Honorable Denise L. Cote
June 2, 2013
Page 3

Respectfully submitted,

*[signature]*

Orin Snyder

cc: All Counsel