

**U.S. Department of Justice**

Antitrust Division

---

*Mark W. Ryan*
*Direct Dial: (202) 532-4753*
*Fax: (202) 616-8544*
*e-mail: mark.w.ryan@usdoj.gov*

*Liberty Square Building*
*450 5th Street, NW*
*Suite 4000*
*Washington, DC 20530*

June 2, 2013

BY E-MAIL

The Honorable Denise L. Cote
United States District Judge, S.D.N.Y.
Daniel P. Moynihan U.S. Courthouse
New York, NY 10007-1312

D↓F
6/4/13

Re:   United States v. Apple, Inc., et al., No. 12-cv-2826 (DLC)

Dear Judge Cote:

    We write in response to Defendant Apple Inc.'s June 2, 2013 letter contending that a February 23, 2011 e-mail from Penguin CEO David Shanks ("PX-0542") is inadmissible hearsay.[1] In PX-0542, Mr. Shanks responds to a query from one of his employees, Mike Bryan, about whether Penguin would participate in a meeting with its competitors, and a major Canadian retailer, about e-book prices. Mr. Shanks candidly responded that Penguin would never participate in such a meeting with all of its competitors. Mr. Shanks' reason was because "[t]he Government would be all over that." PX-0542 at 1. Instead, Mr. Shanks told Mr. Bryan that Penguin "would meet separately" and use a competitor of Amazon as a "facilitator and go between. That is how we worked with Apple and the government is still looking into that." *Id.*

    PX-0542 is not hearsay. Under Rule 801(d)(2)(E), a statement is not hearsay if it "was made by the party's coconspirator during and in furtherance of the conspiracy." Mr. Shanks is a co-conspirator of Apple's, and his e-mail response to Mr. Bryan clearly furthered the then-existing conspiracy among publisher defendants by both encouraging activity that would avoid the conspiracy's detection, and by providing a guide to future conduct that would violate the antitrust laws.

    A communication is in furtherance of a conspiracy when it "act[s] as a record" of the conspiracy, and serves a "guide to future conduct." *United States v. SKW Metals & Alloys, Inc.*, 195 F.3d 83, 88-89 (2d Cir. 1999); *see also United States v. Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1199 (2d Cir.1989) (Coconspirator statements may be "in furtherance" of the

---

[1] Though Apple objects to the document's admissibility, it has informed plaintiffs that it plans to use PX-0542 in its opening statement.

The Honorable Denise L. Cote
June 2, 2013
Page 2

conspiracy if they "prompt the listener to respond in a way that facilitates the carrying out of criminal activity."). By explaining to Mr. Bryan how Apple facilitated Penguin's conspiracy with its competitors, Mr. Shanks both recorded how Penguin had successfully used Apple to facilitate a conspiracy with its competitors, and detailed precisely for Mr. Bryan how he should continue the conspiracy in the future. Moreover, because Mr. Shanks is informing Mr. Bryan of the "current status" of the conspiracy, and how to minimize detection for participating in that conspiracy, his statement is properly considered in furtherance of that conspiracy. *United States v. Blackmon*, 839 F.2d 900, 912 (2d Cir. 1988) ("statements that . . . brief a coconspirator on the scheme are statements made in furtherance of a conspiracy.").

Apple also erroneously contends that PX-0542 does not satisfy Rule 801(d)(2)(E) because "plaintiffs have not established" by a preponderance of the evidence that there was a conspiracy that included Apple and Mr. Shanks.[2] The application of such a rule at the beginning of trial would render Rule 801(d)(2)(E) a nullity because no statement made in furtherance of a conspiracy would ever be admissible unless the conspiracy was fully proven at trial. *Cf. United States. v. Tellier*, 83 F.3d 578, 580 (2d Cir. 1996) (hearsay statements may be considered in determining admissibility under Rule 801(d)(2)(E)). Thus, the Second Circuit's longstanding practice is that the Court admits "the co-conspirator statements subject to the later satisfaction of FRE 801(d)(2)(E)." *Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 332-33 (S.D.N.Y. 2009) (*citing United States v. Geaney*, 417 F.2d 1116 (2d Cir.1969)). Moreover, Plaintiffs' pre-trial briefing sets forth ample independent evidence corroborating Mr. Shanks's statement and supporting the existence of a conspiracy. *United States v. Nersesian*, 824 F.2d 1294, 1325 (2d Cir.1987)

As Apple's letter implicitly admits, Mr. Shanks' email is also admissible under the state-of-mind hearsay exception in Rule 803(3) to prove the existence of a publisher conspiracy. As this Court has recognized, part of plaintiffs' case is proving a horizontal conspiracy among publisher defendants to raise prices. Pretrial Conf. Tr. 44-45; *see also FTC v. Toys "R" Us*, 221 F.3d 928, 934 (7th Cir. 2000). Mr. Shanks's statement speaks to both his "intent" and "plan" to avoid detection of a conspiracy with his competitors. As such, the document is admissible under Rule 803(3).

Finally, this Court should admit PX-0542 under the residual exception to the hearsay rule. Fed. R. Evid. 807(a)(1). Mr. Shanks' admission that Apple acted as a facilitator for Penguin's conspiracy with the other publisher defendants is clearly one that, if Mr. Shanks were unavailable to testify at trial, would be considered a statement against his interest under Rule 804(3).[3] As such, it is consistent with the type of out-of-court statement that the drafters of the Rules recognize bears sufficient indicia of reliability to be an exception to the rule against hearsay. *Morales v. Portuondo*, 154 F. Supp. 2d 706, 725 & n.7 (S.D.N.Y. 2001). Further, Apple does not contest the highly probative value of Mr. Shanks's statement.

---

[2] Apple's bald contention that at the time Mr. Shanks wrote PX-0542 the conspiracy had terminated is contradicted by the document itself. Mr. Shanks is trying to *conceal* the nature of the conspiracy, which, based on his advice to Mr. Bryan, was clearly still fully operational.

[3] Similarly, as Apple acknowledges, if Penguin were still a party in the case, Mr. Shanks's statement would be sufficiently reliable to be admissible under Rule 801(d)(2)(A).

The Honorable Denise L. Cote
June 2, 2013
Page 3

                                             Respectfully Submitted,

                                             <u>/s/ Mark W. Ryan</u>
                                             Mark W. Ryan