# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,

                v.

APPLE, INC., *et al.*,

                Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 12-CV-2826 (DLC)

ECF Case

## MEMORANDUM IN SUPPORT OF MOTION BY THE UNITED STATES FOR ENTRY OF THE PROPOSED MACMILLAN FINAL JUDGMENT

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA" or "Tunney Act"), the United States moves for entry of the proposed Final Judgment as to Defendants Verlagsgruppe Georg von Holtzbrinck GmbH and Holtzbrinck Publishers, LLC d/b/a Macmillan (collectively, "Macmillan"). The proposed Final Judgment as to Macmillan ("proposed Macmillan Final Judgment"), attached as Exhibit A, may be entered at this time without further hearing if the Court determines that entry is in the public interest. The Competitive Impact Statement filed by the United States on February 8, 2013 (Docket No. 175), and Response to Comments filed by the United States on May 24, 2013 (Docket No. 261), explain why entry of the proposed Macmillan Final Judgment is in the public interest. The United States has attached to this Memorandum as Exhibit B a Certificate of Compliance setting forth the steps taken by the parties to comply with all applicable provisions of the APPA, and certifying that the statutory waiting period has expired.

## I.     BACKGROUND

On April 11, 2012, the United States filed a civil antitrust Complaint alleging that Apple, Inc. ("Apple") and five of the six largest publishers in the United States ("Publisher Defendants") conspired to raise prices of electronic books ("e-books") in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.  This court entered a Final Judgment ("Original Final Judgment") as to three settling Publisher Defendants, Hachette Book Group, Inc., HarperCollins Publishers L.L.C., and Simon & Schuster, Inc., on September 6, 2012 (Docket No. 119), and entered a Final Judgment ("Penguin Final Judgment") as to Defendants The Penguin Group, a division of Pearson PLC, and Penguin Group (USA), Inc. on May 17, 2013 (Docket No. 259).

On February 8, 2013, the United States reached a settlement with Macmillan on substantially the same terms as those contained in the Original Final Judgment and the Penguin Final Judgment, and filed the proposed Macmillan Final Judgment and a Stipulation signed by the United States and Macmillan consenting to the entry of the proposed Macmillan Final Judgment after compliance with the APPA (Docket No. 174).

## II.     COMPLIANCE WITH THE APPA

The APPA requires a sixty-day period for the submission of public comments on a proposed Final Judgment.  *See* 15 U.S.C. § 16(b).  In compliance with the APPA, the United States filed its Competitive Impact Statement ("CIS") with the Court on February 8, 2013 (Docket No. 175); published the proposed Final Judgment and CIS in the *Federal Register* on February 25, 2013, *United States v. Apple, Inc., et al.*, 78 Fed. Reg. 12874; and summaries of the terms of the proposed Macmillan Final Judgment and CIS, together with directions for the submission of written comments relating to the proposed Final Judgment, were published in the

*Washington Post* and the *New York Post* for seven days beginning on February 21, 2013 and ending on February 27, 2013.  Macmillan filed the statement required by 15 U.S.C. § 16(g) on April 15, 2013 (Docket No. 202).  The sixty-day period for public comments ended on April 28, 2013.  The United States received one comment, the response to which was filed with the Court on May 24, 2013 (Docket No. 261), and published in the *Federal Register* on June 4, 2013, *see* 78 Fed. Reg. 33437.  The Certificate of Compliance filed with this Memorandum as Exhibit B recites that all the requirements of the APPA have now been satisfied.  Following any briefing by other parties, as permitted by the Court's February 19, 2013 Order (Docket No. 180), it will be appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the proposed Macmillan Final Judgment.

### III.     STANDARD OF JUDICIAL REVIEW

The Clayton Act, as amended by the APPA, requires that proposed consent judgments in antitrust cases brought by the United States be subject to a sixty-day public comment period, after which the Court shall determine whether entry of the proposed Final Judgment "is in the public interest."  15 U.S.C. § 16(e)(1).  In making that determination in accordance with the statute, the Court shall consider:

> (A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

> (B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1).

3

In its Opinion and Order finding that the Original Final Judgment satisfied the requirements of the Tunney Act, this Court articulated the public interest standard under the APPA.  *See United States v. Apple, Inc.*, 889 F. Supp. 2d 623, 630-32 (S.D.N.Y. 2012).  The public has had the opportunity to comment on the proposed Macmillan Final Judgment as required by law.  As explained in the CIS and the Response to Comments, entry of the proposed Macmillan Final Judgment meets the standard articulated by the Court and is in the public interest.  The United States therefore requests that, following any briefing by other parties, this Court enter the proposed Macmillan Final Judgment.[1]

**IV.    CONCLUSION**

For the reasons set forth in this Memorandum, the CIS, and the Response to Comments, the Court should find that entry of the proposed Macmillan Final Judgment is in the public interest and enter the proposed Macmillan Final Judgment.

Dated:  June 12, 2013

Respectfully submitted,

        s/Mark W. Ryan
Mark W. Ryan
Lawrence E. Buterman
Stephen T. Fairchild
Attorneys for the United States
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
(202) 532-4753
Mark.W.Ryan@usdoj.gov

---

[1]  Because the proposed Macmillan Final Judgment does not apply to all defendants in this action, it may be entered only if the Court "expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  This Court has already entered Final Judgments as to four Publisher Defendants and there is no reason for the Court to delay entry of the proposed Macmillan Final Judgment, completing the entry of relief as to all Publisher Defendants in this case.

## CERTIFICATE OF SERVICE

I, Stephen T. Fairchild, hereby certify that on June 12, 2013, I caused a copy of the Memorandum in Support of Motion of the United States for Entry of the Proposed Macmillan Final Judgment to be served by the Electronic Case Filing System, which included the individuals listed below.

For Apple:
Daniel S. Floyd
Gibson, Dunn & Crutcher LLP
333 S. Grand Avenue, Suite 4600
Los Angeles, CA 90070
(213) 229-7148
dfloyd@gibsondunn.com

For Macmillan and Verlagsgruppe Georg
Von Holtzbrinck GMBH:
Joel M. Mitnick
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
jmitnick@sidley.com

For Penguin U.S.A. and the Penguin Group:
Daniel F. McInnis
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Avenue NW
Washington, DC 20036
(202) 887-4000
dmcinnis@akingump.com

For Hachette:
Walter B. Stuart, IV
Freshfields Bruckhaus Deringer LLP
601 Lexington Avenue
New York, NY 10022
(212) 277-4000
walter.stuart@freshfields.com

For HarperCollins:
Paul Madison Eckles
Skadden, Arps, Slate, Meagher & Flom
Four Times Square, 42nd Floor
New York, NY 10036
(212) 735-2578
pmeckles@skadden.com

For Simon & Schuster:
Yehudah Lev Buchweitz
Weil, Gotshal & Manges LLP (NYC)
767 Fifth Avenue, 25th Fl.
New York, NY 10153
(212) 310-8000 x8256
yehudah.buchweitz@weil.com

      Additionally, courtesy copies of this Memorandum in Support of Motion of the United States for Entry of the Proposed Macmillan Final Judgment have been provided to the following:

For the State of Connecticut:
W. Joseph Nielsen
Assistant Attorney General
Antitrust Division
Office of the Attorney General
55 Elm Street
Hartford, CT 06106
(860) 808-5040
Joseph.Nielsen@ct.gov

For the State of Texas:
Gabriel R. Gervey
Assistant Attorney General
Antitrust Division
Office of the Attorney General of Texas
300 W. 15th Street
Austin, Texas 78701
(512) 463-1262
gabriel.gervey@oag.state.tx.us

For the Private Plaintiffs:
Jeff D. Friedman
Hagens Berman
715 Hearst Ave., Suite 202
Berkeley, CA 94710
jefff@hbsslaw.com
(510) 725-3000

        s/Stephen T. Fairchild
        Stephen T. Fairchild
        Attorney for the United States
        United States Department of Justice
        Antitrust Division
        450 Fifth Street, NW, Suite 4000
        Washington, DC 20530
        (202) 532-4925
        stephen.fairchild@usdoj.gov