UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

v.

APPLE INC.,

        Defendant.

12 Civ. 2826 (DLC)

------------------------------------------------------------x


------------------------------------------------------------x

THE STATE OF TEXAS,
THE STATE OF CONNECTICUT, *et al.*,

        Plaintiffs,

v.

PENGUIN GROUP (USA) INC., *et al.*,

        Defendants.

12 Civ. 3394 (DLC)

------------------------------------------------------------x


**DEFENDANT APPLE INC.'S SCHEDULING PROPOSAL**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

DISCUSSION .................................................................................................................................. 3

    I.    The Court Should Stay Phase Two of the States' Trial and the Class Proceedings ........................................................................................................... 3

    II.    If a Stay Is Denied, Proceedings Should Be Properly and Efficiently Sequenced ..................................................................................................................... 8

            A.    Class Certification ............................................................................................. 9

            B.    Notice and Opt-Out Procedures. ................................................................. 10

            C.    Fact and Expert Discovery Regarding Liability and Damages ................. 10

            D.    Summary Judgment Proceedings. ................................................................ 11

CONCLUSION ........................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Express Co. v. Italian Colors Rest.*,
133 S. Ct. 2304 (2013) .................................................................................................... 6

*Brenntag Int'l Chems., Inc. v. Bank of India*,
175 F.3d 245 (2d Cir. 1999) ........................................................................................... 5

*Bridge v. Phoenix Bond & Indem. Co.*,
553 U.S 639 (2008) ........................................................................................................ 6

*Broussard v. Meineke Discount Muffler Shops, Inc.*,
155 F.3d 331 (4th Cir. 1998) ......................................................................................... 2

*Clinton v. Jones*,
520 U.S. 681 (1997) ....................................................................................................... 3

*Comcast Corp. v. Behrend*,
133 S. Ct. 1426 (2013) ............................................................................................ 1, 6, 9

*Estate of Heiser v. Deutsche Bank Trust Co. Americas*,
No. 11-cv-1608, 2012 WL 2865485 (S.D.N.Y. July 10, 2012) ............................. 3, 4, 5, 7

*Hilton v. Braunskill*,
481 U.S. 770 (1987) ..................................................................................................... 3, 5

*In re Initial Pub. Offerings Sec. Litig.*,
471 F.3d 24 (2d Cir. 2006) ........................................................................................... 7, 9

*In re Literary Works in Elec. Databases Copyright Litig.*,
No. 00-cv-6049, 2001 WL 204212 (S.D.N.Y. Mar. 1, 2001) ......................................... 8

*In re Starbucks Emp. Gratuity Litig.*,
264 F.R.D. 67 (S.D.N.Y. 2009) .................................................................................... 11

*In re World Trade Ctr. Disaster Site Litig.*,
No. 06-5324-cv, 2007 U.S. App. LEXIS 8728 (2d Cir. Mar. 9, 2007) ......................... 3

*Krantz & Berman, LLP v. Dalal*,
No. 09-cv-9339, 2011 WL 2923938 (S.D.N.Y. July 20, 2011) ..................................... 8

*Landis v. N. American Co.*,
299 U.S. 248 (1936) ....................................................................................................... 3

## TABLE OF AUTHORITIES *(cont.)*

**Page(s)**

*Marshel v. AFW Fabric Corp.*,
  552 F.2d 471 (2d Cir. 1977) .................................................................................. 7

*McLaughlin v. Am. Tobacco Co.*,
  522 F.3d 215 (2d Cir. 2008) .................................................................................. 6

*Philip Morris USA, Inc. v. Scott*,
  131 S. Ct. 1 (2010) ................................................................................................ 5

*Plummer v. Quinn*,
  No. 07-cv-6154, 2008 WL 383507 (S.D.N.Y. Feb. 12, 2008) ......................... 3, 5

*United States v. Visa U.S.A., Inc.*,
  No. 98-cv-7076 (S.D.N.Y. Feb. 7, 2002) .............................................................. 3

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011) ...................................................................................... 6, 9

*Wells Fargo Bank, N.A. v. ESM Fund I, LP*,
  No. 10-cv-7332, 2012 WL 3023985 (S.D.N.Y. July 24, 2012) ............................ 2

**Statutes**

15 U.S.C. § 15c ............................................................................................................ 1

15 U.S.C. § 15c(b)(1) ................................................................................................ 10

15 U.S.C. § 15c(b)(2) ................................................................................................ 10

15 U.S.C. § 15d ............................................................................................................ 1

15 U.S.C. § 15e ............................................................................................................ 1

**Rules**

Fed. R. Civ. P. 23(c)(1)(A) ........................................................................................ 11

**Other Authorities**

Daniel Fisher, *Apple Learns the Hazards of Innovation with E-Book Antitrust Ruling*, Forbes,
  July 10, 2013 .......................................................................................................... 4

*Guilty of Competition*, Wall St. J., July 11, 2013 ...................................................... 4

L. Gordon Crovitz, *A Judge Convicts Apple of Competition*, Wall St. J., July 22, 2013 ............... 4

Mark Seavy & Kate Tummarello, *Apple Guilty of E-Book Pricing Conspiracy – Observers Debate Likelihood of Appeal*, Consumer Electronics Daily, July 11, 2013 ............................... 4

## TABLE OF AUTHORITIES *(cont.)*

Page(s)

Roger Parloff, *US v. Apple Could Go to the Supreme Court*, CNNMoney, June 5, 2013 ............. 4

Scott Martin, *Judge: Apple Conspired To Raise E-Book Prices*, USA Today, July 10, 2013 ...... 4

*The E-Book Price Fixing Conspiracy*, N.Y. Times, July 13, 2013................................................ 4

## PRELIMINARY STATEMENT

Pursuant to this Court's July 10 Order, Apple hereby files this "proposal[] as to the completion of discovery and a schedule for any trial on damages." ECF No. 327 at 1.

Apple proposes that this Court stay all further proceedings pending Apple's appeal of the final judgment and any injunction entered by the Court. A stay is particularly appropriate given the procedural posture of this case and all the standards for issuing a stay are satisfied.

This Court's July 10 decision finding a violation of Section 1 of the Sherman Act raises substantial and important issues concerning how the antitrust laws, as interpreted by Supreme Court decisions thirty or more years old, apply to efforts of companies to enter new markets in the rapidly changing, always evolving technology sector. Apple plans to appeal this Court's final judgment and respectfully submits that it has a strong chance of prevailing in the Second Circuit and the Supreme Court. And the issues on appeal are potentially dispositive of the plaintiff States' action, as well as the related putative class proceedings: If Apple succeeds on appeal in challenging this Court's ruling that Apple joined and facilitated a price-fixing conspiracy among the publisher defendants and thereby violated Section 1, these related actions will fail as a matter of law as well.

Moreover, absent a stay, the parties and the Court will devote enormous time and effort to conducting further fact and expert discovery, motions practice, and a potential jury trial. Notwithstanding 15 U.S.C. §§ 15c-15e, the Court would have to determine whether there is a fair and efficient way to adjudicate the States' damages claims regarding alleged injuries to millions of consumers in a way that will protect Apple's right to defend itself under the antitrust laws and Due Process Clause. *See, e.g., Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) (overturning class certification in antitrust case because the evidence fell "far short of establishing that

damages are capable of measurement on a classwide basis"). Nor does the granting of a stay pose any countervailing risks of injury to the parties or the public interest. Indeed, the States and the Settlement Class informed the Court earlier today that they would like to move forward with finalizing and distributing the $166 million in proceeds from their settlements with the defendant publishers, which amounts to over 76% of the damages that plaintiffs allege resulted from the alleged antitrust violation, and the publisher defendant consent decrees already provide protection against future violations. At the same time, the public will benefit greatly from the savings in judicial resources that will accrue by avoiding another costly round of hard-fought litigation that will all have been for nothing if Apple prevails on appeal. *Cf. Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 352 (4th Cir. 1998) (overturning a $390 million class action jury verdict as a matter of law).

In short, a stay pending Apple's appeal from the final judgment in the DOJ case will serve the interests of all parties and the Court. But in the event the Court declines to stay phase two of the plaintiff States' case and the class action, Apple proposes a schedule—set out below and attached as Exhibit A—that would allow for a single October 2014 jury trial on remaining issues of liability and damages in both cases. Apple has met and conferred with counsel for plaintiff States and the putative class twice on the schedule and procedure, and the parties have different views on the schedule. Apple's proposal for proceedings, if its stay request is ultimately denied, is set forth in Section II below. The parties anticipate further discussions in advance of the August 9, 2013 hearing to attempt to address the differences, and will report to the Court on any progress made.

## DISCUSSION

I. **The Court Should Stay Phase Two of the States' Trial and the Class Proceedings**

This Court should exercise its "judicial discretion" to stay both phase two of the States' trial as well as the class proceedings. *Wells Fargo Bank, N.A. v. ESM Fund I, LP*, No. 10-cv-7332, 2012 WL 3023985, at *1 (S.D.N.Y. July 24, 2012) ("A determination to stay enforcement of a judgment pending appeal is an exercise of judicial discretion"); *see, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, No. 06-5324-cv, 2007 U.S. App. LEXIS 8728 (2d Cir. Mar. 9, 2007) (granting motion for a stay of trial as well as pre-trial proceedings pending appeal); *Estate of Heiser v. Deutsche Bank Trust Co. Americas*, No. 11-cv-1608, 2012 WL 2865485 (S.D.N.Y. July 10, 2012) (granting stay pending resolution of two consolidated appeals that presented questions of law substantially related to the case); *Plummer v. Quinn*, No. 07-cv-6154, 2008 WL 383507 (S.D.N.Y. Feb. 12, 2008) (granting stay pending defendant's appeal); *United States v. Visa U.S.A., Inc.*, No. 98-cv-7076, Dkt. No. 247 (S.D.N.Y. Feb. 7, 2002) (granting stay of all provisions of the final judgment pending final resolution of defendant's appeal).

As the Supreme Court has recognized, a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936)). Indeed, the Court has explained that "especially in cases of extraordinary public moment," as in this case, a plaintiff "may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

As shown below, Apple has met all of the standards necessary for stay: Apple has a substantial possibility of success on appeal, it will suffer irreparable harm absent a stay, and there are no countervailing hardships that would be created by a stay. *See Hilton v. Braunskill*,

481 U.S. 770, 776 (1987). In fact, all parties, the Court and the public will benefit from a stay while the important issues at the center of these cases are reviewed on appeal.

In determining whether to grant a stay, "the court may . . . consider the prospects of success on appeal, a consideration that is to be assessed *with liberality*." *Estate of Heiser*, 2012 WL 2865485, at *3 (emphasis added). Demonstrating "a substantial possibility" is therefore not a heavy burden—it is "*less than a likelihood*, of success on appeal." *Id.* (emphasis added) (internal quotation marks omitted).

Although plaintiffs repeatedly characterized this as a "garden variety" price-fixing case, it is no such thing. Rather, plaintiffs' theories of antitrust liability against Apple are novel—in particular where the key element of agreement is premised on the "practical effect" of a contract—and controversial. Apple has strong arguments for appeal from this Court's July 10 ruling, which has generated significant debate and discussion about the meaning and scope of the antitrust laws in this context.[1]

---

[1] *See, e.g.*, L. Gordon Crovitz, *A Judge Convicts Apple of Competition*, Wall St. J., July 22, 2013, at A15 (describing "several grounds to appeal" the ruling that, if not overturned, "will undermine competition, harm consumers and deter new products"); Editorial, *The E-Book Price Fixing Conspiracy*, N.Y. Times, July 13, 2013, at A18 (Apple's agency agreements with the publishers "brought much-needed competition to the e-book marketplace . . . that is healthier for the publishers and for consumers, too"); Editorial, *Guilty of Competition*, Wall St. J., July 11, 2013, at A14 ("we trust the Second Circuit or even the Supreme Court will squelch this threat to competition and efficient markets"); Mark Seavy & Kate Tummarello, *Apple Guilty of E-Book Pricing Conspiracy – Observers Debate Likelihood of Appeal*, Consumer Electronics Daily, July 11, 2013 (explaining how "[a]nalysts were divided over Apple's chances for reversing Cote's decision"); Scott Martin, *Judge: Apple Conspired To Raise E-Book Prices*, USA Today, July 10, 2013, at http://www.usatoday.com/story/tech/2013/07/10/apple-ebooks-case/2504901/ (illustrating that "[l]egal experts remain[] mixed on whether Apple's actions were defensible or ran afoul of antitrust concerns"); Daniel Fisher, *Apple Learns the Hazards of Innovation with E-Book Antitrust Ruling*, Forbes, July 10, 2013, at http://www.forbes.com/sites/danielfisher/2013/07/10/apple-learns-the-hazards-of-innovation-with-e-book-antitrust-ruling/ (quoting one antitrust professor as saying "'[w]hen firms come up with new pricing schemes

4

Apple has at the very least a substantial possibility of success on the important issues it will raise on appeal, including the proper legal standards to apply. Those issues include how controlling Supreme Court authority applies in these circumstances, whether the "per se" rule of antitrust liability applies here, whether Apple can prevail under the rule of reason, and whether evidence was improperly admitted, excluded, or disregarded. Apple has repeatedly briefed and argued these issues to this Court. While this Court has disagreed with Apple's views on these important issues, the issues easily provide "substantial" grounds for appeal that are "more than just colorable." *Estate of Heiser*, 2012 WL 2865485, at *6.

The other relevant considerations also counsel in favor of a stay of the second phase of trial in the States' action: (1) whether the applicant will suffer irreparable harm without a stay; (2) whether a stay will substantially injure the other parties interested in the proceeding; and (3) the public interest. *Hilton*, 481 U.S. at 776; *Plummer*, 2008 WL 383507, at *1. Without a stay, Apple will be irreparably harmed if it prevails on appeal because it will have been forced to spend millions of dollars—that it could not recover—to litigate all remaining issues during the pendency of the appeal. "Normally the mere payment of money is not considered irreparable, but that is because money can usually be recovered from the person to whom it is paid. If expenditures cannot be recouped, the resulting loss may be irreparable." *Philip Morris USA, Inc. v. Scott*, 131 S. Ct. 1, 4 (2010) (Scalia, J. in chambers) (internal citations omitted); *see also*

---

that force other companies to adopt new schemes, that's a good thing. . . . This will be appealed, I assure you. And I am not certain it will stand.'"); Roger Parloff, *US v. Apple Could Go to the Supreme Court*, CNNMoney, June 5, 2013, at http://tech.fortune.cnn.com/2013/06/05/us-v-apple-could-go-to-the-supreme-court/ ("it's hard not to already hear Justice Antonin Scalia's taunting voice at an oral argument, caustically demanding: 'Mr. Buterman, can you name another case in which we have held that a company violates the antitrust laws by "sharpening the incentives" of a contractual partner to act in certain ways?'").

5

*Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999) (in preliminary injunction context, irreparable harm exists where "there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied").

In particular, the required inquiry before any class could be certified is "rigorous" (*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)), and the undertaking required in order to prepare class-certification briefing for the Court's decision is enormous. It is also critical—as the Court is required by both Rule 23 and due process to engage in this inquiry in order to determine whether the proposed class would allow for fair and efficient adjudication of the plaintiffs' damages claims in a way that will protect Apple's right to defend itself under the antitrust laws and Due Process Clause. *Cf. Wal-Mart Stores, Inc.*, 131 S. Ct. at 2561 (unanimously banning "Trial by Formula" in class actions and requiring a process that ensures a defendant will be able to "litigate its statutory defenses to individual claims"); *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 232 (2d Cir. 2008) ("When fluid recovery is used to permit the mass aggregation of claims, the right of defendants to challenge the allegations of individual plaintiffs is lost, resulting in a due process violation."), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S 639 (2008). As the Supreme Court held recently in *Comcast Corp. v. Behrend*, 133 S. Ct. at 1435, plaintiffs must "bridge the differences between supra-competitive prices in general and supra-competitive prices attributable to the [defendant's wrongful conduct]." And the *Comcast* plaintiffs failed to do so—"the model failed to measure damages resulting from the particular antitrust injury on which petitioners' liability in this action is premised." *Id.* at 1433.

Indeed, the "stringent requirements for certification . . . exclude *most* claims." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2307 (2013) (emphasis added); *see, e.g., Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551 ("it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," and it must engage in this "rigorous analysis" even if it "entail[s] some overlap with the merits") (internal quotation marks omitted); *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) (plaintiffs must offer "enough *evidence*" to prove that each Rule 23 requirement has been met) (emphasis added).

In short, the class-certification proceedings will be costly, time-consuming and will absorb a tremendous amount of the parties' and the Court's resources. Apple will suffer irreparable injury if it expends these resources and then prevails in an appeal that defeats the claims of the States and the putative class.

At the same time, the States and putative class plaintiffs will not be substantially injured during the appeal; in the meantime, consumers represented by the States (and class) will receive the $166 million settlement with the defendant publishers *amounting to over 76% of alleged damages on plaintiff States' calculation.* No. 12-cv-03394, ECF No. 242 at 2 (S.D.N.Y. July 23, 2013). Further, the major six publishers are operating under consent decrees with all retailers, including Apple. Thus, while the public has an interest in enforcing antitrust laws, that interest will be respected during the appeal by way of the consent decrees that have already been entered regarding this very case.

Moreover, the public has an interest in a stay because it would promote judicial economy and efficiency. *See Estate of Heiser*, 2012 WL 2865485, at *3. *All* parties risk wasting enormous amounts of time and resources preparing for the second phase of trial when the determination in the first trial will be under appellate review as the proceedings progress. The

class plaintiffs intend to pursue collateral estoppel based on findings in the DOJ and States' trial. While Apple disagrees that the Court's findings may be used as collateral estoppel to establish liability in the class action, the fact that plaintiffs intend to make this argument while the liability finding is on appeal is itself sufficient to warrant a stay of those proceedings. *See Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (per curiam) (staying damages proceedings where the "question of liability for damages will, in all likelihood, turn upon the decision" in a "closely related case"); *Krantz & Berman, LLP v. Dalal*, No. 09-cv-9339, 2011 WL 2923938, at *2 (S.D.N.Y. July 20, 2011) (granting stay where decision on appeal might eliminate the need to litigate one of plaintiff's claims); *In re Literary Works in Elec. Databases Copyright Litig.*, No. 00-cv-6049, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) ("A court may properly [stay proceedings] when a higher court is close to settling an important issue of law bearing on the action"). Accordingly, a stay will benefit all concerned by avoiding a waste of resources if the Court's decision is reversed.

## II.     If a Stay Is Denied, Proceedings Should Be Properly and Efficiently Sequenced.

If the second phase of the States' case and the class action are not stayed pending appeal, Apple proposes phasing the remaining proceedings to allow for a single October 2014 jury trial.[2] Specifically, and as explained more fully below, the schedule should allow time for class certification proceedings, and fact and expert discovery related to liability and damages issues. In addition, Apple anticipates that summary judgment proceedings will potentially be required after the close of merits discovery to address the scope of injury and damage claims to be presented at trial. Class plaintiffs have also raised the possibility of addressing collateral

---

[2] Although the class plaintiffs have proposed waiving their right to a jury trial, all parties agree that phase two trial proceedings will be before a jury.

estoppel questions via a motion for summary adjudication. Below, Apple has outlined its views on the order and elements of the pre-trial proceedings.

A.  **Class Certification.**[3]

Apple will oppose a motion to certify the putative class. Class certification discovery, briefing and a hearing will be required. Apple proposes that proceedings related to class certification commence shortly and be phased as follows: (1) class plaintiffs file their motion for class certification and accompanying papers, including any expert reports and disclosures relating to class certification; (2) Apple takes discovery related to the class certification proceedings, including depositions of the proposed class representatives and any expert witnesses and, as necessary, third-party discovery; (3) Apple files a brief in opposition to class certification and any expert reports and disclosures on class certification; (4) class plaintiffs depose any experts proffered by Apple relating to class certification; (5) putative class plaintiffs file their reply brief in support of their motion; and (6) court holds a hearing on class certification, which may include live testimony, as well as *Daubert* motions and a corresponding hearing. *See Comcast*, 133 S. Ct. at 1433 (to prevail on a motion for class certification, plaintiffs must prove that "damages are capable of measurement on a classwide basis"); *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2553-54 ("The District Court concluded that *Daubert* did not apply to expert testimony at the certification stage of class-action proceedings. We doubt that is so . . . .") (internal citations omitted); *see also Comcast*, 133 S. Ct. at 1432 (party "must not only be prepared to prove [the requirements of Rule 23(a)]," but "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)"); *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551

---

[3] Counsel for the class has indicated that it is pursuing a case on behalf of e-book purchasers residing in 20 states and territories.

9

("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23]."); *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d at 41 ("[T]he district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met."). Apple believes that the class certification process can be completed by mid-to-late January 2014.[4]

> B.   **Notice and Opt-Out Procedures.**

If the Court were to grant class certification in whole or part, it would need to approve and allow time for notice and opt-out procedures for the class action. Unless the Court determines additional notice is necessary to guarantee due process, the state attorneys general must provide notice by publication. 15 U.S.C. § 15c(b)(1). Any person on whose behalf a *parens patriae* case is brought may opt-out by filing notice of such election within the time specified in the published notice. *Id.* § 15c(b)(2). Plaintiffs have indicated that they want the class certification and expert damages reports to be combined to achieve an April 7, 2014 trial date. Apple believes that, given the parties did not engage in comprehensive fact discovery relating to causation and damages, or any expert discovery on these issues, and such discovery is required, coupling expert discovery on both issues together will in the end serve to delay this action, especially given the need for notice and opt-outs.

> C.   **Fact and Expert Discovery Regarding Liability and Damages.**

The parties will need to conduct and conclude fact and expert discovery on the merits issues relevant to the trial on the States' and (if certified) the class's claims. Apple is in the process of retaining its damages experts and will be developing its fact discovery plan. This

---

[4] This proposed schedule assumes that the class reply would not present new evidence or arguments requiring further discovery and/or briefing.

discovery will need to be incorporated into the expert damages reports and discovery. Apple believes that the discovery proceedings, including expert discovery, can be completed by May 30, 2014.

### D. Summary Judgment Proceedings.

Apple anticipates that summary judgment proceedings will potentially be required—and should be scheduled—at the close of merits discovery to address the scope of injury and damages claims to be presented at trial. Class plaintiffs have also raised the possibility of addressing collateral estoppel questions via a motion for summary adjudication. While there is the potential for such a motion to be heard before the close of merits discovery, it should be scheduled (if brought) after a decision on class certification. *See* Fed. R. Civ. P. 23(c)(1)(A) ("the court must determine" class certification "[a]t an early practicable time after a person sues or is sued as a class representative"). And unlike a situation in which a defendant's dispositive motion may be heard prior to class certification to "protect the parties from needless and costly further litigation," *In re Starbucks Emp. Gratuity Litig.*, 264 F.R.D. 67, 75 (S.D.N.Y. 2009), delaying class certification proceedings until a collateral estoppel determination would not serve the parties' interest in efficient litigation.

While a stay of all proceedings pending Apple's appeal would maximize efficiency, it this Court decides not to grant a stay, the remaining proceedings should be organized logically and with the objective of avoiding duplication of efforts in the States' action and class action. Attached as Exhibit A is a chart setting forth Apple's proposal as to how any such proceedings should be structured in the interests of fairness and efficiency.

11

## CONCLUSION

The Court should stay the second phase of trial in the States' action, as well as the class action, pending Apple's appeal of the liability findings in the DOJ and States' action. In the alternative, this Court should resolve class certification first, and then hold a joint jury trial on all remaining issues in the States' action and the class action.

Dated: August 2, 2013　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By:　　　　　　/s/　　　　　　
　　　　　　　　　　　　　　　　Orin Snyder
　　　　　　　　　　　　　　　　Lisa H. Rubin
　　　　　　　　　　　　　　　　Gibson, Dunn & Crutcher, LLP
　　　　　　　　　　　　　　　　200 Park Avenue, 47th Floor
　　　　　　　　　　　　　　　　New York, NY 10166
　　　　　　　　　　　　　　　　(212) 351-4000
　　　　　　　　　　　　　　　　osnyder@gibsondunn.com

　　　　　　　　　　　　　　　　Daniel G. Swanson (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　Daniel S. Floyd (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　Gibson, Dunn & Crutcher, LLP
　　　　　　　　　　　　　　　　333 South Grand Avenue
　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　(213) 229-7000
　　　　　　　　　　　　　　　　dfloyd@gibsondunn.com

　　　　　　　　　　　　　　　　Cynthia Richman (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　Gibson, Dunn & Crutcher, LLP
　　　　　　　　　　　　　　　　1050 Connecticut Avenue, N.W.
　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　(202) 955-8500
　　　　　　　　　　　　　　　　crichman@gibsondunn.com

　　　　　　　　　　　　　　　　Howard E. Heiss
　　　　　　　　　　　　　　　　Edward N. Moss
　　　　　　　　　　　　　　　　O'Melveny & Myers LLP
　　　　　　　　　　　　　　　　7 Times Square
　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　(212) 326-2000
　　　　　　　　　　　　　　　　hheiss@omm.com

　　　　　　　　　　　　　　　　*Attorneys for Defendant Apple Inc.*

# EXHIBIT A
*Apple's Proposal Concerning Further Proceedings Absent a Stay*

| EVENT | PLAINTIFFS' PROPOSED DATE | APPLE'S PROPOSED DATE |
|---|---|---|
| Class Plaintiffs' Motion for Class Certification and Accompanying Papers, Including Expert Reports Relating to Class Certification | October 11, 2013 | October 11, 2013 |
| Apple's Opposition to Class Certification and Accompanying Papers, Including Expert Reports Relating to Such Opposition and *Daubert* Motions (if any) Concerning Plaintiffs' Experts Relating to Class Certification | November 15, 2013 | December 6, 2013 |
| Class Plaintiffs' Reply in Support of Class Certification and Accompanying Papers, Including Any Rebuttal Expert Reports Relating to Class Certification and Opposition to Apple's *Daubert* Motions (if any) | December 13, 2013 | January 10, 2014 |
| Apple's *Daubert* Replies (if any) and Apple's Sur-Reply in Opposition to Class Certification (only in the event reply contains new evidence or subject matter) |  | January 24, 2014 |
| Class Certification Hearing |  | February 2014 |
| Class Plaintiffs and States' Opening Expert Damages Report |  | February 21, 2014 |
| Apple's Rebuttal Expert Damages Report |  | April 18, 2014 |
| Class and States' Expert Damages Reply Report | December 13, 2013 | May 16, 2014 |
| Phase II discovery ends |  | May 30, 2014 |
| Motions for Summary Judgment | January 24, 2014 | June 20, 2014 |
| Oppositions to/Cross Motion for Summary Judgment; *Daubert* Motions (if any) re: Plaintiffs' Damages Experts | February 14, 2014 | July 18, 2014 |
| Replies in Support of Summary Judgment; Oppositions to Apple's *Daubert* Motions (if any) | February 28, 2014 | August 1, 2014 |
| Apple's *Daubert* Replies (if any) |  | August 8, 2014 |
| Motions *in Limine* | March 14, 2014 | September 5, 2014 |
| Oppositions to Motions *in Limine* |  | September 19, 2014 |
| Final Pre-Trial Conference |  | September 28, 2014 |
| Trial | April 7, 2014 | October 6, 2014 |