

**U.S. Department of Justice**

Antitrust Division

---

*Lawrence E. Buterman*
*Direct Dial: (202) 532-4575*
*Fax: (202) 616-8544*
*e-mail: lawrence.buterman@usdoj.gov*

*Liberty Square Building*
*450 5th Street, NW*
*Suite 4000*
*Washington, DC 20530*

August 5, 2013

The Honorable Denise L. Cote
United States District Judge, S.D.N.Y.
Daniel P. Moynihan U.S. Courthouse
New York, NY 10007-1312

      Re:    United States v. Apple, Inc., et al., No. 12-cv-2826 (DLC)
               State of Texas v. Penguin Group (USA), Inc., No. 12-cv-3394 (DLC)

Dear Judge Cote:

      On August 2, 2013, Defendant Apple Inc. filed its scheduling proposal for the Plaintiff States' and class's damages trial ("damages action"), including a request that all further proceedings be stayed pending appeal of this Court's final judgment. To the extent that Apple may be requesting a stay of injunctive relief in the United States' and Plaintiff States' recently tried action ("law enforcement action"), Plaintiffs in the law enforcement action write to state their opposition to any such request.

      A stay pending appeal is "extraordinary" relief. *Shays v. Fed. Election Comm'n*, 340 F. Supp. 2d 39, 41 (D.D.C. 2004). Thus, to justify a stay pending appeal, Apple must meet a "high standard." *Motorola Credit Corp. v. Uzan*, 275 F. Supp. 2d 519, 520 (S.D.N.Y. 2003). Specifically, Apple must first make "a *strong* showing that [it] is likely to succeed on the merits." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (emphasis added). The other three relevant factors are:

> (1) whether the applicant will be irreparably injured absent a stay; (2) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (3) where the public interest lies.

*Id.* (noting factors regulating issuance of stay generally the same in district courts and courts of appeal); *see also SEC v. Citigroup Global Markets, Inc.*, 673 F.3d 158, 163 (2d Cir. 2012). Plainly, none of the arguments Apple sets forth are sufficient to meet this "high standard." *Uzan*, 275 F. Supp. 2d at 520.

      *First*, Apple falls well short of the requisite "strong showing" of success needed to justify a stay. In its scheduling proposal, Apple offers little to suggest that its appeal would be

The Honorable Denise L. Cote
August 5, 2013
Page 2

successful beyond conclusory statements that disagree with the factual findings and legal conclusions that this Court has already made. Apple admits as much in its briefing: "Apple has repeatedly briefed and argued these issues to this Court." Apple Scheduling Proposal at 5. Courts have repeatedly found that a mere rehash of what the losing party argued at trial "do[es] not constitute any kind of showing, let alone the requisite 'strong showing.'" *Uzan*, 275 F. Supp. 2d at 520. Apple also continues to argue that Plaintiffs' theory of antitrust liability—a vertical player organizing a horizontal price-fixing conspiracy aimed at consumers—is somehow "novel." Apple Scheduling Proposal at 4. In fact, Plaintiffs' theory of liability continues to rest on well established Supreme Court precedent dating back at least to the 1930s. *See, e.g., Interstate Circuit v. United States*, 306 U.S. 208 (1939).[1]

*Second*, Apple cannot show that it would be irreparably harmed absent a stay. None of the concerns Apple expresses about litigating the remaining issues in the damages action bear any force in this law enforcement action. The substantive issues in the law enforcement action have been decided, with only the terms of the permanent injunction itself to be decided. Thus, Apple's only conceivable harm is the costs of compliance with the terms of that judgment. But Apple may not cite the costs of complying with the final judgment as irreparable harm. "Irreparable harm 'means injury for which a monetary award cannot be adequate compensation.'" *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979)). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Id*. And costs incurred as a consequence of compliance with a court order do not constitute irreparable harm. *Graphic Commnc'ns Union v. Chicago Tribune Co.*, 779 F.2d 13, 15 (7th Cir. 1985)). Indeed, were the law to the contrary, every order entered by this Court "would be deemed to create irreparable harm, and it would be easy to get such orders stayed." *Id*. at 15.

The final two factors are interrelated and counsel against Apple being granted a stay in the law enforcement action. More than three-and-a half years after it entered into a price-fixing conspiracy with publishers, it is time for Apple to face the consequences for violating the antitrust laws. The United States and Plaintiff States are seeking "injunctive remedies on behalf of the general public." *United States v. Borden Co.*, 347 U.S. 514, 518 (1954). The public has a clear interest in ending Apple's harmful conduct and this is a factor weighing heavily against any delay Apple seeks. Failure to receive that relief in as expeditious a manner as possible allows for the possibility of continuing harm, both from the challenged conspiracy, as well as any other similar conduct that Apple may participate in.

We respectfully ask the Court to reject any attempt by Apple to stay injunctive relief in the law enforcement action.

---

[1] Apple's argument that it may succeed on appeal in convincing the Court to evaluate the conspiracy under the Rule of Reason rather than "per se" liability carries no weight. This Court evaluated the conspiracy under *both* per se and rule of reason theories of liability, and found Apple's conduct violated the antitrust laws either way. Apple provides no argument as to why the Court's detailed factual findings, upon which both the *per* se and rule of reason analyses rely, will be overturned under the deferential "clear error" standard of review. *See Bessemer Trust Co., N.A. v. Branin*, 675 F.3d 130, 135 (2d Cir. 2012).

The Honorable Denise L. Cote
August 5, 2013
Page 3

                                  Respectfully Submitted,

                                  /s/ Lawrence E. Buterman
                                Lawrence E. Buterman