# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

August 7, 2013

VIA ELECTRONIC MAIL

The Honorable Denise L. Cote
United States District Judge, Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *United States v. Apple, Inc.*, 12 Civ. 2826 (DLC); *State of Texas v. Penguin Group (USA), Inc.*, 12 Civ. 3394 (DLC); *In re Electronic Books Antitrust Litig.*, 11 MD 2293 (DLC)

Dear Judge Cote:

On behalf of Apple, we write in response to the August 5, 2013 letter submitted by the Department of Justice opposing Apple's request for a stay of further proceedings.

Apple's request for a stay in its August 2, 2013 scheduling proposal is addressed solely to further proceedings in the States' action and the putative class action. Apple has not yet requested a stay of an injunction that the Court has not issued. The basis for a stay of further proceedings is fundamentally different from the basis for staying the injunction, and the arguments set forth in the Department's August 5, 2013 letter are therefore premature.

Apple reserves its right under Fed. R. Civ. P. 62(c), and intends to, move for a stay of any injunction issued by the Court. *See* Local Civil Rules 6.1(b), 7.1, 11; Individual Practices in Civil Cases, § 3. As the Court knows, district courts, including in this District, have previously granted stays pending appeal in complex antitrust actions involving "substantial legal issues," even when the district judge was "fully confident" in the correctness of the underlying ruling. *United States v. Visa U.S.A., Inc.*, No. 98 Civ. 7076, Dkt. 247 at 1 (S.D.N.Y. Feb. 7, 2002) (staying injunction pending appeal); *see also United States v. Microsoft*, 97 F. Supp. 2d 59, 70 (D.D.C. 2000) (staying some provisions of injunction pending appeal).

# GIBSON DUNN

August 7, 2013
Page 2

If the Court orders an injunction, Apple requests that the Court set an expedited briefing schedule on Apple's motion for a stay. Apple also requests that the Court stay any injunction temporarily in order to allow for briefing, a hearing, and a decision on the stay request.

Respectfully submitted,

Orin Snyder