

**U.S. Department of Justice**

Antitrust Division

---

*Lawrence E. Buterman*
*Direct Dial: (202) 532-4575*
*Fax: (202) 616-8544*
*e-mail: lawrence.buterman@usdoj.gov*

*Liberty Square Building*
*450 5th Street, NW*
*Suite 4000*
*Washington, DC 20530*

August 8, 2013

The Honorable Denise L. Cote
United States District Judge, S.D.N.Y.
Daniel P. Moynihan U.S. Courthouse
New York, NY 10007-1312

    Re: United States v. Apple, Inc., et al., No. 12-cv-2826 (DLC)
       State of Texas v. Penguin Group (USA), Inc., No. 12-cv-3394 (DLC)

Dear Judge Cote:

  We write in response to the August 7, 2013 joint submission by the Publisher Defendants opposing Sections III.C and IV.A of Plaintiffs' Proposed Final Judgment.

  Plaintiffs' Proposed Final Judgment seeks to prohibit Apple—found liable for orchestrating a *per se* price fixing conspiracy in violation of Section 1 of the Sherman Act—from engaging in further conduct that harms competition; and seeks to restore retail price competition in the sale of e-books. The Proposed Final Judgment in no way seeks to modify Publisher Defendants' consent decrees or punish Publisher Defendants. Indeed, neither Section III.C nor IV.A requires the Publisher Defendants to take any action whatsoever. Rather, Section III.C requires that <u>Apple</u> not enter into an agreement with any Publisher Defendant that restricts <u>Apple's</u> ability to offer discounts, and Section IV.A requires that <u>Apple</u> terminate any Agency Agreement with a Publisher Defendant. These are requirements that the United States believes to be necessary to rid the e-book market of the effects of a successful, long-running price-fixing conspiracy, and to restore this market to competitive health.

  Ironically, the core of Publisher Defendants' argument that the Proposed Final Judgment punishes the Publisher Defendants and modifies their bargained-for settlements is virtually the identical argument that Apple made in opposing the first three Publisher Defendants' settlements with the United States. In Apple Inc.'s Memorandum of Law in Opposition to the United States' Motion for Entry of Final Judgment Against Defendants Hachette Book Group, Inc., HarperCollins Publishers, L.L.C., and Simon & Schuster, Inc. (Docket Entry 99) at 1, 2, Apple asserted that requiring the Publishers to terminate their agreements with Apple and limit the types of agreements the Publishers could renegotiate with Apple amounted to an attempt "to terminate and rewrite Apple's bargained-for contracts" and "penalize[] Apple in a manner that is inconsistent with the public interest and the law." This Court found those arguments to be

The Honorable Denise L. Cote
August 8, 2013
Page 2

without merit, noting that the settlements imposed no obligations on Apple, and that because the agreements could be terminated on 30 days' notice, any effect on Apple's contractual rights was *de minimus*. See Opinion and Order, dated Sept. 5, 2012 (Docket Entry 113) at 42, 43. The same holds true here: The Proposed Final Judgment imposes no obligation on the Publisher Defendants, and, given that we believe Apple can terminate its agreements with each Publisher Defendants on 30 days' notice,[1] any harm caused by Section IV.A's termination requirement is negligible at best.

Nor is this Court in any way limited in the relief it can order against Apple post-trial based on the settlements Plaintiffs entered into with the Publisher Defendants pre-trial. Plaintiffs are not aware of a single case that suggests the Court is so bounded in its authority, and notably, the Publisher Defendants do not provide any such precedent. Apple has been found to have orchestrated and facilitated a horizontal *per se* price fixing conspiracy—amongst these very Publisher Defendants. Apple should not be rewarded with the same terms received by those that chose to settle to avoid the risks of litigation.

While Plaintiffs recognize that the practical effect of Section III.C is that it extends the Publishers' "cooling off" period with the retailer with which it engaged in a price-fixing conspiracy for an additional three years, Plaintiffs believe such a limited extension is necessary. Of course, a necessary component of this Court's decision finding Apple liable for horizontal price-fixing is that the publishers themselves were engaged in a horizontal price-fixing conspiracy. As noted in Plaintiffs' Memorandum of Law in Support of Proposed Injunction (Docket Entry 329) at 6, there is reason to believe the Publisher Defendants may be positioning themselves to pick things back up where they left off as soon as their two-year clocks run. Indeed, the very fact that the Publisher Defendants have banded together once again, this time to jointly oppose two provisions in the Proposed Final Judgment that they believe could result in lower e-book prices for consumers, only highlights why it is necessary to ensure that Apple (and hopefully other retailers) can discount e-books and compete on retail price for as long as possible.

                                                            Respectfully Submitted,

                                                            /s/ Lawrence E. Buterman
                                                            Lawrence E. Buterman

---

[1] Plaintiffs' understanding is that Macmillan's contract with Apple is currently terminable by either party on 30 days' notice, and that, by September 14, the same will be true for Hachette, Simon & Schuster, and HarperCollins. We also understand that Penguin, following the establishment of its joint venture with Random House, may be in the process of renegotiating its contracts with e-book retailers.