```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
IN RE: ELECTRONIC BOOKS ANTITRUST         :   11 MD 2293 (DLC)
LITIGATION                                :
                                          :   Related to all
----------------------------------------- X   matters
                                          :
THE STATE OF TEXAS, et al.,               :
                                          :
                          Plaintiffs,     :   SCHEDULING ORDER
              -v-                         :
                                          :
PENQUIN GROUP (USA) INC., et al.,         :
                                          :   12 Civ. 3394 (DLC)
                          Defendants.     :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

　　As set forth at the conference held on August 9, 2013, the following schedule shall govern the further conduct of proceedings in these actions:

1. Parties shall provide notice to each other by **August 23, 2013** of all remaining fact discovery they wish to conduct.

2. Plaintiffs' identification of experts and disclosure of expert testimony conforming to the requirements of Rule 26(a)(2)(B), Fed. R. Civ. P., must occur by **October 11, 2013**. Defendant's identification of experts and disclosure of expert testimony must occur by **November 15, 2013**.

3. Expert discovery shall conclude by **December 13, 2013**.

4. The following motions will be served by the dates indicated below.

   Any motion for class certification:

   - Motion served by **October 11, 2013**.
   - Opposition served by **November 15, 2013**.
   - Reply served by **December 13, 2013**.

Any motion for summary judgment:

- Motion served by **January 24, 2014**.
- Opposition served by **February 14, 2014**.
- Reply served by **February 28, 2014**.

At the time any Reply is served the moving party shall supply two courtesy copies of all motion papers to Chambers by mail or delivery to the United States Courthouse, 500 Pearl Street, New York, New York.

5. The Joint Pretrial Order must be filed by **April 11, 2014**.

   As described in greater detail in this Court's Individual Practices in Civil Cases, the following documents must be filed with the Pretrial Order: Voir Dire, Requests to Charge and a Memorandum of Law addressing all questions of law expected to arise at trial. Any responsive papers are due one week thereafter. Counsel will provide the Court with two (2) courtesy copies of all pretrial documents at the time of filing.

   IT IS HEREBY ORDERED that the case is placed on the **May 2014** trial ready calendar. You must be ready to proceed on 24 hours notice. You may contact the Deputy Clerk, Gloria Rojas, to learn where your case stands on the calendar.

   IT IS FURTHER ORDERED that the following procedures shall govern the conduct of the trial.

1. All exhibits must be pre-marked.

2. At the start of the trial each party will present the Court with the following documents:

   (a) Three copies of a complete exhibit list.

   (b) A set of pre-marked exhibits assembled sequentially i) in a looseleaf binder, or ii) in separate manila folders labelled with the exhibit numbers and placed in a suitable container or box for ready reference.

   (c) The exhibits should include copies of the sections of any depositions that are intended to be offered into evidence, expert reports, and any charts or summaries of evidence.

3. Counsel should be available every day at 9:00 a.m. (except for the first day of trial) in order to discuss with the Court any legal or evidentiary issues expected to arise during the day.

4. Testimony will generally be taken between 9:30 and 5:00 from Monday through Thursday. There will be a mid-morning, a mid-afternoon and a lunch break from 12:45 p.m. to 2 p.m.

5. There should be no sidebars during jury trials. Counsel are expected to anticipate any problems that might require a ruling from the Court and to raise those issues with the Court in advance of the time that the jury will be hearing the evidence.

6. Unless counsel request otherwise prior to trial, depositions offered in lieu of live testimony will not be read to the jury. Counsel should make sufficient copies of those depositions or sections of depositions so that each juror has a complete set. If the volume of such transcripts warrants it, the transcripts should be placed in a binder. The jury will be given time to read the depositions at home, or if appropriate, in the courthouse.

7. If counsel intend to distribute copies of documentary exhibits to the jury, make a separate copy for each juror.

8. Counsel should make certain that they have custody of all original exhibits. The Court does not retain them and the Clerk is not responsible for them.

SO ORDERED:

Dated:   New York, New York
         August 13, 2013

_____
DENISE COTE
United States District Judge