

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

August 26, 2013

VIA ELECTRONIC MAIL

The Honorable Denise L. Cote
United States District Court, Southern District of New York

Re: *United States v. Apple Inc.*, 12 Civ. 2826; *Texas v. Penguin Group Inc.*, 12 Civ. 3394

Dear Judge Cote:

Pursuant to this Court's August 23 order, Apple submits the following two documents to assist the Court in evaluating the parties' proposals concerning an injunction:

*First*, attached as Exhibit A, is a red-lined version of Plaintiffs' Revised Injunction striking specific language to which Apple objects. The stricken language includes proposed provisions that are not supported by and go far beyond the Court's July 10 findings and the record and issues in this case and that would contradict the public interest and stifle competition and innovation.

*Second*, attached as Exhibit B, is a second red-line of Plaintiffs' Revised Injunction comparing it to Apple's Proposed Form of Judgment and Order Entering Permanent Injunction (Exhibit A to Apple's August 23 letter). This red-line includes alternative language that Apple wishes the Court to consider if it grants each of the plaintiffs' substantive requests, as well as other proposed modifications of language based on Apple's effort to respond to and implement the concerns and objectives expressed by the Court during the August 9 hearing, including the staggered negotiation requirement. As stated in its August 23 letter, Apple has attempted in good faith to listen carefully to the Court's concerns and objectives and address them in a forthright manner, even while it pursues what it believes to be strong arguments on appeal. Regarding some provisions proposed by plaintiffs, Apple has not proposed any alternative language for the Court to consider because no amount of editing can mitigate the impropriety of those provisions given the legal and factual record in this case and this Court's statements at the August 9 hearing, which plaintiffs have largely disregarded.

Apple will be prepared to discuss these versions line by line on Tuesday. Apple maintains its opposition and objects to plaintiffs' request for any injunction, including their Revised Injunction proposal. Apple hereby reserves all of its appellate rights regarding this Court's July 10 Opinion and Order, and any judgment and injunction the Court may order, and offers Exhibits A and B solely to assist the Court in evaluating the parties' proposals.

GIBSON DUNN

Respectfully submitted,

*Orin Snyder / cld*

Orin Snyder

cc: All Counsel