```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :        ORDER
                                         :
                    Plaintiff,           :
            -v-                          :
                                         :   12 Civ. 2826 (DLC)
APPLE INC., et al.,                      :
                                         :
                    Defendants.          :
                                         :
----------------------------------------X
                                         :
THE STATE OF TEXAS, et al.,              :
                                         :
                    Plaintiffs,          :   12 Civ. 3394 (DLC)
            -v-                          :
                                         :
PENGUIN GROUP (USA) INC., et al.,        :
                                         :
                    Defendants.          :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

On September 5, 2013, a permanent injunction was entered in these two actions ("Injunction"). Among other things, the Injunction created the position of an External Compliance Monitor ("Monitor") with the duties described in Section VI of the Injunction. The Injunction permitted Apple to object to any candidate for the Monitorship proposed by the Department of Justice and the Plaintiff States and required Apple to reimburse the candidates for reasonable expenses incurred by the candidates in connection with travel undertaken for interviews of the candidates by the United States and the Court. By an October 16 Order, the Court advised the parties that it had

interviewed the two candidates whose names had been submitted by the Department of Justice and the Plaintiff States, and had appointed Michael Bromwich as the Monitor, to be assisted by Bernard Nigro.

Since the issuance of the Order of October 16, neither Apple, the Monitor, nor the Department of Justice and Plaintiff States have informed the Court about the Monitor's fees, the work of the Monitor or of any problems associated with that work. There has been no ex parte communication between the Court and the Monitor or between the Court and any of the parties about these issues.

In an Order of November 20, the parties were asked to submit any objection by November 27 to amendments to the Injunction described in the November 20 Order. In a submission of November 27 Apple objects to that provision in the November 20 Order that would allow the Monitor to provide the Court with ex parte oral briefings about the monitorship. Apple having objected, the Court will not receive ex parte briefings or reports from the Monitor about his work.

Through its November 27 submission, Apple offers other objections as well. It objects to the Monitor's performance of his duties to date and to his fees. On September 5, the Court set forth specific procedures designed to resolve any concerns about the monitoring. The procedures are as follows: within

ten calendar days of any action giving rise to an objection, Apple was directed to write to the Department of Justice and Plaintiff States setting forth its objections.  See Injunction, Section VI.H.  The Court notes that Section VI.I. of the Injunction provides that the Monitor shall serve on such terms and conditions as the Department of Justice, after consultation with the Plaintiff States, approves.  The Monitor's compensation is to be on reasonable and customary terms.  Accordingly, it is hereby

ORDERED that there shall be no ex parte communication by the Monitor with the Court regarding the performance of his duties as Monitor.

IT IS FURTHER ORDERED that Apple shall follow the procedure created by Section VI.H. if it has any objections regarding the Monitor which it is unable to resolve through discussions with the Monitor.  To the extent it has any objections about the Monitor's fee structure, Apple shall use the procedure created by Section VI.H. to address that issue as well.

IT IS FURTHER ORDERED that, in the event that Apple's current objections are untimely and were submitted without first notifying the Department of Justice in writing of the objections, the Court will entertain these objections after Apple has consulted with the Department of Justice.  From this

date forward, however, Apple must follow the procedures specified in the Injunction.

IT IS FURTHER ORDERED that, in the event timely objection is made by Apple to the Department of Justice and the Plaintiff States, and the parties are unable to resolve the issue, any party may seek a conference with the Court through a letter no longer than two pages.  The Court will promptly schedule a conference to give all parties, and if appropriate the Monitor, an opportunity to be heard on the matter.

SO ORDERED:

Dated:   New York, New York
         December 2, 2013

_____
DENISE COTE
United States District Judge