```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                        Plaintiff,      :   12 Civ. 2826 (DLC)
            -v-                         :
                                        :
APPLE INC., et al.,                     :
                                        :
                        Defendants.     :   ORDER
                                        :
----------------------------------------X
                                        :
THE STATE OF TEXAS, et al.,             :
                                        :
                        Plaintiffs,     :   12 Civ. 3394 (DLC)
            -v-                         :
                                        :
PENGUIN GROUP (USA) INC., et al.,       :
                                        :
                        Defendants.     :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On September 5, 2013, a permanent injunction ("Injunction") was entered against Apple Inc. ("Apple") in these two actions. Among other things, the Injunction created the position of an External Compliance Monitor ("Monitor") with the duties described in Section VI of the Injunction. On September 30, the Department of Justice ("DOJ") and the Plaintiff States submitted the names of two candidates to serve as Monitor. After interviewing the candidates, the Court appointed Michael Bromwich as Monitor on October 16.

On November 21, the Court, pursuant to Federal Rule of Civil Procedure 53(b)(2), which provides that an "appointing

order . . . must state," inter alia, "the master's duties" and "the circumstances, if any, in which the master may communicate ex parte with the court or a party," issued a "Proposed Order." One of the proposals in the Order was that the Monitor could communicate ex parte with the parties, which means that Apple could communicate with the Monitor without DOJ or the Plaintiff States being present, and with the DOJ and the Plaintiff States without Apple being present.  The Order also proposed that the Monitor could give ex parte oral briefings to the Court.

On November 27, Apple filed an objection to the Proposed Order, and also raised a host of objections to the Monitor's conduct so far.  By Order of December 2, the Court indicated that it would not communicate ex parte with the Monitor in light of Apple's objection.  The Court reminded the parties to follow the procedure outlined in the September 5 Injunction by meeting and conferring regarding any disputes about the Monitor's performance before bringing the dispute to the Court.  None of the proposals in the Order of November 21 were enacted by the December 2 Order.

On December 13, Apple filed a motion ("December 13 Motion") by order to show cause for a stay of the Injunction pending appeal to the Second Circuit.  DOJ submitted a responsive letter that same day.

Also on December 13, the Court held a telephone conference on the record with Apple, DOJ, and the Plaintiff States present, in order to schedule briefing on Apple's Motion. In that conference, the Court reminded the parties that the Injunction had not been modified, and stated that the term ex parte, as used in the Court's proposal with respect to communications between the Monitor and Apple did not mean "un-counseled," but rather carried the ordinary meaning of "ex parte," i.e., that DOJ and/or the Plaintiff States need not be present during any communication between the Monitor and Apple, and that Apple need not be present for any communication between Monitor and DOJ and/or the Plaintiff States. Apple was given the opportunity to amend its motion in light of these statements. It declined to do so. Accordingly, it is hereby

ORDERED that DOJ and the Plaintiff States' opposition to Apple's December 13 Motion is due by **December 30, 2013**. Apple's reply, if any, is due by **January 7, 2014**.

IT IS FURTHER ORDERED that at the time any pleading is served, the party submitting the pleading shall supply Chambers with two (2) courtesy copies of all motion papers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York.

IT IS FURTHER ORDERED that a conference will be held in connection with Apple's December 13 Motion on **January 13, 2014** at **2:00 p.m.** in Courtroom 15B at 500 Pearl Street, New York, NY.

IT IS FURTHER ORDERED that Apple shall file its December 13 Motion in the public record.

IT IS FURTHER ORDERED that DOJ shall file its letter of December 13 in the public record.

SO ORDERED:

Dated:   New York, New York
         December 13, 2013

                                         _____
                                                 DENISE COTE
                                         United States District Judge