# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Theodore J. Boutrous Jr.
Direct: +1 213.229.7804
Fax: +1 213.229.6804
TBoutrous@gibsondunn.com

January 7, 2014

VIA ECF

The Honorable Denise Cote, United States District Judge
United States District Court for the Southern District of New York

Re:   *United States v. Apple Inc. et al.*, 12-cv-2826 (DLC);
      *State of Texas, et al. v. Penguin Group (USA) Inc., et al.*, 12-cv-3394 (DLC)

Dear Judge Cote:

In response to Apple's objections filed on November 27, 2013 (Dkt. 411), the Court's December 2, 2013 order directed Apple to raise any objections to the External Compliance Monitor ("ECM") through the procedures set forth in § VI.H of the Final Judgment. Apple had complied with those procedures before filing its objections,[1] and has, since the Court's order, further met and conferred with plaintiffs. However, the parties have not resolved Apple's objections, and Apple thus raises these objections again for resolution by the Court, as well as additional objections that have arisen since December 2.

*First*, the Court should disqualify Mr. Bromwich from serving as the ECM, because by filing a lengthy declaration testifying about disputed evidentiary facts in support of plaintiffs' opposition to Apple's motion for a stay (Dkt. 424), the ECM has made it clear that "his impartiality might reasonably be questioned" (28 U.S.C. § 455(a)), and that he "has a personal bias or prejudice concerning a party, [and] personal knowledge of disputed evidentiary facts concerning the proceeding" (*id.*, § 455(b)). *See also Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 878 (2009) (due process). His wholly inappropriate declaration in an adversarial proceeding is compounded by his conduct and the circumstances surrounding his appointment and activities, including his reliance on pre-appointment conversations with the Court and plaintiffs as grounds for expanding his mandate beyond the terms of the Final Judgment, his active collaboration with plaintiffs to broaden the scope of his mandate in this manner and oppose Apple's motion for stay, his financial demands, and his adversarial, inquisitorial, and prosecutorial communications and

---

[1] On October 31, Apple first served plaintiffs with a letter describing its objections to the timing and scope of interview and other informational requests by the ECM, as well as the financial terms of the ECM's engagement. *See* Richman Decl. (Jan. 7, 2014), Ex. A. Apple discussed these objections with plaintiffs during a teleconference on November 4 and, on November 27, provided plaintiffs with notice of its continuing objections to the ECM's conduct as outside the scope of the Final Judgment and in violation of Apple's rights. *Id.*, Ex. B. In addition, on December 6, Apple provided plaintiffs with further written notice of its objections to the ECM's fees, conduct, and appointment. *Id.*, Ex. C. The parties met and conferred, and on December 17, Apple proposed a detailed fee structure and further outlined its specific objections to the scope and timing of the ECM's work. *See id.*, Ex. D. On December 21, Apple wrote to plaintiffs further clarifying its objections and responding to plaintiffs. *Id.*, Ex. E. On January 3, Apple raised additional objections in light of the filing of a declaration by the ECM in support of plaintiffs' opposition to Apple's motion to stay. *Id.*, Ex. F.

January 7, 2014
Page 2

activities toward Apple since his appointment. *See* Ex. F. Moreover, Rule 53 allows appointment "only after: (A) the master files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455; and (B) if a ground is disclosed, the parties, with the court's approval, waive the disqualification." Fed. R. Civ. P. 53(b)(3). The ECM has filed no such affidavit. Accordingly, Mr. Bromwich must be disqualified from serving as the ECM in this matter. *See* Fed. R. Civ. P. 53(a)(2); Ex. C.

*Second*, and as explained in the attached materials and Apple's November 27 objections (Dkt. 411) and motion for stay of the injunction (Dkt. 417), the ECM has exceeded his authority under the Final Judgment by asserting non-judicial investigative powers that violate Rule 53 as well as the constitutional separation of powers. *See, e.g., Cobell v. Norton*, 334 F.3d 1128, 1142-43 (D.C. Cir. 2003). Viewing himself as unconstrained by the federal rules governing discovery and other matters, and acting like an independent prosecutor not a judge, he has repeatedly demanded interviews with Apple's senior executives and board members who have no role in the day-to-day operation of the business unit at issue or in the development of Apple's antitrust compliance policies and training programs, even well before the ECM's duties to review the policies and programs commenced on January 14. *See* Dkt. 374 § VI.C. His stated desire to monitor Apple's general antitrust compliance, "tone," and "culture" and, as he put it to the chair of Apple's Audit and Finance Committee, his request for Apple to "take down barriers" to his access so he can "crawl into [the] company," vastly exceeds the scope of the Final Judgment, which sharply delineates his role. The ECM has justified his interpretation of the scope of the Final Judgment based on his *ex parte* communications with the Court and plaintiffs before his appointment (*see* Dkt. 411 at 14-15; Dkt. 412-11 (Boutrous Decl., Ex. K); Dkt. 412-12 (Boutrous Decl., Ex. L)), to which Apple also objects.

*Third*, Apple objects to the ECM's direct contact with Apple personnel. *See* Ex. B; Dkt. 411 at 13-14, 16-17. Such conduct violates the Final Judgment's authorization of interviews with "counsel present" (Dkt. 374 § VI.G.1), and unjustifiably risks disclosure of privileged and confidential information. The Court has clarified that the Final Judgment gives the ECM no such authorization (Dkt. 416 at 3), but he continues to press for direct access to individuals without counsel present, including in his declaration.

*Fourth*, Apple objects to the ECM's excessive fee structure, which violates the terms of the Final Judgment, and to his personal financial interest in the proceedings, which violates Apple's due process rights. Apple is entitled to a disinterested prosecutor (*Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 814-15 (1987)); however, the ECM's proposed fee structure creates a personal financial interest in as broad and lengthy an investigation as possible. *See* Dkt. 411 at 20-22. The ECM's extraordinary fee demands aggravate this due process concern and violate the Final Judgment's requirement that the ECM's fees be "reasonable and customary." Dkt. 374 § VI.I; *see* Dkt. 411 at 22-24. Other than to emphasize his need to "generate profits," the ECM has refused to justify his fee structure as "reasonable" or "customary" by past billing practices in this area. *See id.* at 24.

GIBSON DUNN

January 7, 2014
Page 3

Sincerely,

Theodore J. Boutrous Jr.

Enclosures