UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                      )
UNITED STATES OF AMERICA,             )
                                      )
       Plaintiff,                     )
                                      )
          v.                         )   Civil Action No. 12-cv-2826 (DLC)
                                      )
APPLE, INC., *et al.*,                )
                                      )
       Defendants.                    )
_____)


_____
                                      )
THE STATE OF TEXAS, *et al.*,         )
                                      )
       Plaintiffs,                    )
                                      )
          v.                         )   Civil Action No. 12-cv-03394 (DLC)
                                      )
PENGUIN GROUP (USA) INC., *et al.*,   )
                                      )
       Defendants.                    )
_____)


**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO APPLE INC.'S MOTION
TO SHOW CAUSE FOR A STAY OF THE INJUNCTION PENDING APPEAL**

In accordance with the Court's January 8, 2014 endorsement, the United States of America and the Plaintiff States respectfully request that the Court accept this short sur-reply, which addresses new arguments raised in Apple's reply brief.

*   *   *

Apple now concedes that its "objections turn primarily on the way in which the injunction is being implemented, not the terms of the injunction as it was ordered." Reply Br. at 14. *See also id.* at 13 ("the nature of Apple's objections . . . concern the manner in which Mr. Bromwich is interpreting his duties under the injunction since it has been entered."). Apple thus is no longer claiming that it has properly raised, rather than waived, objections to Section VI itself. And Apple is not claiming—and cannot claim—that Section VI itself is causing it harm, much less irreparable harm. For purposes of its stay motion—because this Court has put in place procedures to address objections to the *implementation* of the Final Judgment—Apple's concessions on these points effectively end the inquiry. *See, e.g.*, *Wis. Gas Co. v. FERC*, 758 F.2d 669, 673-74 (D.C. Cir. 1985) (per curiam) (failure to show irreparable harm forecloses stay).

Apparently recognizing as much, Apple uses its reply brief to shift to its new primary position that Mr. Bromwich must "Be Removed As Monitor." Reply Br. at 2 (Heading I.A). Its principal argument is the same one it leads with in its January 7 letter to the Court explicitly moving that Mr. Bromwich be disqualified (ECF No. 425): that Mr. Bromwich's declaration correcting the factual record that Apple presented in conjunction with its initial stay motion (ECF Nos. 417-19) "prevent[s] him from legally and constitutionally serving as this Court's agent under Rule 53." Reply Br. at 1. Apple claims that Mr. Bromwich's declaration shows "that he 'has a personal bias or prejudice concerning a party, [and] personal knowledge of disputed

evidentiary facts concerning the proceeding.'" *Id.* at 4 (quoting 28 U.S.C. § 455(b)(1)) (alteration in Apple's brief).

Apple's argument is pure sophistry, offered without a bit of case law in support.[1] First, the "personal knowledge" that can require disqualification under 28 U.S.C. § 455 is *extrajudicial* knowledge, not the knowledge that a judge (or monitor) acquires through the process of attending to the actual matter at hand. *SEC v. Razmilovic*, __ F.3d __, 2013 WL 6172543, at *12 (2d Cir. Nov. 26, 2013). Second, for "a personal bias or prejudice concerning a party" to require disqualification under 28 U.S.C. § 455, it must either derive from an extrajudicial source or be "so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994). As the Supreme Court has explained:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions."

*Id.* at 550-51 (quoting *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943)).

There thus is no merit to Apple's claim that "Mr. Bromwich's declaration proves Apple's point" that he is subject to disqualification under 28 U.S.C. § 455. Reply Br. at 4. Mr. Bromwich's declaration merely conveys knowledge that he properly and necessarily

---

[1] The two "*cf.*" cites that Apple tenders do not help it. Reply Br. at 5. The facts of *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888 (8th Cir. 2009), provide a useful contrast to the evenhanded and respectful way Mr. Bromwich has sought to carry out his duties here. In that case, the district court, *inter alia*, "denied Plaintiffs a meaningful opportunity to respond following Defendants' lengthy presentation" and "misconstrued the language of its own discovery orders" to the plaintiffs' detriment, as well as "direct[ing] profanities at Plaintiffs or Plaintiffs' counsel over fifteen times." *Id.* at 904-05. And the district judge in *Chase Manhattan Bank v. Affiliated FM Insurance Co.*, 343 F.3d 120 (2d Cir. 2003), was required to disqualify himself because he owned stock in one of the litigants—a straightforward application of a "bright-line test" that is not implicated here. *Id.* at 128.

2

acquired in the course of attempting to carry out his monitoring responsibilities. While Apple may have preferred to have its own inaccurate and incomplete factual representations go unrebutted, Mr. Bromwich certainly did not open himself to disqualification simply by refusing, as an agent of the Court, to allow the Court to be misled in that way. Likewise, it is of no moment that Mr. Bromwich conveyed his findings in a declaration opposing a motion that primarily sought his removal, rather than in a Section VI.D report.

Apple's other merits arguments are primarily just remix versions of its initial stay motion, *see* Reply Br. at 5-15, and thus do not warrant further reply.[2] Apple's attempt, though, to expand *Cobell v. Norton*, 334 F.3d 1128 (D.C. Cir. 2003), beyond the separation of powers question actually at issue in that case—"the propriety of a federal court authorizing its agent to interfere with the affairs of another branch of the federal government," *id.* at 1142—is remarkable. Reply Br. at 11-12. Regardless of whether the *Cobell* court expressly "limit[ed] its separation of powers holding to executive agency defendants," *id.* at 11, that court's decision and analysis obviously were focused on answering the question whether the monitor appointed there would "interfere[] with the internal deliberations of a Department of the Government of the United States," 334 F.3d at 1140. Likewise, while *Ruiz v. Estelle*, 679 F.2d 1115, *amended in part*, *vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982), may be a "30-year old civil rights case," Reply Br. at 11 n.3, neither its vintage nor its subject matter changes the fact that it is the primary decision relied on by the *Cobell* court, 334 F.3d at 1142-43, or that the *Ruiz* monitor was properly granted "sweeping powers" including "unlimited access" to defendants' premises and records, and the power to conduct "confidential interviews" and require written reports, 679 F.2d at 1162.

---

[2] Mr. Bromwich's supplemental declaration should put to rest Apple's argument—which it waived in any event by not raising in a timely fashion—that he has not filed an affidavit required by Rule 53. Bromwich Supp. Decl. ¶ 1.

For the foregoing reasons, as well as those explained in our Opposition, Plaintiffs respectfully submit that this Court should deny Apple's application for a stay of Section VI of the injunction pending appeal.

Dated: January 10, 2014

Respectfully submitted,

_____
Mark W. Ryan
Lawrence E. Buterman
Daniel McCuaig
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
(202) 532-4753
Mark.W.Ryan@usdoj.gov

*On Behalf of the United States of America*

_____
Eric Lipman
Gabriel Gervey
David Ashton
Assistant Attorneys General
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711
(512) 463-1579
Eric.Lipman@texasattorneygeneral.gov

4

_(signature)_
W. Joseph Nielsen
Gary M. Becker
Assistant Attorneys General
Office of the Attorney General of Connecticut
55 Elm Street
Hartford, CT 06106
(860) 808-5040
Joseph.Nielsen@ct.gov

*On Behalf of the Plaintiff States*