# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Theodore J. Boutrous Jr.
Direct: +1 213.229.7804
Fax: +1 213.229.6804
TBoutrous@gibsondunn.com

Client: 03290-00038

February 20, 2014

VIA ELECTRONIC MAIL

The Honorable Denise L. Cote
United States District Judge
United States District Court for the Southern District of New York

Re: *United States v. Apple Inc.*, 12 Civ. 2826 (DLC), *Texas v. Penguin Group (USA) Inc.*, 12 Civ. 3394 (DLC)

Dear Judge Cote:

In his February 18, 2014 letter, the External Compliance Monitor, Michael Bromwich, proposed that the Court hold "periodic status conferences" with the parties and Mr. Bromwich's monitorship team, beginning the week of March 10. While Apple was preparing its letter objecting to Mr. Bromwich's request, the Court issued an order (1) denying the request for periodic status conferences; (2) requiring, *sua sponte,* Apple to produce documents to the monitor on or before February 26; and (3) referring monitorship issues to Magistrate Judge Dolinger. Dkt. 444 at 2; *see also* Dkt. 445. Apple addresses each of these issues in turn.

1. Apple agrees with the Court's ruling on Mr. Bromwich's request for periodic status conferences. Such conferences are unnecessary and inconsistent with both the Second Circuit's February 10, 2014 order (attached) and the Final Judgment. The Second Circuit denied Apple's stay motion, but it expressly conditioned its ruling on its interpretation of the Final Judgment that "narrowly" circumscribed the scope of Mr. Bromwich's powers and responsibilities as monitor. Order at 2. According to the Second Circuit, and based on the Department of Justice's concessions, the sole permissible purposes of the monitorship are to ensure "'that [Apple] ha[s] an anti-trust compliance program in place'" and that Apple's "'employees particularly, senior executives and board members are being instructed on what those compliance policies mean and how they work.'" *Id.* Thus, the Court held that the monitor's authority extended only to "assess[ing] the appropriateness of the compliance programs adopted by Apple and the means used to communicate those programs to its personnel." *Id.* Mr. Bromwich is "empowered to demand only documents relevant to his authorized responsibility … and to interview Apple directors, officers and employees only on subjects relevant to that responsibility." *Id.*

GIBSON DUNN

The Honorable Denise L. Cote
February 20, 2014
Page 2

In addition to adopting these "substantial restrictions" (2/4/14 Arg. Recording at 35:29-39), the court "t[ook] counsel's statement as a formal representation that appellees also accept that interpretation, and that the monitor will conduct his activities within the bounds of that order, absent further action by the district court or by the panel that will in due course hear the merits of the appeal." *Id.* The Second Circuit thereby rejected the broad mandate that Mr. Bromwich had claimed and that led to Apple's stay application.

Indeed, the Department of Justice's counsel could not have been clearer at oral argument in disclaiming the broad mandate Mr. Bromwich has at times asserted:

> Ms. Tessier: He simply has the power and authority to review and evaluate [Apple's] compliance policies.
> Judge Leval: But not to review and evaluate their compliance with their compliance policies?
> Ms. Tessier: No, I don't believe so.

2/4/14 Arg. Recording at 27:08-27:20. Accordingly, is clear that the monitor's tasks are very narrow and straightforward and should not require burdening the Court or the parties with periodic status conferences. To the extent the parties or monitor do need guidance from the Court, they can follow the procedures set forth in the Final Judgment and February 19 order, meeting and conferring and then writing to the Court to convene a telephonic hearing.

2.      The Court also ordered, *sua sponte*, that Apple produce all of "the documents the Monitor has requested" "no later than February 26." Dkt. 444 at 1. Apple intends to produce all non-privileged documents on or before February 26 that are both responsive to Mr. Bromwich's document requests, including those propounded in October, and consistent with the scope of his mandate as interpreted by the Second Circuit.

3.      Apple has no objections to referral of monitorship issues to Magistrate Judge Dolinger, but reserves all its prior objections concerning the monitorship and the monitor's activities, including those that are now on appeal.

Respectfully submitted,

*[signature]*

Theodore J. Boutrous Jr.

Enclosure