S.D.N.Y.
13-3741(L), 14-60, & 14-61
Cote, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand fourteen.

Present:
> Pierre N. Leval,
> Guido Calabresi,
> Gerard E. Lynch,
> > *Circuit Judges.*

United States of America,

> > *Appellee*,
> v.  13-3741(L),
>    14-60

Apple Inc.,

> > *Appellant*,

Texas, et al.,

> > *Appellee*,
> v.  14-61

Apple Inc.,

> > *Appellant*,

These appeals are considered in tandem for purposes of this order.

Appellant Apple, Inc., moves for a stay of the portion of the district court's order and judgment imposing an external compliance monitor.

During the argument, it became apparent that the parties differed considerably regarding the proper interpretation of the order as to the scope of the monitor's duties, particularly with respect to two questions: First, whether the monitor was empowered to demand access to any document, and to interview Apple executives with respect to any subject, without limitation, and without regard to the relevance of such documents or subjects to the specific purpose of the monitorship. Second, whether the monitor had the authority to investigate new violations of anti-trust laws (or, for that matter, any unlawful conduct), or if the order limited the monitor to determining whether Apple had instituted appropriate compliance programs and taken steps to ensure that those programs were effectively communicated to Apple's officers and employees.

Counsel for the government, also representing the state appellees for purposes of the argument, explicitly stated that the district court's order should be interpreted narrowly. According to the government, the injunction allowed the monitor to assess the appropriateness of the compliance programs adopted by Apple and the means used to communicate those programs to its personnel. As the government explained at oral argument, the injunction "ensur[es] not just that [Apple] ha[s] an anti-trust compliance program in place but [that Apple's] employees particularly, senior executives and board members are being instructed on what those compliance policies mean and how they work." The government conceded that the injunction would not allow the monitor to investigate whether such personnel were in fact complying with the antitrust or other laws.

Thus, according to appellees, the monitor was empowered to demand only documents relevant to his authorized responsibility as so defined, and to interview Apple directors, officers, and employees only on subjects relevant to that responsibility. We agree with that interpretation of the district court's order. In addition, we take counsel's statement as a formal representation that appellees also accept that interpretation, and that the monitor will conduct his activities within the bounds of that order, absent further action by the district court or by the panel that will in due course hear the merits of the appeal.

Upon due consideration, it is hereby ORDERED that the motion is DENIED because, on the above understanding of the order and judgment, Appellant Apple had not demonstrated that it is entitled to a stay pending appeal. *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk