



**U.S. Department of Justice**

Antitrust Division

---

Lawrence E. Buterman  
Direct Dial: (202) 532-4575  
Fax: (202) 616-8544  
e-mail: lawrence.buterman@usdoj.gov

Liberty Square Building  
450 5th Street, NW  
Suite 4000  
Washington, DC 20530

April 11, 2014



The Honorable Denise Cote  
United States District Judge, S.D.N.Y.  
Daniel P. Moynihan U.S. Courthouse  
500 Pearl Street  
New York, NY 10007-1312

    Re:    <u>United States v. Apple, Inc., et al.</u>, No. 12-cv-2826 (DLC)  
            <u>State of Texas v. Penguin Group (USA), Inc.</u>, No. 12-cv-3394 (DLC)

Dear Judge Cote:

      Pursuant to the Court's instructions, the parties in the above-entitled actions have conferred regarding whether the External Compliance Monitor's report should be made public, and present their respective positions below.

      The United States of America and the Plaintiff States believe that the Monitor's report should be made available to the general public. The First Amendment guarantees a presumptive right of public access to documents in civil proceedings, *see Newsday LLC v. Nassau*, 730 F.3d 156, 163-64 (2d Cir. 2013), which "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice," *U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The External Compliance Monitor here was appointed by the Court as part of its Final Judgment, and his report is an important component of the relief entered by the Court in these proceedings. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) ("the presumptive right to public observation is at is apogee when asserted with respect to documents relating to matters that directly affect an adjudication." (internal quotations and citation omitted)). Apple already has redacted the portions of the report that it deems confidential, and we are not aware of any justification that would warrant the extraordinary remedy of sealing the entirety of the report. The millions of members of the public that were affected by the underlying conduct at issue in these actions have the right to know precisely the extent to which Apple has, since trial, reformed its antitrust compliance procedures, policies and training. *See id.* ("the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness.").

      Apple's position is that the report should not be made public, for at least two reasons. First, keeping the report confidential will facilitate open and candid discussions between the

monitor and Apple personnel, which are exactly the types of exchanges that Mr. Bromwich has repeatedly stated are necessary. While Apple is committed to providing any and all information that is appropriate here, knowledge that any statements have the potential to become public will chill open dialogue between the monitor and relevant employees, consciously or unconsciously. Second, pursuant to the Court's direction that the parties execute "customary confidentiality agreements," Final Judgment Section VI.I, Apple has worked to provide the monitor with numerous non-public documents and witness statements subject to a non-disclosure agreement, and requested minimal redactions in the original version of the report shared with the plaintiffs. Mr. Bromwich's reports analyzing these materials are appropriate for the court's eyes only, and there is no benefit derived from making them public.

Respectfully Submitted,

/s/ Lawrence E. Buterman
Lawrence E. Buterman

CC:  Apple's Counsel
     Counsel for the Plaintiff States
     Michael Bromwich

*[Handwritten note:]* The Monitor shall publicly file the report in redacted form and provide the unredacted report to the Court with a copy indicating the material redacted at Apple's request. If the Court determines that additional passages in the report should be made public, the parties will have an opportunity to be heard first.

*Denise Cote*
*April 14, 2014*