```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                        Plaintiff,      :     12 Civ. 2826 (DLC)
            -v-                         :
                                        :
APPLE INC., et al.,                     :
                                        :
                        Defendants.     :     MEMORANDUM OPINION
                                        :          & ORDER
----------------------------------------X
                                        :
THE STATE OF TEXAS, et al.,             :
                                        :
                        Plaintiffs,     :
            -v-                         :     12 Civ. 3394 (DLC)
                                        :
PENQUIN GROUP (USA) INC., et al.,       :
                                        :
                        Defendants.     :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

At a trial in 2013, the Department of Justice ("DOJ") and thirty-three states (the "States") showed that Apple conspired with five book publishing companies to raise the retail price of e-books in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. United States v. Apple Inc., 952 F. Supp. 2d 638 (S.D.N.Y. 2013), aff'd, 791 F.3d 290 (2d Cir. 2015). On September 5, 2013, a permanent injunction was entered ("Injunction"). Among other things, the Injunction provided for the appointment of an External Compliance Monitor ("Monitor"). The Court appointed Michael Bromwich as the Monitor on October 16, 2013.

On October 5, 2015, the Monitor delivered his fourth report, noting that his appointment was scheduled to expire on October 16. An Order required the parties to confer and advise the Court by October 12 on whether the Monitorship should be extended. In their joint submission of October 12, which includes separate statements by the plaintiffs and by Apple, none of the parties takes the position that the Monitorship should be extended.

The Injunction has several components intended to reduce the risk that Apple will again violate U.S. antitrust laws. These include the creation of the position within Apple of an Antitrust Compliance Officer, the adoption of a comprehensive and effective annual training program on the antitrust laws, the performance of an annual antitrust compliance audit, and annual written reports to DOJ and the States on Apple's compliance with enumerated provisions of the Judgment.

The Injunction also included the appointment of a Monitor after Apple failed to avail itself of the opportunity to show that one was unnecessary. United States v. Apple Inc., 992 F. Supp. 2d 263, 268-69 (S.D.N.Y. 2014). Albeit narrower in scope and length than proposed by DOJ and the States, the Monitorship imposed significant obligations on Apple and the Monitor. Id. at 269. The Injunction required the Monitor to assess whether Apple's internal antitrust compliance policies and procedures

2

are reasonably designed to detect and prevent violations of the antitrust laws, and to make recommendations to improve Apple's policies, procedures and training for ensuring antitrust compliance. The Injunction required the Monitor to provide written reports to Apple, DOJ, the States and the Court at six-month intervals that set forth his assessment of Apple's efforts in this regard. Apple was required to assist the Monitor and not impede him from accomplishing his responsibilities.

The Monitor has submitted four reports, the most recent of which, as noted above, is dated October 5, 2015. These reports reflect the difficulties that the Monitor has encountered at each stage of his two-year appointment. As DOJ and the States noted in their October 12 letter, the Monitor has faced a challenging relationship with Apple. Despite that fact, the Monitor persevered and made numerous recommendations to Apple for the improvement of its antitrust compliance program. Apple has implemented the vast majority of those recommendations. In Apple's view, over the past two years it has developed and implemented an effective program. It substantially revised its antitrust and competition policy, distributed an interactive antitrust reference tool, created an antitrust compliance training program, and, most recently, engaged PricewaterhouseCoopers to evaluate its compliance program.

3

Apple promises that it will hold annual training sessions and conduct periodic antitrust risk assessments and audits.

Having reviewed the terms of the Injunction, the four Monitor reports, and the parties' October 12 submission, and being fully familiar with the record in this action, the Court concludes that the Monitor's term will not be extended. The Monitor has ably performed a significant public service in a difficult environment. Due to the Injunction and Monitorship, Apple has entirely revamped its antitrust compliance program. It is to be hoped that this program will benefit not only the American public but Apple as well. Id. at 290.

SO ORDERED:

Dated:   New York, New York
         October 13, 2015

_____
DENISE COTE
United States District Judge